JOHN S. LEONARDO
United States Attorney
District of Arizona

David A. Pimsner
Arizona State Bar No. 007480
Melissa B. Karlen
California State Bar No. 218101
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue Suite 1200
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: david.pimsner@usdoj.gov
Email: melissa.karlen@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-12-01263-PHX-NVW |
| Plaintiff, | **UNOPPOSED MOTION FOR A PROTECTIVE ORDER** |
| vs. | |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

The United States, by and through undersigned counsel, pursuant to Fed.R.Crim.P. 16(d), and in light of the sensitive but unclassified materials which will be disclosed in this case, moves the Court for a Protective Order as to a certain category of discovery labelled "For Official Use Only."  For the Court's convenience, a proposed Protective Order is attached.

Federal Rules of Criminal Procedure, Rule 16(d), provides that:

[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.

In the instant case, the United States has located potentially responsive discovery material from the Department of Defense (DoD), regarding DoD activity in Iraq during

the Iraq war which began in 2003 ("Sensitive Discovery Material").  According to DoD classification restrictions, the material is marked "For Official Use Only."  Because the Sensitive Discovery Material contains information related to DoD's procedures in processing and analyzing battlefield events, DoD assesses "For Official Use Only" information as not suitable for general public dissemination and any public use, including use at trial, will require prior coordination and authorization by the DoD.  The United States expects to provide additional sensitive materials related to the DoD to the defendant in the course of the instant case.  Accordingly, if the Court grants the present motion, those additional documents would also be subject to the Protective Order upon a written agreement by the parties.  The parties reserve, however, the right to file an appropriate motion with the Court in order to revise the proposed Protective Order.

Therefore, the United States requests that the Court issue a protective order which provides the following:

1.   The government shall provide defense counsel a copy of the Sensitive Discovery Material, bate-stamped 15,863-19,256.

2.   Defense counsel and his office staff ("defense team[1]") shall maintain these sensitive materials as follows:

a. As with all discovery produced in this case (e.g., FBI interview reports, laboratory analyses, etc.), the defense team and defendant shall use the Sensitive Discovery Material solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any other purpose.

b. Copies of the Sensitive Discovery Materials shall be maintained and secured by the defense counsel at the offices of the Federal Public Defender in locked rooms and on computers employing security measures, such as firewalls,

---

[1] "Defense team" includes counsel of record, associated attorneys, investigators, translators, secretarial, paralegal and clerical employees.

to prevent unintended outside access to the evidence. The sensitive materials shall not to be uploaded to public internet servers or public drop box websites.

c. A copy of this protective order shall be kept with the copies of the sensitive materials at all times. No person, including the defendant, shall have access to the sensitive materials until they have certified that they have read, understand, and agree to the terms of this Protective Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Stipulated Protective Order, by signing a copy of the attached "Acknowledgment of Stipulated Protective Order in United States v. Ahmed Alahmedalabdaloklah,, CR-12-01263-PHX-NVW." Once a person has executed an Acknowledgment, it shall not be necessary for that person to sign a separate Acknowledgment each time that person is subsequently given access to the discovery materials. Each signed acknowledgment shall be maintained by counsel for defendant.

d. The only people who may view the sensitive materials are the defense team, defendant, and any experts designated by the defense that would also be subject to this protective order and required to sign the Acknowledgment described above.

e. The procedures outlined above shall govern the experts' use, maintenance, disclosure, and safekeeping of the Sensitive Discovery Materials, except that the experts may maintain the sensitive materials at their offices, but only under the same secure conditions provided above.

3. Defense counsel, including any defense experts, shall keep an up to date list of all counsel, staff, experts, and agents who have accessed the Sensitive Discovery Material or had it described to them.

4. Defense counsel shall promptly notify the government and the Court if any Sensitive Discovery Materials are disclosed to anyone not designated by this Order or

further order of the Court, either intentionally or unintentionally.  Defendant and any defense experts shall promptly notify defense counsel of any such disclosures.

5.   No Sensitive Discovery Material may leave the geographic confines of the United States unless agreed to by the United States or authorized by the Court under terms and conditions ordered by the Court. No sensitive materials may be faxed, copied, photographed, sketched, excerpted, or reproduced in any other fashion outside the United States.

6.   Prior to publicly disclosing Sensitive Discovery Materials in this or related judicial proceedings, including motions, hearings, trial, or appeal the defendant and the United States, shall coordinate and receive authorization from the Department of Defense (DoD) for such public disclosure.  If such authorization is not provided, the parties may, under seal, seek appropriate relief through this Court.

Undersigned counsel has communicated with defense counsel, Gregory Bartolomei, as to this motion.  Mr. Bartolomei is not opposed to the issuing the Protective Order for sensitive materials as outlined herein.

Excludable delay under 18 U.S.C. § 3161(h) may occur as a result of this motion or of an Order based on this motion.

Respectfully submitted this 16th day of November, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

 *s/David A. Pimsner*
David A. Pimsner
Melissa Karlen
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on 16th day of November, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Gregory Bartolomei, Esq.
331 N. 1st Avenue, Suite 101
Phoenix, AZ, 85003

Elizabeth Kruschek, Esq.
Assistant Federal Public Defender
850 W. Adams, Suite 201
Phoenix, AZ 85007


 _s/Sherry Taylor_____
United States Attorney's Office

- 5 -