JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

GREGORY A. BARTOLOMEI, Bar No. 011803
JAMI JOHNSON, NY Bar No. 4823373
MOLLY A. KARLIN, Bar No.032902
ASHLEY E. SCOTT, Bar No. 033597
Assistant Federal Public Defenders
gregory_bartolemei@fd.org
jami_johnson@fd.org
molly_karlin@fd.org
ashley_scott@fd.org

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America,<br><br>              Plaintiff,<br><br>       vs.<br><br>Ahmed Alahmedalabdaloklah,<br><br>              Defendant. | CR-12-01263-PHX-NVW<br><br>**MOTION TO DISMISS SUPERSEDING INDICTMENT FOR LACK OF CONSTITUTIONAL JURISDICTION**<br><br>**(Oral Argument Requested)**<br><br>Assigned to the Hon. Neil V. Wake |
|---|---|

Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, Rule 12.1 of the Local Rules of Criminal Procedure, and the Due Process Clause of the Fifth Amendment to the United States Constitution, Defendant Ahmed Alahmedalabdaloklah, through undersigned counsel, respectfully moves this Court to dismiss the Superseding Indictment (Dkt. 13) with prejudice because the Government fails to allege a sufficient nexus between the prohibited activity and the United States, as required for the Court to exercise constitutional jurisdiction over Mr. Alahmedalabdaloklah.

This Motion is supported by the accompanying Memorandum of Points and Authorities, incorporated herein by reference.  Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this Motion or from an order based thereon.[1] LOCAL R. CRIM. P. 12.2(a).

Respectfully submitted:    May 22, 2017.

JON M. SANDS
Federal Public Defender

s/Molly A. Karlin
MOLLY A. KARLIN
Assistant Federal Public Defender

*Attorneys for Defendant*
*Ahmed Alahmedalabdaloklah*

---

[1] *But see Bloate v. United States*, 559 U.S. 196, 206 (2010) ("Subparagraph D . . . renders automatically excludable only the delay that occurs 'from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of,' the motion.") (quoting 18 U.S.C. § 3161(h)(1)(D)) (emphasis omitted).

MOT. TO DISMISS SUPERSEDING INDICTMENT FOR LACK OF CONST. JUR.                    ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ................................................................................................iv

PRELIMINARY STATEMENT ......................................................................................1

LEGAL STANDARD ......................................................................................................1

ARGUMENT....................................................................................................................2

CONCLUSION.................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Hanson v. Denckla*,
   357 U.S. 235 (1958)...............................................................................................3, 4

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)...............................................................................................2, 3

*United States v. Fitzgerald*,
   783 F.2d 1449 (9th Cir. 1986) ..............................................................................1

*United States v. Peel*,
   No. 14-CR-00106-GEB, 2014 WL 3057523 (E.D. Cal. July 7, 2014) ..............1

*United States v. Perlaza*,
   439 F.3d 1149 (9th Cir. 2006) .........................................................................2, 4

*United States v. Rubio*,
   No. 08-CR-297-LJO, 2017 WL 56651 (E.D. Cal. Jan. 4, 2017)........................1

*United States v. San Diego Gas & Elec. Co.*,
   No. 06-CR-0065-DMS, 2006 WL 3913457 (S.D. Cal. Nov. 21, 2006).............1

*United States v. Sidorenko*,
   102 F. Supp. 3d 1124 (N.D. Cal. 2015).............................................................2, 5

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014).......................................................................................3, 4

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).................................................................................................4

**Statutes and Rules**

FED. R. CRIM. P. 7(c)(1) ..............................................................................................1

# PRELIMINARY STATEMENT

The Due Process Clause forbids the exercise of jurisdiction over a defendant absent a nexus between his conduct and the United States.  Like the minimum contacts requirement of personal jurisdiction, this constitutional limit ensures that trial in this country is foreseeable and reasonable, and not arbitrary or fundamentally unfair.

In this case, the conduct for which the Government has charged Mr. Alahmedalabdaloklah took place only "in Iraq and elsewhere outside of the United States[.]"  Dkt. 13 ("Superseding Indictment").  Because the Government failed to allege a sufficient nexus between Mr. Alahmedalabdaloklah and the United States as to any count, all counts in the Superseding Indictment must be dismissed.

# LEGAL STANDARD

Pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  FED. R. CRIM. P. 7(c)(1).  The indictment "must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense." *United States v. San Diego Gas & Elec. Co.*, No. 06-CR-0065-DMS, 2006 WL 3913457, at *3 (S.D. Cal. Nov. 21, 2006) (quoting *United States v. Fitzgerald*, 783 F.2d 1449, 1452 (9th Cir. 1986)).

The four corners of the indictment bind the district court in ruling on a motion for failure to state an offense. *United States v. Rubio*, No. 08-CR-297-LJO, 2017 WL 56651, at *1 (E.D. Cal. Jan. 4, 2017).  Evidence cannot be considered; in short, "[t]he indictment either states an offense or it doesn't." *United States v. Peel*, No. 14-CR-00106-GEB, 2014 WL 3057523, at *3 (E.D. Cal. July 7, 2014) (citation omitted).

## **ARGUMENT**

To apply a criminal statute extraterritorially, the Government must demonstrate both statutory and constitutional jurisdiction. *United States v. Perlaza*, 439 F.3d 1149, 1168 (9th Cir. 2006).[2] For constitutional purposes, as a matter of due process,

> there must be a sufficient nexus between the defendant and the United States so that such an application of a domestic statute to the alleged conduct would not be arbitrary or fundamentally unfair. This requirement ensures that a United States court will assert jurisdiction only over a defendant who should reasonably anticipate being haled into court in this country.

