JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

GREGORY A. BARTOLOMEI, #011803
JAMI JOHNSON, NY BAR # 4823373
MOLLY A. KARLIN, #032902
ASHLEY E. SCOTT, #033597
Assistant Federal Public Defenders
gregory_bartolomei@fd.org
jami_johnson@fd.org
molly_karlin@fd.org
ashley_scott@fd.org

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-12-01263-PHX-NVW |
|---|---|
| Plaintiff, | **MOTION TO SUPPRESS E-MAIL CONTENT AND DERIVATIVE EVIDENCE** |
| vs. | |
| Ahmed Alahmedalabdaloklah, | **(Oral Argument Requested)** |
| Defendant. | Assigned to the Hon. Neil V. Wake |

Pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, the Fourth Amendment to the U.S. Constitution, and Rule 12.1 of the Local Rules of Criminal Procedure, Defendant Ahmed Alahmedalabdaloklah, through undersigned counsel, respectfully moves this Court to suppress all e-mail content (including, but not limited to, all e-mails, attachments, "buddy lists," and private messages) produced by all third party Internet Service Providers ("ISPs") to the Government pursuant to a search warrant or based upon an order pursuant to 18 U.S.C. § 2703(d), and all evidence derived therefrom.

This Motion is supported by the accompanying Memorandum of Points and Authorities, incorporated herein by reference. Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this Motion or from an order based thereon.[1] LOCAL R. CRIM. P. 12.2(a).

Respectfully submitted:    May 22, 2017.

JON M. SANDS
Federal Public Defender

 s/Ashley E. Scott
ASHLEY E. SCOTT
Assistant Federal Public Defender

*Attorneys for Defendant*
*Ahmed Alahmedalabdaloklah*

---

[1] *But see Bloate v. United States*, 559 U.S. 196, 206 (2010) ("Subparagraph D . . . renders automatically excludable only the delay that occurs 'from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of,' the motion.") (quoting 18 U.S.C. § 3161(h)(1)(D)) (emphasis omitted).

DEF.'S MOT. TO SUPPRESS E-MAILS                                                    ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................iv

PRELIMINARY STATEMENT .............................................................................1

LEGAL STANDARD .............................................................................................4

ARGUMENT...........................................................................................................5

I.    THE SEARCH WARRANTS AND 2703(d) ORDERS ARE INVALID *AB INITIO*. ...............................................................................................5

II.   THE § 2703(d) ORDERS ARE FATALLY OVERBROAD. ......................6

III.  18 U.S.C. §§ 2703 AND 2705(b), WHICH PROVIDE EXCEPTIONS TO THE SCA'S NOTICE REQUIREMENT, VIOLATE THE FOURTH AMENDMENT FACIALLY AND AS APPLIED.......................................9

CONCLUSION......................................................................................................11

# TABLE OF AUTHORITIES

## Cases

*Clark v. Martinez*,
543 U.S. 371 (2005)..............................................................................................8

*Groh v. Ramirez*,
540 U.S. 551 (2004)..............................................................................................9

*In re Grand Jury Subpoena for: YRedacted@yahoo.com*,
79 F. Supp. 3d 1091 (N.D. Cal. 2015)................................................................12

*In re Grand Jury Subpoena*,
828 F.3d 1083 (9th Cir. 2016) ................................................................9, 10, 11

*In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*,
562 F. Supp. 2d 876 (S.D. Tex. 2008)................................................................12

*In re Search of Yahoo, Inc.*,
No. 07-3194-MB, 2007 WL 1539971 (D. Ariz. May 21, 2007)....................6, 7

*In re Search Warrant*,
No. 05-MC-168-Orl-31-JGG, 2005 WL 3844032 (M.D. Fla. Feb. 13, 2006)....6

*In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197, 206 (2d Cir. 2016) ...........................................2

*Mapp v. Ohio*,
367 U.S. 643 (1961)..............................................................................................5

*Microsoft v. U.S. Dep't of Justice*,
__ F. Supp. 3d __, 2017 WL 530353 (W.D. Wash. Feb. 8, 2017)..............12, 13

*Theofel v. Farey-Jones*,
359 F.3d 1066 (9th Cir. 2004) ..............................................................................8

*United States v. Abboud*,
438 F.3d 554 (6th Cir. 2006) ..............................................................................11

