# EXHIBIT 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENNIS K. BURKE
United States Attorney
District of Arizona

DAVID A. PIMSNER
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 007480
Telephone (602) 514-7500
david.pimsner@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

10-336MB

| IN RE APPLICATION AND CERTIFICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §§ 2703(d) (Hotmail and Live) | APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C.§ 2703(d) |
| --- | --- |
| | **(FILED UNDER SEAL)** |

David A. Pimsner, an Assistant United States Attorney for the District of Arizona, hereby files

under seal this ex parte Application for an Order pursuant to 18 U.S.C. section 2703(d) to require

Microsoft Network Hotmail (Hotmail) and Live (Live), an Internet service provider, which

functions as an electronic communications service provider and/or a remote computing service,

located at 1065 La Avenida SVC4/1120; Mountain View, CA 94043, to provide records and

other information pertaining to the following email addresses: wisamtex@hotmail.com and

rajaib1981@live.com. The records and other information requested are set forth as Attachment

A to the proposed Order submitted herewith. In support of this Application, the United States

asserts:

## LEGAL STANDARDS

1.      Investigation to date provides reasonable grounds to believe that Hotmail and Live has

records and other information pertaining to certain of its subscribers that are relevant and

material to an ongoing criminal investigation. Because Hotmail and Live functions as an electronic communications service provider (provides its subscribers access to electronic communication services, including e-mail and the Internet) and/or a remote computing service (provides computer facilities for the storage and processing of electronic communications), Title 18 U.S.C. section 2703 sets out particular requirements that the government must meet in order to obtain access to the records and other information it is seeking.

18 U.S.C. § 2703(c)(1) prescribes the procedure pursuant to which the United States may obtain records and other information pertaining to a subscriber of an electronic communications service or remote computing service. It states, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity– . . .
>
> (B) obtains a court order for such disclosure under subsection (d) of this section.

2.      Where, as here, the United States seeks (in addition to records and other information) the contents of electronic communications that the subscriber has left in electronic storage for more than 180 days,[1] it must comply with 18 U.S.C. § 2703(b)(1), which provides in pertinent part:

> A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection– . . .
>
> (B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity– . . .
>
>> (ii) obtains a court order for such disclosure under subsection (d) of this section;

---

[1] The United States does not seek the contents of communications in electronic storage that have been in electronic storage for less than 181 days, for which it would need a search warrant. See 18 U.S.C. § 2703(a). "Electronic storage" is a term of art, specifically defined in 18 U.S.C. § 2510(17) as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and any storage of such communication by an electronic communication service for purposes of backup protection of such communication."

2

1    except that delayed notice may be given pursuant to section 2705 of this title.

2

3    3.    Section 2703(d), in turn, provides in pertinent part:

4         A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

5

6

7

8

9

10   Accordingly, this Application sets forth the specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to the

11

12   ongoing criminal investigation.

13                     SPECIFIC & ARTICULABLE FACTS

14   4.    The Federal Bureau of Investigation ("FBI") is investigating Ahmad Al-Ahmad for a

15   violation of Title 18, United States Code, Section 2339B, Providing Material Support or

16   Resources to Designated Foreign Terrorist Organizations. Attachment B, which was provided

17   by the case agent, FBI Special Agent Dina McCarthy, contains specific and articulable facts

18   showing that there are reasonable grounds to believe that the records, other information, and the

19   contents of e-mails pertaining to the e-mail account designated wisamtex@hotmail.com and

20   rajaib1981@live.com are relevant and material to the ongoing criminal investigation.

21   5.    On December 31, 2009, The Honorable Michelle H. Burns, United States Magistrate

22   Judge, District of Arizona, signed an 18 U.S.C. Section 2703(d) Court Order, 09-655MB,

23   directing Hotmail and Live to provide transaction records and contents of email communications

24   older than 180 days for another website and/or customer account associated with Ahmad Al-

