IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Ahmed Alahmedalabdaloklah,<br><br>Defendant. | No. CR-12-01263-PHX-NVW<br><br>**ORDER** |

The Superseding Indictment (Doc. 13) charges Defendant with six crimes. They are: (1) conspiracy to use a weapon of mass destruction, (2) conspiracy to maliciously damage or destroy U.S. Government property by means of an explosive, (3) possession of a destructive device during a crime of violence and aiding and abetting, (4) conspiracy to possess a destructive device during a crime of violence, (5) conspiracy to commit extraterritorial murder of a United States national, and (6) providing material support to terrorists. Defendant is accused of having conspired, aided, and participated in terrorists attacks on United States uniformed service members in Iraq.

The Defendant and the United States have filed numerous motions that will require great effort to dispose of in a short time before the October 3, 2017 trial date. One such Motion is Defendant's Motion to Dismiss Superseding Indictment for Lack of Constitutional Jurisdiction. (Doc. 195.) The Court hesitates to deny a motion without awaiting a response, but this Motion needs no response. Waiting for one will needlessly delay the processing of this time-critical case.

Defendant's Motion to Dismiss contends that the United States violates Due Process of Law under the Fifth Amendment to the United States Constitution by prosecuting him for these acts allegedly occurring entirely in foreign countries, principally Iraq. Defendant offers no legal authority closely on point. Instead, he analogizes to American constitutional law principles limiting when courts of one state may assert civil adjudicatory jurisdiction over persons and conduct in other states and countries. Similar principles limit when courts of one state may assert criminal jurisdiction of persons and events occurring entirely outside their own territory. Defendant says the alleged extraterritorial acts, conspiracy, and aid in destroying federal property and murdering American soldiers does not have sufficient connection with the United States for Congress to assert criminal jurisdiction against him.

It bespeaks the lack of merit of this contention that Defendant has no case authority holding that a United States assertion of such jurisdiction is unconstitutional. Though it may not comport with the customs of nations or with actual treaties for a country to claim such jurisdiction, the Due Process Clause of the United States Constitution requires no such connection. If Due Process did require any connection, the murder of United States nationals and destruction of federal property abroad readily supply a sufficient nexus. While the defense may understandably want to turn over every stone, this stone requires no more looking. Whether Congress has by statute asserted such extraterritorial jurisdiction for all the crimes alleged here is a different question.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Superseding Indictment for Lack of Constitutional Jurisdiction (Doc. 195) is denied.

Dated: May 25, 2017.

_____
Honorable Neil V. Wake
Senior United States District Judge