1   ELIZABETH A. STRANGE
2   Acting United States Attorney
    District of Arizona
3   David A. Pimsner
    Melissa Karlen
4   Bill C. Solomon
    Arizona State Bar No. 007480
5   California State Bar No. 218101
    Arizona State Bar No. 020012
6   Assistant United States Attorneys
7   Two Renaissance Square
    40 North Central Avenue, Suite 1200
8   Phoenix, Arizona 85004
    Telephone: 602-514-7500
9   david.pimsner@usdoj.gov
    melissa.karlen@usdoj.gov
10  william.solomon@usdoj.gov
11  Attorneys for Plaintiff

12              IN THE UNITED STATES DISTRICT COURT
13              FOR THE DISTRICT OF ARIZONA

14  United States of America,                    CR-12-1263-PHX-NVW

                        Plaintiff,          **REVISED NOTICE OF INTENT TO**
15                                          **INTRODUCE EXPERT WITNESS**
16              vs.                                   **TESTIMONY**

17  Ahmed Alahmedalabdaloklah,
18                        Defendant.
19

20          Pursuant to the *Amended Joint Case Management Schedule* **[Doc. 174]** and Rule
21  16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States of America, by
22  and through undersigned counsel, hereby provides a revised notice that it intends to
23  introduce at trial expert evidence pursuant to Rules 702, 703 and 705 of the Federal Rules
24  of Evidence.
25          The United States incorporates the original Notice(s) of Experts filed in this case
26  **[Docs. 97, 103, 121, 141]** and provides additional information regarding potential expert
27  witnesses (who may testify in the government's case-in-chief or in rebuttal).  In support of
28  their testimony, the United States produced numerous reports that will be the subject of

1
2
expert testimony, as well as the curriculum vitae for each expert, under separate cover.

3
4
     **1.**   **Daniel Lien and Kelly Taliban, Physical Scientist/Forensic Examiners, Terrorist Explosive Device Analytical Center (TEDAC)/FBI Laboratory, Quantico, Virginia**

5
6
7
8
The United States intends to introduce factual and expert testimony from TEDAC/FBI Physical Scientists/Forensic Examiners, including Daniel Lien and Kelly Taliban, regarding the fingerprint examinations conducted in this case.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
As stated in the original expert notice **[Doc. 97]**, the United States intends to primarily introduce testimony though Mr. Lien and Ms. Taliban, regarding friction ridge print examinations (manual and computer assisted) conducted on documents, boards, switches, (IED) components, and other evidence involved in this case.  Their testimony will focus on the viability and persistence of latent prints on items of evidence.  They will also testify regarding the number of latent prints developed from the documents and other physical evidence in this case, the methods used to lift the latent prints (including, visual examination, Ninhydrin (NIN), laser and UV lights, reflective ultraviolet imaging system (RUVIS), (cyanoacrylate) super glue fuming (SGF), alternative black powder (ABP), and a chemical composition of fluorescent dyes called RAM (Rhodimine 6G, Ardrox and MBD) visualized with three wave lengths of light (Laser, UV, and 455)), and the suitability of those prints for the purposes of comparison against known fingerprint exemplars, including those taken from the defendant, co-conspirators and others.

26
27
28
Based upon their experience and training, they will opine that fingerprints recovered from evidence at the Omar Street Cache (including on an IED initiator) matched known

fingerprint exemplars of the Defendant.  They will identify these exact pieces of evidence, and opine to the number of Defendant's fingerprints identified at the Omar Street Cache. Their opinions and testimony are based upon and consistent with the reports and lab notes previously provided in discovery to defense.  The various laboratory technicians previously identified will testify about the processing of the evidence and will not offer expert opinions concerning the comparative analysis of the defendant's known prints and the latent prints recovered from Omar Street.

### 2.  Joseph P. Shramovich, III, and Hilda Graulau, Information Technology Specialists and Forensic Examiners

Joseph P. Shramovich, III, and Hilda Graulau, are Information Technology Specialists/ Forensic Examiners at the Federal Bureau of Investigation.  Mr. Shramovich and Ms. Graulau are currently assigned to the FBI's Phoenix Field Office.  Mr. Shramovich was the examiner who conducted the analysis on the imaged copy of the Ali Ways' hard drive obtained in this case. Ms. Graulau was the Certified Examiner who supervised Mr. Shramovich's analysis.  The United States intends to introduce factual and expert testimony based upon this witnesses' specialized and technical knowledge regarding the forensic analysis, review, and findings related to the hard drive.  Such specialized knowledge will assist the trier of fact to understand:  the condition of the imaged copy of the hard drive and the manner in which it was received; the location, type, and description of evidence recovered on the imaged copy; the process by which he forensically preserved and examined the imaged copy (to include, FTK Imager 3.4.2.6 and ADLab Version 6.0.3.5); the process by which he completed his forensic analysis; the system and program(s) used;

