WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Ahmed Alahmedalabdaloklah,<br><br>    Defendant. | No. CR-12-01263-001-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Count 6 for Multiplicity and Violation of Double Jeopardy (Doc. 186) and the Response. Defendant did not file a reply brief. Defendant argues that the Second Superseding Indictment violates the Fifth Amendment's Double Jeopardy clause by charging him simultaneously with Count 5, Conspiracy to Commit Extraterritorial Murder of a United States National under 18 U.S.C. § 2332(b)(2), and Count 6, Providing Material Support to Terrorists under 18 U.S.C. § 2339A. More specifically, Count 6 charges him with providing material support in preparation for or carrying out Conspiracy to Commit Extraterritorial Murder of a United States National under 18 U.S.C. § 2332(b)(2).

The Fifth Amendment states, "No person shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy clause "protects against being punished twice for a single criminal offense." *United States v. Brooks*, 610 F.3d 1186, 1194 (9th Cir. 2010) (internal quotation marks omitted).

Where one act violates two statutes, a defendant may not be charged under both unless "each provision requires proof of a fact which the other does not." *Id.* (citing *United States v. Solomon*, 753 F.2d 1522, 1527 (9th Cir. 1985)) (internal quotation marks omitted). "The elements of the offenses are determinative, even if there is a substantial overlap in their proof." *Id.*

Section 2332(b)(2) requires proof of conspiracy to murder a U.S. National abroad. The elements of conspiracy are threefold: "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United States v. Iribe*, 564 F.3d 1155, 1161 (9th Cir. 2009). The agreement "can be explicit or tacit." *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016), *cert denied*, 137 S. Ct. 1392 (2017) (internal quotation marks omitted). But whatever form it takes, the agreement must be "between two or more people." *United States v. Escobar de Bright*, 742 F.2d 1196, 1199 (9th Cir. 1984).

In contrast, section 2339A provides, "Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, *knowing or intending that they be used in preparation for, or in carrying out, a violation* of" any of the statute's forty or so enumerated object offenses "*or attempts or conspires to do such an act*" is guilty of the offense. 18 U.S.C. § 2339A (emphasis added). The requirement of "material support" in section 2339A is an element not verbally required for conviction conspiracy under section 2332(b)(2). But the conspiracy under section 2332(b)(2) does require an overt act "taken to implement the agreement." Any act of "material support" sufficient for guilt under section 2339A is also a sufficient "overt act" for conspiracy under section 2332(b)(2). The former are a subset of the latter.

However, many overt acts sufficient for guilt of conspiracy would not be sufficient for guilt of material support to terrorists. In this case the United States alleges five overt acts of Defendant himself in furtherance of the conspiracy charges (Doc. 231 at 3), all of

- 2 -

which appear to suffice as acts of material support to terrorists. So on these allegations Defendant could not be guilty of material support to terrorists without also being guilty of conspiracy and vice versa (assuming an actual conspiracy is necessary for the material support charge, discussed next). In the abstract, one could be guilty of conspiracy or material support to terrorists without being guilty of the other, but not on the allegations of this case.

The United States argues that it is also possible to be guilty of one but not the other offense because an actual conspiracy (agreement of two or more people for the criminal purpose) is not necessary for section 2339A guilt for material support to terrorists, but it clearly is necessary for section 2332(b)(2) guilt for conspiracy. Section 2339A only requires that the defendant provide support or resources "knowing or intending" that they "be used in preparation for, or in carrying out" one of the statute's object offenses, in this case a conspiracy under section 2332(b)(2) to murder a U.S. national outside the United States. It is not necessary under section 2339A that the object conspiracy be committed. *United States v. Hassoun,* 476 F.3d 1181, 1188 (11th Cir. 2007); *accord United States v. Abu Khatallah*, 151 F. Supp. 3d 116, 143 (D.D.C. 2015) ("[P]roving a violation of any of [section 2339A's] enumerated offenses requires establishing a fact—the completion of the enumerated offense—that proving a violation of [section] 2339A does not."). Therefore, the Unites States argues that a defendant who provides such support under the mistaken belief that a conspiracy exists that he intends to support is guilty of material support under section 2339A even though there was no object conspiracy under section 2332(b)(2). But Defendant could not be found guilty of conspiracy itself absent an actual agreement "between two or more people." *Escobar de Bright*, 742 F.2d at 1199.

This is as far as the Defendant's two paragraphs of substantive analysis go. Going only this far, the motion to dismiss will be denied at this time, as an agreement for the criminal purpose is necessary for section 2332(b)(2) guilt but not, taking the text at face value, for section 2339A guilt.

1  The Court notes but does not resolve a possible problem that the parties have not briefed, or not briefed sufficiently to pose a question to decide. The enumerated object offenses of section 2339A, with one exception, are all crimes of action or conduct. It makes sense to speak of providing types of assistance "knowing or intending" that they "be used in preparation for, or in carrying out" the actions of those object offenses or of attempt or conspiracy to provide such assistance.

The one object offense that is not an offense of action or conduct is section 2332(b)(2), which is a thought crime of shared understanding. The general text and structure of section 2339A poorly fit this category of one. The object offense itself—conspiracy—is not open to prefatory crimes. This Court finds no authority for crimes of attempting to conspire, conspiring to conspire, intending to conspire, or aiding and abetting a conspiracy to come into existence. The text would literally say "in preparation for, or in carrying out" the formation of a non-existent agreement. To be sure, a conspirator himself can be said to "carry out" the formation of a conspiracy, but only by making himself guilty of conspiring. It would mean "attempts or conspires" to provide material support to the formation of a future agreement. That would be conspiring to conspire.

Any formulation of such a crime threatens to be unintelligible. For the most part our juries take their responsibility with utmost seriousness. They labor through our instructions and seek clarification. They feel the gravity of the decision they must make and carry the moral responsibility of it. It would be a gross imposition on a jury to charge them with the fate of an accused based on jibberish. Standards of statutory construction can avoid that and due process of law can prevent it. Perhaps such matters, if meritorious, may be brought up at trial and after trial. But whether viewed as multiplicity or failure to state a crime, they are not presented on this motion.

/ / /

/ / /

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Count 6 for Multiplicity and Violation of Double Jeopardy (Doc. 186.) is denied.

Dated: June 26, 2017.

Neil V. Wake
Senior United States District Judge