**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01263-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss Counts Three and Four for Failure to State an Offense Due to Absence of a Predicate Crime of Violence (Doc. 177).

## I. LEGAL STANDARD

The indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007).

In ruling on a pretrial motion under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). In analyzing whether a cognizable offense has been charged, the court must accept as true the allegations in the indictment. *Id.* The court should not consider evidence not appearing on the face of the indictment. *Id.*

## II. BACKGROUND

Count Three of the Second Superseding Indictment charges Defendant with Possession of a Destructive Device in Furtherance of a Crime of Violence and Aiding and Abetting in violation of 18 U.S.C. §§ 924(c)(1)(A), (B)(ii), and 2. It alleges that from January 2005 to July 2010, Defendant aided and abetted other persons "to knowingly possess a firearm, that is, a destructive device, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is Conspiracy to Use a Weapon of Mass Destruction, as set forth in Count One of this Indictment, and Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of an Explosive, as set forth in Count Two of this Indictment." (Doc. 232 at 5.) Section 924(c)(1)(A) imposes an additional sentence for a crime of violence committed by a person who uses or carries a firearm during and in relation to the crime of violence or who possesses a firearm in furtherance of a crime of violence. Section 924(c)(1)(B)(ii) imposes an additional sentence if the firearm is a destructive device.

Count Four charges Defendant with Conspiracy to Possess a Destructive Device in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(o). It alleges that from January 2005 to July 2010, Defendant "did knowingly combine, conspire, confederate, and agree together with other persons . . . to commit an offense under Title 18, United States Code, Section 924(c), that is, to possess a firearm, that is, a destructive device, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is Conspiracy to Use a Weapon of Mass Destruction, as set forth in Count One of this Indictment, and Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of an Explosive, as set forth in Count Two of this Indictment." (*Id.* at 5-6.) Section 924(o) makes it illegal to conspire to commit an offense under § 924(c) and imposes a maximum life sentence if the firearm is a destructive device.

Count One charges Defendant with Conspiracy to Use a Weapon of Mass Destruction in violation of 18 U.S.C. § 2332a(a)(1) and (3). It alleges that from January 2005 to July 2010, Defendant knowingly conspired and agreed with other persons, without lawful authority, to use a weapon of mass destruction, *i.e.*, a destructive device, against nationals of the United States, while such nationals were outside the United States, and against property that was owned, leased, and used by the United States outside the United States. It specifically alleges that Defendant designed and manufactured parts for wireless initiation systems to be used in radio-controlled improvised explosive devices and supplied parts to an Iraqi insurgent group that employed radio-controlled improvised explosive devices against United States military personnel and vehicles in Iraq. Section 2332a makes it illegal for a person without lawful authority to use, threaten, or attempt or conspire to use a weapon of mass destruction against a national of the United States while the national is outside the United States or to do so against any property that is owned, leased, or used by the United States or by any department or agency of the United States, whether the property is within or outside the United States.

Count Two charges Defendant with Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of an Explosive in violation of 18 U.S.C. § 844(f)(1), (2), and (n). It alleges that from January 2005 to July 2010, Defendant knowingly conspired and agreed with other persons to "maliciously damage, destroy, attempt to damage, attempt to destroy, vehicles, used by the United States Military in Iraq, in whole and in part owned, or possessed by the United States Department of Defense, a department of the United States, by means of explosives." Section 844(f)(1) sets minimum and maximum sentences for anyone who maliciously damages or destroys, or attempts to damage or destroy, by means of an explosive, a vehicle owned or possessed by the United States. Section 844(f)(2) increases the sentencing range if the conduct penalized by § 844(f)(1) directly or proximately caused personal injury or created a substantial risk of injury to any person. Section 844(n) provides that, with

certain exceptions, a person who conspires to commit any offense defined in chapter 40 of Title 18 "shall be subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense the commission of which was the object of the conspiracy."

The definition of "destructive device" includes "any explosive, incendiary, or poison gas," including bomb, grenade, mine, and certain rockets and missiles. 18 U.S.C. § 921(a)(4). The term "firearm" includes any destructive device. 18 U.S.C. § 921(a)(3). The term "weapon of mass destruction" includes any destructive device as defined in § 921. 18 U.S.C. § 2332a(c).

## III. ANALYSIS

### A. Counts Three and Four of the Second Superseding Indictment Are Not Time-Barred.

Defendant's Motion to Dismiss contended that Counts Three and Four failed to state offenses because they alleged possession of a destructive device "during and in relation to a crime of violence" instead of "in furtherance of a crime of violence" as stated in 18 U.S.C. § 924(c)(1)(A). On May 30, 2017, a grand jury returned the Second Superseding Indictment (Doc. 232), which amended the pleading language in Counts Three and Four from "during and in relation to a crime of violence" to "in furtherance of a crime of violence." In his reply brief, Defendant contends that the five-year statute of limitation ceased to toll because the Second Superseding Indictment broadened or substantially amended the original charges.

