ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys
Arizona State Bar No. 007480
California State Bar No. 218101
Arizona State Bar No. 020012
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
David.Pimsner@usdoj.gov
Melissa.Karlen@usdoj.gov
William.Solomon@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-12-01263-PHX-NVW |
| Plaintiff, | |
| vs. | **UNITED STATES OF AMERICA'S OPPOSITION TO DEFENSE EXPERT TESTIMONY** |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

On May 1, 2017, this Court ordered the parties to exchange expert disclosures and reports no later than June 23, 2017 (Doc. 175).  This Court further ordered the parties to file their objections to expert testimony no later than July 14, 2017.

The defendant provided notice on September 9, 2016, that he intended to call eight expert witnesses at trial (Doc. 110).  To date, however, the defense has failed to provide curricula vitae or similar information regarding the qualifications of the named expert witnesses.  In addition, the defense has failed to provide a summary of, or the bases for, the opinions of any of those expert witnesses.  Instead, the defense in its most recent filing, the Notice Regarding Expert Witness Reports (Doc. 326), asserted that "[e]xperts listed in our previously filed Defense Notice of Experts did not prepare any written reports.  Thus the Defendant has no affirmative expert reports to disclose."  However, "the Defendant is

preparing objections to the government's expert disclosures of June 23, 2017, and these objections may include rebuttal expert reports. Copies of any rebuttal reports will be provided in paper copy to the Court contemporaneous with the disclosure of those reports to the government." The United States is unclear on the distinction defense is drawing between their expert witnesses and rebuttal expert witnesses. Presumably, as stated in their notice, the defense "rebuttal" expert witnesses would be called to rebut the government's experts' testimony presented during the government's case-in-chief and not after the government's rebuttal presentation (if any). Because any defense expert witness testimony would be presented in the defense's case-in-chief, these would simply be defense expert witnesses not "rebuttal" expert witnesses. Regardless of the semantics, these witnesses would in fact be expert witnesses subject to the disclosure requirements of Federal Rules of Criminal Procedure, Rule 16, and the Court's standing order (Doc. 175).

For these reasons, the United States objects to any expert testimony the defendant may attempt to offer in this case. The information provided by defense fails to meet the requirements of F.R.C.P. Rule 16(a)(1)(G) and (b)(1)(C) which states that "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies…[t]his summary must describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications." *See also United States v. Yoon*, 128 F.3d 515, 526 (7th Cir. 1997)(Rule requires reciprocal disclosure of three types of information: (1) the expert witnesses' opinions, (2) the bases for those opinions, and (3) the expert's qualifications.) "The purpose of this rule is 'to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Wilson*, 493 F.Supp.2d 484, 487 (E.D.N.Y District Court, 2006) citing from F.R.C.P. Rule 16, Advisory Committee's Note to 1993 Amendments.

"[T]he Advisory Committee Notes accompanying the 1993 Amendment to Rule 16, which expands the reciprocal obligation to provide pretrial discovery, makes clear that the requirement to produce a summary of the expected testimony and the bases of the expert's opinion applies regardless of whether any formal written reports have been prepared." *United States v. Jasper,* 2003 WL 223212, at *3(January 31, 2003)(unpublished). "A failure to comply with these Rules may result in the exclusion of the proffered evidence." *United States v. Naegele*, 468 F.Supp.2d 175, 176 (District of Columbia District Court 2007).

The defense's disclosure to date also fails to provide information needed for the government to make any challenge to the reliability and relevancy of the scientific testimony pursuant to *Daubert v. Merrill Dow Pharmeceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786 (1993).

The failure to provide any summary of the opinions of the experts, the bases and reasoning of their opinions, and their qualifications warrants exclusion of their testimony at trial. Further, any efforts to remedy this oversight and provide summaries now would be untimely, and prevent the Government from meeting the Court's deadline for objecting to expert witness testimony. The United States therefore requests that the Court exclude all defense expert witnesses from offering testimony in this matter.

Respectfully submitted this 17th day of July, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/ David A. Pimsner*

DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

Copy of the foregoing served electronically via the ECF system this 17th day of July, 2017 to:

Jon Sands
Gregory A. Bartolomei
Jami Johnson
Ashley E. Scott
Molly A. Karlin

Counsel for Ahmed Alahmedalabdaloklah


*s/ Norma Hernandez*
U.S. Attorney's Office