*United States v. Sidorenko*, 102 F. Supp. 3d 1124, 1132 (N.D. Cal. 2015) (internal citations and quotation marks omitted). The Government bears the burden to show a nexus justifying the exercise of extraterritorial jurisdiction. *Perlaza*, 439 F.3d at 1160.

The nexus requirement thus "serves the same purpose as the 'minimum contacts' test in personal jurisdiction." *Id.* at 1168 (citation omitted); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (minimum contacts requirement ensures that exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice") (citation omitted). And, like the minimum contacts test, the nexus requirement in criminal prosecutions is a threshold question. *Perlaza*, 439 F.3d at 1168; *see Hanson v. Denckla*, 357 U.S.

---

[2] Mr. Alahmedalabdaloklah has already showed, in his Motion to Dismiss Counts Two, Three and Four for Failure to State an Offense Due to Lack of Extraterritorial Application (Statutory), filed on May 8, 2017 (Dkt. 180), that no *statutory* basis exists for the exercise of jurisdiction as to Counts 2, 3, and 4. Should the Court agree, it need not reach the constitutional question presented herein with respect to those counts.

235, 251 (1958) ("minimal contacts" are a "prerequisite to [a State's] exercise of power over [the defendant]") (citing *Int'l Shoe Co.*, 326 U.S. at 319).

The Supreme Court's well-established minimum contacts jurisprudence thus provides a useful starting point. In that context, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's *conduct* that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (emphasis added).

*Walden* is instructive. In that action, brought in Nevada, the plaintiff-respondent (a Nevada resident) alleged that the defendant-petitioner violated the Fourth Amendment by, *inter alia*, seizing petitioner's cash without probable cause, in Nevada. *Id.* at 1120. But "[i]t [was] undisputed that no part of *[defendant]'s* course of conduct occurred in Nevada. . . . [Defendant] never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." *Id.* at 1124. The fact that the plaintiff suffered foreseeable harm in Nevada was not the point: "when viewed through the proper lens—whether the *defendant's* actions connect him to the forum—*[defendant]* formed no jurisdictionally relevant contacts with Nevada." *Id.*

Nor was fact that the injury was suffered by a Nevada resident "a sufficient connection to the forum." *Id.* at 1125. The Court explained that "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*; *see also id.* at 1122 ("our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there").

As in *Walden*, the Government fails to establish a connection between Mr. Alahmedalabdaloklah's conduct and the United States. All activities alleged

MOT. TO DISMISS SUPERSEDING INDICTMENT FOR LACK OF CONST. JUR.    3

took place extraterritorially.  Indeed, it is undisputed that Mr. Alahmedalabdaloklah "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to" the United States.  *Id.* at 1124.  The Government alleges that he conspired with others (who were also abroad) to harm U.S. citizens (Counts 1, 5, and 6) and U.S. property (Count 2), but "mere injury to a forum resident is not a sufficient connection to the forum."  *Walden*, 134 S. Ct. at 1125.

Counts 3 and 4 bear no connection to the United States whatsoever. Conspiring to possess, or aiding and abetting the possession by others, of a destructive device on foreign soil, where the possession of such device may be lawful under local law, lacks any nexus to this country whatsoever.  Those counts are simply a forbidden effort to assert U.S. jurisdiction over foreign actors engaged in localized conduct.  *See, e.g.*, *Perlaza*, 439 F.3d at 1169 (vacating convictions and directing dismissal of indictment where defendants "were members of an indisputably foreign-flagged vessel").  Prosecution for these offenses in the United States is unforeseeable and encroaches on the rights of the foreign sovereign to make its own laws and to police its domestic actors.  *Cf. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293-94 (1980) (Due Process Clause protects State sovereignty interests, even though it "may sometimes act to divest the State of its power to render a valid judgment") (citing *Hanson*, 357 U.S. at 251).

The Government cannot prove a sufficient nexus as to Count 6 for two reasons.  *First*, as with Counts 1 and 5, the only alleged connection is mere desire to injure to a U.S. citizen.  Indeed, if Count 5 does not apply extraterritorially, then Count 6 does not either, because Count 6 is premised on Count 5.  *Second*, the assertion of extraterritorial jurisdiction for foreign actors who provide support to "terrorists" would sweep in so much conduct, by such a wide variety of actors (including individuals, corporations, and, indeed, foreign governments) that the

MOT. TO DISMISS SUPERSEDING INDICTMENT FOR LACK OF CONST. JUR.          4

exception would swallow the rule.  "If everything that had an impact on national security gave the United States the right to drag foreign individuals into court in this country, the minimum contacts requirement would be meaningless." *Sidorenko*, 102 F. Supp. 3d at 1133.

## **CONCLUSION**

For the foregoing reasons, Mr. Alahmedalabdaloklah respectfully requests that the Court dismiss the Superseding Indictment, or any or all counts therein, with prejudice.

Respectfully submitted:    May 22, 2017.

JON M. SANDS
Federal Public Defender

 *s/Molly A. Karlin*
MOLLY A. KARLIN
Assistant Federal Public Defender

*Attorneys for Defendant*
*Ahmed Alahmedalabdaloklah*

MOT. TO DISMISS SUPERSEDING INDICTMENT FOR LACK OF CONST. JUR.                5

Copy of the foregoing transmitted by ECF
for filing May 22, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 West Washington Street
Phoenix, Arizona 85003

DAVID PIMSNER
MELISSA KARLEN
JOSEPH N. KASTER
WILLIAM C. SOLOMON
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to Defendant:

MR. AHMED ALAHMEDALABDALOKLAH
USM #30021-408
CAFCC-WEST
PO Box 6300
Florence, Arizona 85132

*s/M. Karlin / ny*
M. Karlin / ny