*United States v. Abrams*,
615 F.2d 541 (1st Cir. 1980)................................................................................11

*United States v. Barber*,
184 F. Supp. 3d 1013 (D. Kan. 2016)...............................................................6, 7

DEF.'S MOT. TO SUPPRESS E-MAILS                                                    iv

*United States v. Bridges*,
  344 F.3d 1010 (9th Cir. 2003) ...................................................................................9

*United States v. Calandra*,
  414 U.S. 338 (1974)....................................................................................................5

*United States v. Forrester*,
  512 F.3d 500 (9th Cir. 2008) .................................................................................10

*United States v. Freitas*,
  800 F.2d 1451 (9th Cir. 1986) ...............................................................................12

*United States v. Krueger*,
  809 F.3d 1109 (10th Cir. 2015) ...............................................................................7

*United States v. Master*,
  614 F.3d 236 (6th Cir. 2010) ...................................................................................7

*United States v. Warshak*,
  631 F.3d 266 (6th Cir. 2010) ...................................................................................8

*Weeks v. United States*,
  232 U.S. 383 (1914).....................................................................................................5

## **Statutes and Rules**

18 U.S.C. § 2703(a) .........................................................................................................2

18 U.S.C. § 2703(a) .........................................................................................................3

18 U.S.C. § 2703(b)(1)(A).............................................................................................2, 3

18 U.S.C. § 2703(b)(1)(B).................................................................................................2

18 U.S.C. § 2703(d)........................................................................................................2, 3

18 U.S.C. § 2705(a)(1)(A).................................................................................................3

18 U.S.C. § 2705(a)(2) ......................................................................................................3

18 U.S.C. § 2705(a)(4) ...................................................................................................3, 4

18 U.S.C. § 2705(a)(5) ......................................................................................................3

18 U.S.C. § 2705(b)...........................................................................................................4

18 U.S.C. § 2711(3)(A) .....................................................................................................3

18 U.S.C. § 2711(3)(A)(i) .................................................................................................5

18 U.S.C. § 2711(3)(A)(ii) ...............................................................................................6

FED. R. CRIM. P. 41(b) ................................................................................................5

U.S. CONST. amend. IV.................................................................................................4

## **Other Authorities**

H.R. REP. NO. 99-647 (1986)....................................................................................2, 9

Stephen Wm. Smith, *Gagged, Sealed & Delivered: Reforming ECPA's Secret Docket*, 6 HARV. L. & POL'Y REV. 313, 327 (2012) ..........................................13

### **PRELIMINARY STATEMENT**

The e-mail content produced by all third party ISPs to the Government should be suppressed, for three independent reasons.

*First*, the search warrants and orders issued pursuant to the § 2703 of the Stored Communications Act, 18 U.S.C. §§ 2701-2713 (the "SCA" or the "Act"), were invalid from their inception because the issuing courts—i.e., those in this District—lacked authority to issue them.  Only those courts "with jurisdiction over the offense under investigation" or in the district where the ISP is located or the e-mails are stored, is "of competent jurisdiction" under the SCA.  The charged offenses did not occur in this district, none of ISPs was located here, and none of the information sought was stored here.  The warrants and § 2703(d) orders are therefore void *ab initio*.

*Second*, the orders issued pursuant to the SCA were issued without regard to the seizure of evidence of a *particular crime*—and for time frames that far exceeded the period of criminal activity alleged within the applications themselves.  Such a lack of particularity renders the orders facially defective.

*Third*, because the interaction between §§ 2703 and 2705(b) often results in indefinite—and sometimes infinite delays in notice, the SCA violates the Fourth Amendment both facially and as applied.

The search warrants and orders are therefore invalid.  For any or all of these reasons, the e-mail content produced pursuant to the warrants and orders, and all evidence derived therefrom, must be suppressed.

### **FACTUAL BACKGROUND**

#### **A. The Stored Communications Act.**

"[T]he [Stored Communications Act ("SCA" or the "Act")] was enacted to extend to electronic records privacy protections analogous to those provided by the Fourth Amendment." *In re Warrant to Search a Certain E-Mail Account*

*Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197, 206 (2d Cir. 2016). "In regard to governmental access, Congress sought to ensure that the protections traditionally afforded by the Fourth Amendment extended to the electronic forum." *Id.* at 219 (citing H.R. REP. NO. 99-647, at 19 (1986)).