25   Ahmad. On February 3, 2010, The Honorable Edward C. Voss, United States Magistrate Judge,

26   District of Arizona, signed an 18 U.S.C. Section 2703(d) Court Order, 10-7546MB, directing

27   Hotmail and Live to provide transaction records and contents of email communications older

28                                      3

than 180 days for additional website and/or customer accounts associated with Ahmad Al-Ahmad. On April 21, 2010, The Honorable Edward C. Voss, United States Magistrate Judge, District of Arizona, signed an 18 U.S.C. Section 2703(d) Court Order, 10-7199MB, directing Hotmail and Live to provide transaction records and contents of email communications older than 180 days for additional website and/or customer account associated with Ahmad Al-Ahmad. Additionally, on May 3, 2010, Honorable Michelle H. Burns, United States Magistrate Judge, District of Arizona, signed an 18 U.S.C. Section 2703(d) Court Order, 10-199MB, directing Yahoo to provide transaction records and contents of email communications older than 180 days for additional website and/or customer account associated with Ahmad Al-Ahmad. Case Agent are currently conducting a review of emails provided by Hotmail and Live for information relevant to this investigation.

6.      Records of customer and subscriber information relating to this investigation that are available from Hotmail and Live will help government investigators to identify the individual(s) who are responsible for the events described and to determine the nature and scope of their activities. Accordingly, the government requests that Hotmail and Live be directed to produce all records described in Attachment A to the proposed Order. Part A of the Attachment requests the account name, address, telephone number, e-mail address, billing information, and other identifying information for wisamtex@hotmail.com and rajaib1981@live.com.

7.      Part B requests the production of wisamtex@Hotmail.com and rajaib1981@live.com "user connection logs" through the date of the Court's Order. The information should include the date and time of connection and disconnection, the method of connection to Hotmail and Live, the data transfer volume, and information related to successive connections to other systems.

8.      Part C requests the production of content of electronic communications (not in electronic storage) that were placed or stored in Hotmail and Live's computer systems in directories or files owned or controlled by the account identified in Part A for more than 180 days.

4

9.     The information requested should be readily accessible to Hotmail and Live by computer search, and its production should not prove to be burdensome.

10.    The United States requests that this Application and Order be sealed by the Court until such time as the Court directs otherwise. The United States further requests that pursuant to the preclusion of notice provisions of 18 U.S.C. § 2705(b), the Court order Hotmail and Live not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this Order for such period as the Court deems appropriate. The United States submits that such an order is justified because notification of the Order could seriously jeopardize the ongoing investigation. Such disclosure could give the subscriber an opportunity to destroy evidence, notify confederates, or flee from prosecution.

11.    The United States further requests, pursuant to the delayed notice provisions of 18 U.S.C. § 2705(a), an order delaying any notification to the subscriber or customer that may be required by § 2703(b) to obtain the contents of communications, for a period of 90 days. Providing prior notice to the subscriber or customer could seriously jeopardize the ongoing investigation, as such a disclosure would give the subscriber an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution.

//
//
//
//
//
//
//
//
//
//
//

5

1    WHEREFORE, the United States respectfully requests that the Court grant the attached Order,
2    (1) directing Hotmail and Live to provide the United States with the records, other information,
3    and content of electronic communications described in Attachment A; (2) directing that the
4    Application and Order be sealed; (3) directing that the notification by the United States
5    otherwise required under 18 U.S.C. § 2703(b) be delayed for ninety days; and (4) directing
6    Hotmail and Live not to disclose the existence or content of the Order, except to the extent
7    necessary to carry out the Order.

8         Dated this 28th day of June, 2010.

9
10                              DENNIS K. BURKE
                                United States Attorney
11                              District of Arizona

12
13                              DAVID A. PIMSNER
                                Assistant U.S. Attorney
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                    6

# ATTACHMENT A

You are to provide the following information, if available, as data files on CD-ROM or other electronic media or by facsimile:

A. The following customer or subscriber account information for each account registered to or associated with the following email addresses: wisamtex@hotmail.com and rajaib1981@live.com for the time period January 1, 2005 to the date of this order:

    1. name(s) and e-mail address;
    2. address(es);
    3. records of session times and durations;
    4. length of service (including start date) and types of service utilized;
    5. telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address;
    6. the means and source of payment for such service (including any credit card or bank account number); and
    7. The Internet Protocol address used by the subscriber to register the account or otherwise initiate service.