and evidence that was recovered or processed from the imaged copy of Ali Ways' hard drive.  He/She will also testify regarding the process used to verify that there were no alterations to original content of Ali Ways' imaged hard drive.  Based upon their training and specialized knowledge he/she will opine and authenticate that the content recovered off the imaged copy of the hard drive is a true and substantively unaltered version of that received by the FBI.  He/She will further authenticate documents and image files extracted from this imaged copy of Ali Way's hard drive.

His/her testimony will be consistent with any reports authored.  Their curriculum vitae(s) will be provided to defense counsel under separate cover.

### 3. Jeffrey Evans and Robert Meshinsky, Information Technology Specialists and Forensic Examiners

The United States incorporates the previous expert notices regarding Jeffrey Evans and Robert Meshinsky, Information Technology Specialists/ Forensic Examiners.  Messrs. Evans and Meshinsky were the forensic examiners who conducted the analysis on the computer/media storage device evidence obtained in this case and received, reviewed and processed the 2703(d) and email search warrants.  The United States intends to introduce factual and expert testimony based upon these witnesses' specialized and technical knowledge regarding the forensic analysis, review, and findings related to the 2703(d) and email search warrant content.  Such specialized knowledge will assist the trier of fact to understand: the systems and programs used to process the email search warrant and 2703(d) returns obtained in this case (including AccessData's Lab Product).  They will also testify regarding the process used to verify that there were no alterations to original content

received from email providers.  Based upon their training and specialized knowledge they will opine and authenticate that the 2703(d) and search warrant content processed at the FBI is a true and substantively unaltered version from what was provided by the email providers.

These two forensic examiners also received, preserved, reviewed and processed the Defendant's computer hard drive.  Therefore, as contained in the previous notice, the United States also intends to seek factual and expert testimony regarding the forensic analysis, review, and findings related to the hard drive.  Based upon their training and specialized knowledge they will opine and authenticate that the content recovered off the Defendant's hard drive is a true and substantively unaltered version of that received by the FBI from the Turkish Authorities.

Their testimony will be consistent with any reports authored.  Their curriculum vitae has been provided to defense counsel under separate cover.

**4.  Steve Malloy, TEDAC/FBI Laboratory**

The United States intends to introduce factual and expert testimony from TEDAC/FBI electrical engineer Steve Malloy.  Mr. Malloy will testify about the circuit analysis associated with IEDs, to include schematics, actual circuit boards, as well as components and associated pieces.  His testimony will cover general uses and functions of electronic components, parts and boards.   In addition, he will testify about the examinations, analyses, opinions, and observations related to specific items of evidence sent to TEDAC.  Mr. Malloy will also testify about comparisons (similarities and

1    differences) between various electronic devices, schematics and circuit boards provided to

2    TEDAC from locations throughout Iraq.

3

4        Based upon his experience and training, Mr. Malloy will opine that schematics and

5    parts lists in the Defendant's email accounts were consistent with IED submissions

6    analyzed by TEDAC. Mr. Malloy will also opine about the use and function of schematics

7    recovered in the content of Defendant's email messages. Mr. Malloy will also opine that

8    electronic components referenced in Defendant's emails were consistent with components

9    that were used to manufacture IED transmitters and receivers. Mr. Malloy will also opine

10   about the use and function of schematics recovered in the content of Defendant's email

11   messages. Mr. Malloy will also provide his expert opinion on certain documents recovered

12   in the Omar Street Cache, specifically but not limited to Q140. Specifically, he will opine

13   that the documents contain instructions on how to use remote control via mobile/wireless

14   telephones for detonating explosives. Mr. Malloy will also provide his expert opinion to

15   other items of evidence recovered at Omar Street Cache and their use in IED's, to include

16   but not limited to Q22. Mr. Malloy will further opine that boards and schematics recovered

17   at the Rabie Street Cache matched a schematic recovered in one of Defendant's emails. He

18   will also opine on the similarities between circuit boards recovered at the Omar Street

19   Cache –in terms of design, components, and functionality – and boards recovered from

20   other IED events. He will further opine on the use and purpose of the IED initiator

21   recovered at the Omar Street Cache which had defendant's fingerprint on it.

22        Mr. Malloy's testimony will be based upon, and consistent with, the TEDAC reports

provided in discovery and in reliance on his training and experience as an electrical engineer regarding the design and functionality of printed circuit boards. His testimony will be based upon his review of various TEDAC reports as well as his review of evidence recovered in Iraq.