Generally, the return of an indictment tolls the statute of limitations as to the charges within the indictment. *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013). Tolling continues when a superseding indictment on the same charges is returned while the previous indictment is pending, but it does not continue for charges in the superseding indictment that broaden or substantially amend the charges in the original indictment. *Id.* To determine whether the charges have been broadened or substantially amended, a court may consider whether the additional pleadings allege violations of a different statute,

contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence. *Id.* at 996-97. The primary consideration is whether the prior indictment gave the defendant notice that he will be called to account for certain activities and should prepare a defense. *Id.* at 997.

The Second Superseding Indictment did not alter the statutes, elements, evidence, potential sentences, or trial preparation required and/or implicated by the previous indictment. It did not broaden or substantially amend any charges. Therefore, tolling of the statute of limitations continues, and Counts Three and Four are not time-barred.

### B. Section 924(c)(3)(B) Is Not Unconstitutionally Vague.

The Government violates the Fifth Amendment's Due Process Clause by "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2556 (2015). The protection of the Fifth Amendment's Due Process Clause applies not only to statutes defining elements of crimes, but also to statutes fixing sentences. *Id.* at 2557.

Defendant contends that Counts Three and Four fail to state an offense because their predicate offenses rely on an unconstitutionally vague definition of "crime of violence." Both Counts Three and Four allege Defendant violated 18 U.S.C. § 924(c), which increases the sentence for committing a crime of violence for any person who uses or carries a firearm during and in relation to the crime of violence or who possesses a firearm in furtherance of a crime of violence. For the purposes of § 924, a "crime of violence" is a felony that either (A) has as an element the use, attempted use, or threatened use of physical force, or (B) "by its nature, involves a substantial risk that physical force against the person or property may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Defendant contends that Counts One and Two do not allege conduct to satisfy § 924(c)(3)(A), which the Government does not dispute. Thus,

the only question is whether the definition of crime of violence provided by § 924(c)(3)(B) is unconstitutionally vague.

### 1. Section 924(c)(3)(B) Applies Without Uncertainty in the Ordinary Case.

Section 924(c)(3) defines "crime of violence" specifically, and only, for the purposes of § 924(c) as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the "use-of-force clause." Subsection (B) is referred to as the "risk-of-force clause." Only the "risk-of-force clause" is at issue here.

Conviction for a "crime of violence" is a predicate for application of § 924(c)(1)(A). To determine whether the underlying conviction is a "crime of violence" as defined by § 924(c)(3), the Ninth Circuit applies the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575, 600 (1990):

> Under this approach, we do not look to the particular facts underlying the conviction, but compare the elements of the statute forming the basis of the defendant's conviction with elements of a "crime of violence." The defendant's crime cannot categorically be a "crime of violence" if the statute of conviction punishes any conduct not encompassed by the statutory definition of a "crime of violence."

*United States v. Benally*, 842 F.3d 350, 352 (9th Cir. 2016) (internal quotation marks and citations omitted). "The legislative history to section 924(c) indicates that Congress intended a categorical approach to the 'crime of violence' language in subsection (3)(B)." *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995). Under the categorical

approach, deciding whether a clause covers a crime "requires a court to picture the kind of conduct that the crime involves in 'the ordinary case.'" *Johnson*, 135 S. Ct. at 2557.

Here, two predicate crimes are alleged for Counts Three and Four: Conspiracy to Use a Weapon of Mass Destruction in violation of 18 U.S.C. § 2332a(a)(1) and (3), and Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of an Explosive in violation of 18 U.S.C. § 844(f)(1), (2), and (n). The categorical approach requires determination for each statute whether it punishes conduct that is not encompassed within the term "crime of violence" as defined by the "risk-of-force clause." That is, does the statute punish any conduct that does not involve "a substantial risk that physical force may be used in the course of committing the offense"?

Section 2332a(a)(1) requires imprisonment of "[a] person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction— (1) against a national of the United States while such national is outside the United States." Section 2332a(a)(3) requires imprisonment of "[a] person who, without lawful authority, uses, threatens, or attempts or conspires to use, a weapon of mass destruction . . . (3) against any property that is owned, leased or used by the United States or by any department or agency of the United States, whether the property is within or outside the United States." Section 2332a(c)(2) defines the term "weapon of mass destruction" to mean:

> (A) any destructive device as defined in section 921 of this title;
>
> (B) any weapon that is designed or intended to cause death or serious bodily injury through the release, dissemination, or impact of toxic or poisonous chemicals, or their precursors;
>
> (C) any weapon involving a biological agent, toxin, or vector (as those terms are defined in section 178 of this title); or
>
> (D) any weapon that is designed to release radiation or radioactivity at a level dangerous to human life.