Under the SCA, the Government can compel an ISP to produce a third party's e-mail content through one of two methods pertinent here:

1. <u>Warrant</u>. The Government may obtain "a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . by a ***court of competent jurisdiction***." 18 U.S.C. § 2703(a); *accord* § 2703(b)(1)(A) (emphasis added). If it obtains a warrant, the Government may obtain e-mails stored for any period of time, and it need not provide any notice to the customer. *See* § 2703(a), (b)(1)(a); *In re Warrant to Search a Certain E-Mail Account*, 829 F.3d at 202 n.4.

2. <u>§ 2703(d) Order</u>. With respect to e-mail content stored more than 180 days, the Government may, in lieu of a warrant, "obtain[] a court order for such disclosure under subsection (d)[.]" § 2703(b)(1)(B). Section 2703(d) provides, in turn, that

> [a] court order for disclosure under subsection (b) . . . may be issued by any court that is a ***court of competent jurisdiction*** and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . .

§ 2703(d) (emphasis added).

Where the Government chooses to proceed by § 2703(d) order, it must provide "prior notice . . . to the subscriber or customer . . . ; except that delayed notice may be given" pursuant to § 2705. § 2703(b)(1)(B). To that end, § 2705 permits the Government to "include in the application a request . . . for an order

DEF.'S MOT. TO SUPPRESS E-MAILS                                                    2

delaying the notification required under section 2703(b) of this title for a period not to exceed ninety days," "which the court shall grant . . . if [it] determines that there is reason to believe that notification of the existence of the court order may have an adverse result . . . ," § 2705(a)(1)(A), such as "seriously jeopardizing an investigation . . . ." § 2705(a)(2). Extensions of the delay of notification may be granted—in further ninety-day increments—in accordance with certain procedures, set forth § 2705(b). § 2705(a)(4), (b). Otherwise,

> [u]pon expiration of the period of delay of notification . . . , the governmental entity shall serve upon, or deliver by registered or first-class mail to, the customer or subscriber a copy of the process or request together with notice that . . . states with reasonable specificity the nature of the law enforcement inquiry

and provides other specified information. § 2705(a)(5).

Regardless of whether the Government seeks a warrant or a § 2703(d) order, its application must be made to a "court of competent jurisdiction." § 2703(a); *accord* § 2703(b)(1)(A); § 2703(d). As relevant here, the SCA defines "court of competent jurisdiction" as:

> any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals that—
>
> (i)     has jurisdiction over the offense being investigated;
>
> (ii)    is in or for a district in which the provider of a wire or electronic communication service is located or in which the wire or electronic communications, records, or other information are stored . . . .

§ 2711(3)(A).

DEF.'S MOT. TO SUPPRESS E-MAILS                                              3

**B. The 2703(d) Orders and Search Warrants Issued In this Case.**

Between December 2009 and December 2010, the Government applied for ten § 2703(d) orders (Exhibits ("Exs.") 1-10) and one search warrant (Ex. 11), all pursuant to the SCA.  The majority of the applications sought court orders to compel production of subscriber account information, user connections logs, and the content of e-mails held in storage for at least 181 days, for numerous e-mail accounts.  The sought-after information was under the control of United States companies located outside of Arizona and was held on servers maintained by those companies, but the § 2703(d) applications and SCA search warrants did not identify the servers' geographic locations.  All of the § 2703(d) orders and SCA search warrants were sought in the District of Arizona, and for each § 2703(d) application, the magistrate judge granted the request in its entirety.  (Exs. 13-23.)

At the time of each initial § 2703(d) application, the Government requested that notice be delayed.  (Exs. 1-10.)  However, the Government sought 90-day renewal extensions for a portion of the e-mail accounts at issue, and, upon information and belief, failed to comply with the requirements for extending delay of notice set forth in § 2705(a)(4) and (b).  (Exs. 24-25.)  Ultimately the government failed to provide Mr. Alahmedalabdaloklah notice of any of the § 2703(d) orders until September 2014, when notice was provided to his newly-appointed attorney.  (Ex.26).