B. User connection logs for the account(s) and time period in Part A, including:
    1. connection time and date;
    2. disconnect time and date;
    3. method of connection to system (e.g., SLIP, PPP, Shell);
    4. data transfer volume (e.g., bytes);
    5. The IP address that was used when the user connected to the service.
    6. connection information for other systems to which user connected, including:
        a. connection destination;
        b. connection time and date;
        c. disconnect time and date;
        d. method of connection to system (e.g., telnet, ftp, http);
        e. data transfer volume (e.g., bytes);
        f. any other relevant routing information.

    7. Source or destination of any electronic mail messages sent from or received by the account, and the date, time, and length of the message; and
    8. Any address to which electronic mail was or is to be forwarded from the account or e-mail address.

C. The content of electronic communications (not in electronic storage) that were placed or stored in Hotmail and Live's computer systems in directories or files owned or controlled by the account identified in Part A above, from January 1, 2005 to December 29, 2009.

## ATTACHMENT B

1.     Dina McCarthy, who is a Special Agent with the Federal Bureau of Investigation (FBI) for approximately nine years and with the Joint Terrorism Task Force (JTTF) for seven years, is conducting an investigation of Ahmad Ibrahim Al-Ahmad for violating 18 U.S.C. Section 2339B (Providing Material Support or Resources to Designated Foreign Terrorist Organizations).

2.     Ahmad Al-Ahmad is a Syrian national, who has been known to use several monikers to include, but not limited to Nore Nahe and Ahmed Ebrahim Alahmed Alabdaloklh.  On August 30, 2006, Coalition Forces raided Ahmad Ibrahim Al-Ahmad's residence at 50 Omar Street, Baghdad, Iraq.  Al-Ahmad is believed to be a Syrian bomb-maker.  Al-Ahmad escaped or traveled to Syria shortly before the raid, leaving behind numerous Improvised Explosive Device (IED) related construction materials, test equipment, schematics and other items relating to IED construction including microchips manufactured in Arizona.

3.     An assessment of some of the documents recovered by Coalition Forces concluded that the documents were Al-Ahmad's file copies and  linked Al-Ahmad (using his moniker Nore Nahe) to an Asian company, Wenshing Electronics located in Taipei, Taiwan.  It is believed that Wenshing Electronics is an unwitting company, which was negotiating the sale of electronic components with Al-Ahmad which could be used in IEDs.  Among documents recovered were copies of emails between Al-Ahmad and the Wenshing Electronics from August 2005, which displayed Al-Ahmad's email address, ahmsah1977@yahoo.com.

1

Pursuant to the emails, Al-Ahmad was attempting to acquire a Wenshing model TRW-400 transmitter/receiver through SES Lebanon to be sent to "my address in Baghdad," which was Al-Ahmad's Bagdad residence where the IED components were located. The Wenshing model TRW-400 transmitter/receiver has a range of more than one kilometer and can be used in the remote detonation of IEDs.

4.     An assessment by the U.S. Intelligence Community determined numerous documents found at Al-Ahmad's residence clearly indicated that Al-Ahmad was interested in improving the functionality of his IED designs by incorporating innovative technologies and advanced electronic components. Some examples are:

- Technical specifications for the TRW-400 transmitter/receiver, while this device has not been found in IEDs in Iraq, similar devices operating at the same frequency have been used in IED circuits in Iraq since June, 2005.

-Technical notes on DTMF (dual-tone multiple-frequency) technology used in touch-tone telephones. This technology was introduced in Iraqi IEDs in November, 2005. Al-Ahmad built DTMF circuits at his residence on Omar Street, which were some of the first of this type of device employed in IEDs in Iraq.

-Schematics and technical notes on an IED design incorporating the Microchip PIC16F84A and a DTMF decoder chip were found, which is typical of many IED circuits employed in Iraq.

-Technical specifications of the Princeton Technologies PT2262 and PT2272 remote

2

control devices. These components were used in IEDs as a precursor to the Microchip PIC16F84A.