### 5. Christopher Graham & Steve Luhowy, Combined Explosive Exploitation Cell (CEXC) Forensic Engineers

The United States intends to introduce factual and expert testimony from Christopher Graham and Steve Luhowy, electrical engineers who were stationed at the CEXC facility in Iraq. Their testimony will be focused on analysis associated with IEDs recovered in Iraq specifically between the years 2006 and 2009.

In addition to the previously noticed testimony, and based upon their scientific, and technical knowledge Messrs. Graham and Luhowy will testify to the lexicon used in the forensic analysis of IEDs in the field. They will further testify about, and demonstrate, the process of creating a circuit board. Mssrs. Graham and Luhowy will provide opinions about specific items located at the Omar Street Cache that were significant to them based on their scientific and technical knowledge, training and experience. They will opine that the materials found in the Omar Street Cache, taken as a whole, are consistent with an IED design/manufacture shop. E.g., drills, soldering irons, etching solutions, blank copper boards, etched circuit boards, design notes, large numbers of components, mobile phones, and completed DTMF-11 circuits. They will further testify to their observations and opinions about the patterns and types of items, parts, ordinances, and circuit boards that were found together in other caches, labs or sites.

The testimony of Messrs. Graham and Luhowy will be consistent with the reports provided in discovery and in reliance on their training an experience as electrical engineers regarding the design and functionality of printed circuit boards.  Their testimony will be based on their review of various TEDAC and CEXC reports as well as their review of evidence recovered in Iraq.

6.  **Colonel Kurt J. Pinkerton, United States Army**

The United States intends to introduce the factual and expert testimony from Colonel Pinkerton.  He was stationed and serving in Iraq during the war.  Based upon his firsthand, specialized, knowledge and experience, he will testify to the general conditions in Iraq between 2006 and 2009, as previously noticed.

7.  **Arabic and Chinese Language Expert(s)**

As previously noticed, the United States seeks to introduce the factual and expert testimony of various translators who translated  writings in various languages found in/on numerous documents, schematics, notes, letters, books and emails that will be introduced as evidence in this case.

In addition, the United States intends to introduce numerous emails as evidence in this case.  Significant portions of the contents of these emails are either in the Arabic or Chinese language.  These noticed linguists will verify the accuracy of their translations and the content/translations of these emails in the English language.   This technical and specialized knowledge and skill will assist the trier of fact to understand the content of the evidence in this case.

The United States intends to call FBI Linguists Manhal Ayyoub (Arabic), Georges Nasr (Arabic), Saliba Shahin (Arabic), Sabah Zori (Arabic), Sami Khoury (Arabic), Lilian Baryman (Chinese), and Benjamin Polus (Arabic).  The United States has notified the defense of which emails each of these linguists translated.

In addition, the United States intends to call Conduit Transcriptions Linguists Louay Abdulla (Arabic), Shirley Chen (Chinese) and Alex Tuey (Chinese).  The United States has notified the defense of which emails each of these linguists translated.

The translators will further testify about their training and qualifications and their experience in translating each of the respective languages.   Their curriculum vitae(s) will be provided to defense counsel under separate cover.

8. **David Kilcullen, Retired Australian Military Officer, Senior Counterinsurgency Advisor for the Iraq War**

We are not amending our previous disclosure concerning this witness.

9. **Mark Wickham, Retired British Military Officer, Senior Counter Improvised Explosive Device Adviser for the Iraq War**

We are not amending our previous disclosure concerning this witness.

//

//

//

//

//

//

1

2

   **10. <u>Evan Kohlmann, Chief of Research and Development at Flashpoint Global Partners</u>**

3

4

   Mr. Kohlmann's report will be provided to defense counsel under separate cover and incorporated herein by reference.

5

6

   Respectfully submitted this 23rd day of June, 2017.

7

8

   ELIZABETH A. STRANGE
   Acting United States Attorney
   District of Arizona

9

10

   *s/ Melissa Karlen*
   DAVID PIMSNER
   MELISSA KARLEN
   WILLIAM SOLOMON
   Assistant U.S. Attorneys

11

12

13

14

   **<u>CERTIFICATE OF SERVICE</u>**

15

16

   I hereby certify that on the 23rd day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

17

18

19

20

   **Gregory Bartolomei,**
   **Jon Sands,**
   **Jami Johnson,**
   **Ashley Scott,**
   **Molly Karlin,**
   **Attorneys for Defendant**

21

22

23

24

   *s/MK/tah*
   U.S. Attorney's Office

25

26

27

28