"Destructive device" means "any explosive, incendiary, or poison gas," "any type of weapon . . . which will, or which may be readily converted to, expel a projectile by the

action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter," and "any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled." 18 U.S.C. § 921(a)(4).

The kind of conduct that a violation of § 2332a(a)(1) and/or (3) involves in the ordinary case is the use, attempt to use, or conspiracy to use a weapon of mass destruction against a person and/or property. The ordinary case under § 2332a(a)(1) or (3) necessarily involves "a substantial risk that physical force may be used in the course of committing the offense." Therefore, § 2332a(a)(1) and (3) do not punish any conduct outside of the definition of "crime of violence" under the risk-of-force clause.

Section 844(f)(1) requires imprisonment of anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance." Section 844(f)(2) increases the term of imprisonment for anyone who engages in such conduct and, as a result, causes personal injury or creates a substantial risk of injury to any person. Section 844(n) provides that a person who conspires to commit any such offense shall be subject to the same penalties. The kind of conduct that a violation of § 844(f) involves in the ordinary case is the actual or attempted malicious damage or destruction of property by fire or an explosive. The ordinary case under § 844(f) necessarily involves "a substantial risk that physical force may be used in the course of committing the offense." Therefore, § 844(f)(1), (2), and (n) do not punish any conduct outside of the definition of "crime of violence" under the risk-of-force clause.

Under a categorical approach, the term "crime of violence" as defined by the risk-of-force clause plainly applies to the crimes alleged as predicates to Counts Three and Four. It does not create any uncertainty regarding how to estimate the amount of risk or

how much risk is "substantial." If a person uses, attempts to use, or conspires to use a weapon of mass destruction or an explosive against a person or property, there certainly is a substantial risk that physical force may be used.

### 2. *Johnson* Does Not Require Finding the Risk-of-Force Clause Unconstitutionally Vague.

The Supreme Court held that imposing an increased sentence under § 924(e)(2)(B)(ii) violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. Section 922(g) prohibits certain persons from transporting or possessing a firearm. Section 924(e)(1) enhances the sentence for a person who violates § 922(g) and also has three previous convictions for a violent felony or serious drug offense. Section 924(e)(2)(B) defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . ., that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

The italicized portion of subsection (B)(ii) is referred to as the "residual clause."

In *Johnson*, the Supreme Court found that the combination of two features of the residual clause make it unconstitutionally vague: (1) uncertainty about how to measure the potential risk of physical injury posed by a crime and (2) uncertainty about how much risk it takes for a crime to qualify as a violent felony. 135 S. Ct. at 2557. The Supreme Court noted that the residual clause links conduct presenting a "serious potential risk of a physical injury" to a confusing list of examples including burglary, arson, extortion, and use of explosives: "The phrase 'shades of red,' standing alone, does not generate confusion or unpredictability; but the phrase 'fire-engine red, light pink, maroon, *navy blue*, or colors that otherwise involve shades of red' assuredly does so." *Id.* at 2561.

*Johnson* is readily distinguished from the present case and has been by the Second, Fifth, Sixth, Eighth, and Eleventh Circuits, each of which, after *Johnson*, held that

- 9 -

§ 924(c)(3)(B) is not unconstitutionally vague. *United States v. Hill*, 832 F.3d 135, 145-50 (2d Cir. 2016) (the risk-of-force clause does not involve the double-layered uncertainty of the residual clause as found in *Johnson*, contains "no mystifying list of offenses and no indeterminate 'otherwise' phraseology," and is materially different, narrower, and easier to construe than the residual clause); *United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017) (holding the risk-of-force clause is not unconstitutionally vague because it is similar to § 16(b), which it had previously held not unconstitutionally vague); *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (the risk-of-force clause is considerably narrower than the residual clause and much of *Johnson*'s analysis does not apply to the risk-of-force clause); *United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016) (*Johnson* does not render the risk-of-force clause unconstitutionally vague); *Ovalles v. United States*, __ F.3d __, 2017 WL 2829371, at * 1 (11th Cir. June 30, 2017) (*Johnson* does not apply to or invalidate the risk-of-force clause). *But see United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding the risk-of-force clause is unconstitutionally vague because it is similar to § 16(b), which the Seventh Circuit had previously held unconstitutionally vague because it is similar to the residual clause, which *Johnson* held unconstitutionally vague).