## LEGAL STANDARD

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  U.S. CONST. amend. IV.  Generally speaking, "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure."  *United States v. Calandra*, 414 U.S. 338, 347 (1974) (citing *Mapp v. Ohio*, 367 U.S. 643 (1961)) (in turn

DEF.'S MOT. TO SUPPRESS E-MAILS                                              4

citing *Weeks v. United States*, 232 U.S. 383 (1914)).  "This prohibition applies as well to the fruits of the illegally seized evidence."  *Id*. (citations omitted).

## **ARGUMENT**

### **I.    THE SEARCH WARRANTS AND 2703(d) ORDERS ARE INVALID *AB INITIO*.**

The courts in this District, which issued the warrants and § 2703 orders, lacked jurisdiction to do so because they were not "courts of competent jurisdiction," as defined by the SCA.  The warrants and orders were therefore invalid from their inception.

*First*, the courts in this district did not have "jurisdiction over the offense being investigated[.]"  18 U.S.C. § 2711(3)(A)(i); *see also* FED. R. CRIM. P. 41(b).  "Courts that have interpreted [this language] have held that Congress intended it to mean ***territorial*** jurisdiction over the offense—not general jurisdiction over all federal criminal offenses."  *United States v. Barber*, 184 F. Supp. 3d 1013, 1017-18 (D. Kan. 2016); *see, e.g.*, *In re Search of Yahoo, Inc.*, No. 07-CV-3194-MB, 2007 WL 1539971, at *3-5 (D. Ariz. May 21, 2007); *In re Search Warrant*, No. 05-MC-168-Orl-31-JGG, 2005 WL 3844032, at *5 (M.D. Fla. Feb. 13, 2006).  "Federal district courts have territorial jurisdiction over those crimes that occur in their district."  *In re Search of Yahoo*, 2007 WL 1539971, at *4.

It is undisputed that none of the offenses alleged in the Superseding Indictment occurred in this district.  (*See* Dkt. 13 (alleging that offenses were committed "in Iraq and elsewhere outside of the United States").)  The Government presented no evidence to the issuing courts suggesting otherwise.  Section 2711(3)(A)(i) thus does not provide a basis for the issuance of the warrants and orders.

Nor, *second*, were the issuing courts "of competent jurisdiction" under

§ 2711(3)(A)(ii).  None of the ISPs are located in this district, and the Government did not demonstrate in its applications that the e-mails it sought were stored here.  *See* § 2711(3)(A)(ii).  The Government ***could*** have sought orders and warrants in the districts where the ISPs were located, but it did not.

"[W]hen a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is void *ab initio*."  *United States v. Master*, 614 F.3d 236, 241 (6th Cir. 2010) (citation omitted)); *see also Barber*, 184 F. Supp. 3d at 1018 ("Courts have found that warrants issued without jurisdiction are void from their inception.").  "A warrant that is void from its inception is no warrant at all."  *Id.*; *see United States v. Krueger*, 809 F.3d 1109, 1124-25 (10th Cir. 2015) (Gorsuch, J., concurring) ("a warrant issued in defiance of positive law's restrictions on the territorial reach of the issuing authority will not qualify as a warrant for Fourth Amendment purposes").

The warrants and orders here are void *ab initio* because they were not issued by a "court of competent jurisdiction."  But "[t]he government may not compel a commercial ISP to turn over the contents of a subscriber's e-mails without first obtaining a warrant based on probable cause," *United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010), or an order pursuant to § 2703(d). Because the warrants and orders were invalid, the e-mail contents produced, and all evidence derived therefrom, must be suppressed.  *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (ISPs mistake in disclosing information pursuant to invalid subpoena did not validate the disclosure).

## II.    THE § 2703(d) ORDERS ARE FATALLY OVERBROAD.

Suppression is also required because the § 2703(d) orders are fatally overbroad in that they sought the entire contents of e-mail accounts, and thus were tantamount to forbidden general warrants.  The searches conduct pursuant to those § 2703(d) orders violated the Fourth Amendment, as the orders were

DEF.'S MOT. TO SUPPRESS E-MAILS                                                    6

invalid.