5.      Also found in the IED Cache were documents linking Al-Ahmad to the Beirut, Lebanon company SES Lebanon, aka Serpico. The owner of SES Lebanon is Norayr Elmayan. Elmayan, a United States citizen, is being investigated for selling U.S. manufactured parts to embargoed countries in violation of IEEPA. More importantly, it is known that electronics purchased by Elmayan have been sent to Iraq and found during subsequent searches of other bomb-makers residences in Iraq. Additionally, these parts are commonly used components in IED construction. There were several documents found at Al-Ahmad's residence naming SES Lebanon as Wenshing's agent in Lebanon, who would help facilitate sales. Also found was an undated letter to Al-Ahmad from Elmayan, a principal of SES Lebanon. In the letter, Elmayan stated he was arranging shipment from an unidentified company in Hong Kong (which is believed to be Yeraz or Biznest, both owned by Elmayan), "shipping by your account to Baghdad direct. Signed Newman"

6.      Al-Ahmad was using his Yahoo account, ahmsah1977@yahoo.com, to communicate with Wenshing. It is believed that Al-Ahmad has continued to use this account to communicate with other companies who sell electronic parts which could be used in bomb-making materials.

7.      Since August 2006, agents determined that Al-Ahmad operates businesses in Asia, selling international telephone services to users of Voice Over Internet Protocol (VoIP)

U.S. v. AIA 000628

telephones.

8.    According to open source information, the websites for Al-Ahmad's companies provide the following email addresses for Al-Ahmad as ahmed.voip@yahoo.com, ahmed.voip@hotmail.com and ahmedvoip@ahmedgroup.biz (an email address linked to one of his business domains). These email accounts appear to be fronts for the URL www.just4voip.com.

9.    When the site ahmedgroup.biz was searched, the website redirected to the just4voip site.    A subsequent internet search to determine the registrant for just4voip and ahmedgroup.biz identified Beverly Gong, email address beverlygong@yahoo.com as the registrant.

10.    Additionally, a Federal Grand Jury subpoena was issued to Yahoo! requesting subscriber information for ahmed.voip@yahoo.com. In the subscriber information, a second email address, john_john2008812@yahoo.com was listed and linked to ahmed.voip@yahoo.com.

11.    Upon examination of several email accounts[1] obtained from prior 18 U.S.C. § 2703(d) court orders, Case Agents recently discovered two additional email addresses which are being used by Al-Ahmad. Specifically, the email addresses are gonghuarong@yahoo.com.cn and gonghuarong2008812@yahoo.com. In one particular email, Beverly Gong, Al-Ahmad's

---

[1] Specifically, john_john2008812@yahoo.com and beverlygong@yahoo.com.cn which were the subject of the Court's Order in 10-7546MB.

4

assistant in China, was experiencing difficulty in maintaining email contact with one of Al-Ahmad's business associates. In an attempt to remedy this, Gong provided the associate with three additional email addresses – the two aforementioned, as well as john_john2008812@yahoo.com, an active account known to be utilized by Al-Ahmad. Based on this and other similar email messages, Case Agents believe Al-Ahmad is using these additional email accounts to conduct business in China.

12.    Case Agents have discovered another email account which is being used by Al-Ahmad, samee_samee1981@yahoo.com. On April 22, 2008, Al-Ahmad received an email message on samee_samee1981@yahoo.com and sozan_sozan1981@yahoo.com from Wisam Mahdy Salih Al-Kubaysi, using email address wisamtex@yahoo.com. Agents believe that Wisam is living in the UAE. Wisam included an attachment, which was a signed contract defining the terms of their business in China. There were also numerous email messages which were sent to Al-Ahmad using both email addresses, samee_samee1981@yahoo.com and sozan_sozan1981@yahoo.com.    A subsequent grand jury subpoena was served on Yahoo, which requested the subscriber information for email account samee_samee1981@yahoo.com. According to Yahoo, the registration information provided by the email user of this account was "Mr. Samee Samee." However, because the name on the account is similar to sozan_sozan1981@yahoo.com and multiple email messages were sent to both accounts, Case Agents believe that Al-Ahmad is the user of sozan_sozan1981@yahoo.com.

5

U.S. v. AIA 000630

13.     Additionally, Case Agents have discovered a number of email addresses, which are in direct contact with Al-Ahmad. Some of these email accounts have been determined to be key associates of Al-Ahmad. Noted below are these identified accounts.