As the Eleventh Circuit explained:

> In concluding that *Johnson* does not apply to or invalidate § 924(c)(3)(B), the Eighth, Second, and Sixth Circuits have found and analyzed significant material textual differences between the definition of "crime of violence" in § 924(c)(3)(B) (a contemporaneous felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") and the definition of "violent felony" in the ACCA's § 924(e)(2)(B) (a prior remote felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

*Ovalles*, 2017 WL 2829371, at *5. The textual differences make the definition of "crime of violence" in the risk-of-force clause narrower than the definition of "violent felony" in the residual clause. *Id.* Another difference is the textual link in the residual clause by the

word "otherwise" to four diverse crimes of burglary, arson, extortion, or crimes that involve explosives, which forces courts to interpret "serious potential risk" in light of the four enumerated crimes. *Id.* In contrast, the risk-of-force clause does not require analogizing the level of risk involved in a defendant's conduct to burglary, arson, extortion, or the use of explosives. *Id.* Further, the residual clause applies to prior convictions; the risk-of-force clause considers the risk that physical force may be used *in the course of* committing the offense. *Id.* at *6. The Eleventh Circuit agreed with the Second Circuit that *Johnson* focused on the residual clause's "double-layered uncertainty" that required courts to estimate the potential risk of physical injury posed by the "ordinary case" and to consider how the risk of injury compared to the four enumerated crimes—neither of which are implicated by the risk-of-force clause. *Id.*

For all of these reasons, *Johnson* does not require finding the risk-of-force clause unconstitutionally vague.

### 3. *Dimaya* Does Not Require Finding the Risk-of-Force Clause Unconstitutionally Vague.

Following *Johnson*, the Ninth Circuit held that 18 U.S.C. § 16(b) (as incorporated in 8 U.S.C. § 1101(a)(43)(F) of the Immigration and Nationality Act ("INA")) is unconstitutionally vague. *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert. granted*, *Lynch v. Dimaya*, 137 S. Ct. 31 (Sept. 29, 2016). The INA provides for the removal of non-citizens who have been convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). Section 1101(a)(43)(F) defines the term "aggravated felony" to mean a "crime of violence" as defined in § 16 for which the term of imprisonment is at least one year. Section 16 defines the term "crime of violence" to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Ninth Circuit compared § 16(b) to the residual clause declared unconstitutional in *Johnson* and concluded that "§ 16(b) is subject to identical unpredictability and arbitrariness as [the] residual clause." *Dimaya*, 803 F.3d at 1115. The court expressly limited its holding to the constitutionality of § 16(b) as incorporated in 8 U.S.C. § 1101(a)(43)(F).

Even if *Dimaya* had not limited its holding to the INA context, the constitutionality of § 16(b) does not necessarily determine the constitutionality of the risk-of-force clause at issue here. As the Eleventh Circuit explained:

> [T]he task in § 16(b) cases is not as precise and predictable as in § 924(c)(3)(B) cases. A § 16(b) determination involves a recidivist statute and whether a defendant, convicted of illegal reentry after removal under 8 U.S.C. § 1326, has a prior, wholly unrelated felony conviction that qualifies as an "aggravated felony." Section 16(b) requires the federal court to look back at prior criminal history and evaluate, often under divergent state laws, whether a prior conviction was an aggravated felony. For an illegal-reentry-after-removal crime, a defendant with a prior aggravated felony conviction can be imprisoned for up to twenty years, rather than up to two years with no criminal history.
>
> In contrast, as outlined above, in § 924(c)(3)(B) cases, the required substantial nexus between the § 924(c) firearm offense and the contemporaneous federal predicate crime of violence makes the crime of violence determination more precise, predictable, and judicially administrable. Section 924(c)(3)(B) determinations simply do not suffer from the uncertainties found by the Supreme Court in § 924(e) cases in *Johnson*. Because [the Seventh Circuit's] *Cardena* relied on [its] § 16(b) *Viva-Ceja* case, *Cardena* does not convince us about § 924(c)(3)(B) cases.

*Ovalles*, 2017 WL 2829371, at *8 (citations and footnote omitted).

Therefore, the Court finds that the residual clause, 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague.

/ / /

/ / /

/ / /

/ / /

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Counts Three and Four for Failure to State an Offense Due to Absence of a Predicate Crime of Violence (Doc. 177) is denied.

Dated this 13th day of July, 2017.

*Neil V. Wake*
Neil V. Wake
Senior United States District Judge