While § 2703(d) does not, by its terms, demand that the order state with particularity the items to be seized, the statute must, of course, comport with the requirements of the Fourth Amendment. *Clark v. Martinez*, 543 U.S. 371, 395 (2005) ("when faced with two plausible constructions of a statute—one constitutional and the other unconstitutional—[courts must] choose the constitutional reading.") For this reason, the same tailoring required of a warrant is also required of a subpoena *duces tecum. In re Grand Jury Subpoena*, 828 F.3d 1083, 1088 (9th Cir. 2016). Nor did Congress intend, in any case, for the SCA to provide the Government permission to trample on individual privacy rights with respect to e-mail—to the contrary, Congress intended the SCA to provide *additional* protection to that already provided by the Fourth Amendment. H.R. REP. NO. 99-647, at 22-23. Accordingly, the constitutional minima of the Fourth Amendment apply equally to an order issued pursuant to § 2703(d).

When it comes to particularity and overbreadth, those minima are well-established. "Search warrants . . . are fundamentally offensive to the underlying principles of the Fourth Amendment when they are so bountiful and expansive in their language that they constitute a virtual, all-encompassing dragnet of personal papers and property to be seized at the discretion of the State." *United States v. Bridges*, 344 F.3d 1010, 1016 (9th Cir. 2003). Accordingly, a warrant that fails to "limit the documents demanded to those within the scope of the government's legitimate concern" is "unreasonably overbroad—analogous, that is, to a general warrant, which constitutes an unreasonable search under the Fourth Amendment." *In re Grand Jury Subpoena*, 828 F.3d at 1088 (citing *Bridges*, 344 F.3d at 1016). Importantly, the limitation must appear on the face of the warrant itself—not just in the supporting documents. *Groh v. Ramirez*, 540 U.S. 551, 577 (2004) ("[t]he fact that the **application** adequately described the 'things to be seized' does not

DEF.'S MOT. TO SUPPRESS E-MAILS                                                    7

save the ***warrant*** from its facial invalidity.  The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents"); *see also In re Grand Jury Subpoena*, 828 F.3d at 1089 (non-exhaustive list attached to subpoena stating types of documents that might be captured did not narrow scope of subpoena because it did not limit subpoena to such material).

"Personal email can, and often does, contain all the information once found in the 'papers and effects' mentioned explicitly in the Fourth Amendment."  *In re Grand Jury Subpoena*, 828 F.3d at 1090.  Accordingly, the Fourth Amendment protects the contents of a personal e-mail account to the same extent it would an individual's physical mail.  *Id.* (citing *United States v. Forrester*, 512 F.3d 500, 511 (9th Cir. 2008)).  The same rules apply.

*In re Grand Jury Subpoena* illustrates the application of the particularity requirement in the context of cloud computing.  Conducting an investigation into misconduct by the former Government, a grand jury issued a subpoena to the State for "any and all email communications regarding" seventeen individuals, from January 2009 through February 2015, archived on the Governor's Gmail account, which he had used to conduct both personal and State business.  *Id.* at 1086-87.  There was "no subject matter limitation whatsoever on the documents sought."  *Id.* at 1089.  Indeed, the subpoena sought "*all* of the [Governor's] email communication over several years, with no limitation on the content, senders, or recipients of the e-mails."  *Id.* (emphasis added).  Because it was "not even minimally tailored to the government's investigatory goals," the subpoena was "unreasonable and invalid."  *Id.* at 1086.

The § 2703(d) orders in this case were equally deficient.  All ten of the orders compelled disclosure of "[t]he content of electronic communications . . . placed or stored in [the ISP's] computer systems in directories or files owned or controlled by the account [holder] identified [therein] . . . from January 1, 2005 to

[181 days from the date of the order issued]." (Exs. 1-10, "Attachment A.") Each order granted the Government access to between 4.5 years and 6 years of e-mail content for each of the accounts specified therein. (*Id.*) Not one of the orders was tailored to confine the seizure to "evidence of a *particular crime*." *See In re Grand Jury Subpoena*, 828 F.3d at 1088. Further, not one of the Government's applications contained facts justifying the disclosure of e-mail content as far back as January 1, 2005. *See United States v. Abboud*, 438 F.3d 554, 576 (6th Cir. 2006) (search warrant authorizing a search for six-year time frame was overly broad where criminal behavior only occurred for a three-month period); *United States v. Abrams*, 615 F.2d 541, 543 (1st Cir. 1980) ("[w]arrant fail[ed] to meet the requirement of particularity" where "[t]he officers' discretion was unfettered, there [was] no limitation as to time and [] no description as to what specific records [were] to be seized.").