14.     It is believed that Wisam Mahdy Salih Al-Kubaysi (email address wisamtex@yahoo.com) was a key person who assisted Al-Ahmad in establishing his business in China. As mentioned above, Al-Ahmad received an email message from Wisam, which included a contract defining the terms of their business arrangements. From a previous 2703 (d) court order, Agents found that Al-Ahmad is in routine contact with Wisam. A subsequent grand jury subpoena was served on Yahoo, which requested the subscriber information for Wisam. According to Yahoo, the registration information provided by the email user of this account was the following:

email address: wisamtex@yahoo.com
name: Wisam Salih
alternate comms channel: wisamtex@hotmail.com

15.     On April 15, 2009 and June 15, 2009, Beverly Gong (Al-Ahmad's assistant), email address beverlygong@yahoo.com, sent email messages to sweed55@yahoo.com, and courtesy copied Al-Ahmad. The email messages notified him that his goods were sent to his Baghdad address. Case Agents believe the user of email address sweed55@yahoo.com is a key associate of Al-Ahmad. A grand jury subpoena was served on DHL to obtain shipping records, to determine the contents of the shipment. To date, this subpoena is still pending with DHL.

U.S. v. AIA 000631

16.     On October 12, 2008, Ahmad Ibrahim Al-Ahmad (john_john2008812@yahoo.com )sent an e-mail to "Dr. Mahdi" (m4d4_m4d4@yahoo.com) concerning an order for mobile phones. Three of the five types of mobile phone models listed in the message have been recovered in IED-related events in Iraq:

·     The Sheng Bao N98+ Spiderman mobile phone was recovered in six IED-related events that occurred in Iraq during the period December 2008 through January 2010.

·     The NKTEL C5000 mobile phone was recovered in an IED-related event that occurred in Iraq on May 1, 2009.

·     The NEC N880 mobile phone was recovered in an IED-related event that occurred in Iraq on October 15, 2009.

17.     On September 2, 2008, Ahmad Ibrahim Al-Ahmad (john_john2008812@yahoo.com) received an e-mail from "memo memo" (memo_memo1984@yahoo.com) which included a list of electronic components. Six of the nine components on the list are commonly used in IED circuits employed by insurgents in Iraq. Based on the quantities requested for the various components, up to 2,000 IED circuits could have been built. The component list also included "finger magnets." Case Agents believe that these may refer to magnets that are used to attach IED circuits to vehicles, a technique that has been used in assassination incidents in Iraq.

18.     It was discovered that Anas Wasill Ata'a is employed by Integrated Engineering Services (IES), a company based in Iraq. Wasill is one Al-Ahmad's frequent contacts from

7

IES. At Wasill's request, Al-Ahmad has purchased numerous products from China and sent them to IES in Iraq.

On February 3, 2009, Anas Wasill Ata'a, email address, anaswasill@googlemail.com, sent an email to Al-Ahmad at two of his email accounts (ibrahim@securitysystems2008.com and john_john2008812@yahoo.com) instructing him to send $125USD to the attached account and reply with a bank receipt. The attached account information was for a payment to Shenzhen Xinjiaye Electronics Technology. Wasill has two domestic based email accounts: anaswasill@googlemail.com and anaswasill@yahoo.com.

19. Ahmad Ibrahim Al-Ahmad sent three e-mail messages to the address dhari_jamal@yahoo.com. This address is known to belong to Jamal al-Dhari, who Case Agents believe is the nephew of Muthana Harith al-Dhari, leader of the 1920th Revolutionary Brigade. The 1920th Revolutionary Brigade is an Iraqi group associated with al-Qai'da in Iraq. Muthana Harith al-Dhari was recently designated by the U.S. Department of Treasury for providing financial, material, or technological support to al-Qai'da in Iraq (Executive Order 13224).

On December 19, 2008, Al-Ahmad sent Jamal al-Dhari a message containing a list of four magnets with their dimensions. A quantity of 150 was listed for each magnet, and Al-Ahmad stated, "This material is ready for shipping only by sea." Based on the dimensions included in the message, two of the magnets listed by Al-Ahmad are similar to magnets recovered from IED attacks in Iraq. Iraqi insurgents are known to glue magnets to IED

8

initiation systems, which makes it possible to easily attach the devices to vehicles.