The § 2703(d) orders were unreasonable and overbroad, in violation of the Fourth Amendment. For this reason, too, they are invalid. The evidence produced pursuant to the orders and the fruits thereof must be suppressed.

## III.   18 U.S.C. §§ 2703 AND 2705(b), WHICH PROVIDE EXCEPTIONS TO THE SCA'S NOTICE REQUIREMENT, VIOLATE THE FOURTH AMENDMENT FACIALLY AND AS APPLIED.

In the Ninth Circuit, "the absence of any notice requirement in [a] warrant casts strong doubt on its constitutional adequacy." *United States v. Freitas*, 800 F.2d 1451, 1456 (9th Cir. 1986). People have the right to know when the Government searches for and seizes their private papers. "[S]urreptitious searches and seizures of intangibles strike at the very heart of the interests protected by the Fourth Amendment." *Id*.

Applying this rule in the SCA context, the court in *Microsoft Corp. v. U.S. Department of Justice* noted that "[t]he interaction of [§§ 2703 and 2705(b)] means the government can access a customer's most sensitive information

DEF.'S MOT. TO SUPPRESS E-MAILS                                                                  9

without the customer having any way to learn about, or challenge, the government's intrusion." __ F. Supp. 3d __, 2017 WL 530353, at *18 (W.D. Wash. Feb. 8, 2017).  The court held that Microsoft stated a claim under the First Amendment,[2] *id.* at *7, but that it could "not bring a claim to vindicate its customers' Fourth Amendment rights," *id.* *18.

The court acknowledged "the difficult situation this doctrine creates for customers" whose e-mail accounts are searched without notice.  *Id.*  "Some of Microsoft's customer's will be practically unable to vindicate their own Fourth Amendment rights," *id.*—namely, "the law-abiding citizen[s] who [are] never charged with a crime and who never learn[], even after the fact, that [personal] e-mails and phone records have been obtained and reviewed by the government," for whom "[t]he suppression remedy is no consolation[.]"  (quoting Stephen Wm. Smith, *Gagged, Sealed & Delivered: Reforming ECPA's Secret Docket*, 6 HARV. L. & POL'Y REV. 313, 327 (2012)).

But at least the individual—like Mr. Alahmedalabdaloklah—"later charged with the crime under investigation . . . may collaterally attack the order via a motion to suppress under the Fourth Amendment . . . ."  *Gagged, Sealed & Delivered*, *supra*, at 327.  Although the majority of the warrants and orders were issued in 2010 and 2011—and although he was arrested on the Complaint in May 2011 and indicted in June 2012, Mr. Alahmedalabdaloklah was not provided notice until September 2014, after he was appointed counsel from the Federal Public Defender, and only for some e-mail accounts.  The total lack of notice given to Mr. Alahmedalabdaloklah with respect to most of the e-mail accounts, and the lack of notice as to others until September 2014, violated the Fourth

---

[2] *See also In re Grand Jury Subpoena for: YRedacted@yahoo.com*, 79 F. Supp. 3d 1091, 1095 (N.D. Cal. 2015); *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 878 (S.D. Tex. 2008).

DEF.'S MOT. TO SUPPRESS E-MAILS                                    10

Amendment.  Suppression is required.


# **CONCLUSION**

For any or all of the foregoing reasons, the Court should order the suppression of all e-mail content produced pursuant to a search warrant or a § 2703(d) order, and all evidence derived therefrom.


Respectfully submitted:   May 22, 2017.

JON M. SANDS
Federal Public Defender

 *s/Ashley E. Scott*
ASHLEY E. SCOTT
Assistant Federal Public Defender

*Attorneys for Defendant*
*Ahmed Alahmedalabdaloklah*

DEF.'S MOT. TO SUPPRESS E-MAILS                                                11

Copy of the foregoing transmitted by ECF
for filing May 22, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 West Washington Street
Phoenix, Arizona 85003

DAVID PIMSNER
MELISSA KARLEN
JOSEPH N. KASTER
WILLIAM C. SOLOMON
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to Defendant:

Mr. Ahmed Alahmedalabdaloklah
USM #30021-408
CAFCC-WEST
PO Box 6300
Florence, Arizona 85132

*s/ A. Scott / ny*
A. Scott / ny

DEF.'S MOT. TO SUPPRESS E-MAILS                                        12