20.   On February 2, 2009, Ahmad Ibrahim Al-Ahmad (john_john2008812@yahoo.com) sent an e-mail message with the subject "Shipment List" to Hasan al-Ani (hasan_j79@yahoo.com ).  A table of items found in that message included a wireless transmitting unit, wireless receiving unit, and electronic boards.  These items are consistent with IED components and Case Agents believe that these items may have been intended for use in radio-controlled IED devices.

21.   On June 4, 2009, Al-Ahmad sent an email to Khalil, who is believed to be Al-Ahmad's brother, at email address ibra_8601@yahoo.com.  Attached was an airway bill for computer equipment that Al-Ahmad sent Khalil.  The addressee's information was the following:

Ibraheem Khalil Alahmadalabdalaokla
Sanaa, Yemen
Telephone: 00967712061566 / 00967777156906

On March 2, 2009, Al-Ahmad sent his brother, Khalil, email address ibra_8601 an email (no text), which contained an attachment from Ningbo China Travel Service Group.  The attachment was a detailed travel itinerary within China (arrival date March 15, 2009 and departure date March 29, 2009).

22.   On June 15, 2009, Al-Ahmad (ahmed.voip@yahoo.com) sent an e-mail message to nadeh1993@yahoo.com.  The email message had an attachment which was a spreadsheet titled "Commercial Invoicement."  The spreadsheet listed the name "Mr. Abu-Moon."  The

9

spreadsheet contained a list of line items, which appear to track purchases and monies received. The description of the items are not specific; however, many of the items could be used to construct IEDs, such as "magnets," "switch," and "wire." Additionally, one of the line items stated, "Pay DHL to send to Iraq."

23.     After reviewing email from a recent 2703(d) court order, Case Agents found email messages regarding the establishment of a new company operated by Al-Ahmad. The name of the company was Al-Qimataj and it sells computer accessories. On May 10, 2009, Al-Ahmad sent an email to Beverly Gong, directing her to use the attached letter of authority to register the company Al-Qimataj in the People's Republic of China. The letter stated that it gave Mr. Ahmed Ebrahim Alahmed Alabdaloklh (an alias used by Al-Ahmad) authority to register the company in China and be the main contact in China. Based on this information, Case Agents believe that Al-Ahmad is the owner/operator of this company, and the email address of qimataj@yahoo.com is company-based email address used by Al-Ahmad. A federal grand jury subpoena was issued to Yahoo for subscriber information. There records listed a "Mr. Qimataj" as the subscriber and provided an alternative email account of ahmed@qimataj.com. This account was opened on March 13, 2010.

24.     On March 17, 2009, Dr. Osama Khalafalla, email address yasmincom1964@gmail.com, sent an email to rajaib1981@live.com, which included an attachment for some items such as computer accessories and other items. This email was forwarded on the same date to john_john2008812@yahoo.com. In the email address header

10

of rajaib1981@live.com a nickname is listed as "john john". Finally, Al-Ahmad replies to Khalalafalla using his john_john2008812@yahoo.com email account, and the subject line (translated from Arabic to English) states, "this is my email address, Abu Ibrahim." Based on this Al-Ahmad's email exchange and the number "1981" used by Al-Ahmad in two other email accounts, Case Agents believe that this is another account used by Ahmad.

24. Based on the aforementioned facts, there are specific and articulable facts showing that there are reasonable grounds to believe that the records, other information, and the content of the electronic communications sought are relevant and material to an ongoing criminal investigation of Ahmad Ibrahim Al-Ahmad for violations of 18 U.S.C., Section 2339B. It is determined that other relevant email addresses used by Al-Ahmad and his close associates are:

samee_samee1981@yahoo.com

wisamtex@yahoo.com

wisamtex@hotmail.com

sweed55@yahoo.com

memo_memo1964@yahoo.com

m4d4_m4d4@yahoo.com

anaswasill@yahoo.com

anaswasill@googlemail.com

dhari_jamal@yahoo.com

11

hasan_j79@yahoo.com

ibra_8601@yahoo.com

nadeh1993@yahoo.com

qimataj@yahoo.com

ahmed@qimataj.com

rajaib1981@live.com

U.S. v. AIA 000637