ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys
Arizona State Bar No. 007480
California State Bar No. 218101
Arizona State Bar No. 020012
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
David.Pimsner@usdoj.gov
Melissa.Karlen@usdoj.gov
William.Solomon@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Ahmed Alahmedalabdaloklah,<br><br>　　　　　　Defendant. | CR-12-01263-PHX-NVW<br><br>**RESPONSE TO MOTION TO STRIKE OVERT ACTS (e)(i) AND (e)(ii) AND MOTION IN LIMINE TO PRECLUDE GOVERNMENT FROM INTRODUCING EVIDENCE RELATED TO APRIL 6, 2007, AND MAY 14, 2007, EXPLOSIONS** |

## Introduction

A federal grand jury indicted the Defendant for being part of a conspiracy to design and build custom circuit boards for use in improvised explosive devices ("IEDs") against American military personnel. To meet its burden as to the overt act requirement of Count Five of the Second Superseding Indictment (ECF 231), the United States anticipates showing, *inter alia*, that circuit boards recovered from two exploded IEDs (the "April 6, 2007," and "May 14, 2007," events) matched those found in a board-making cache linked to the Defendant. (*Id*. at ¶4(e).) Raising sufficiency of the evidence and relevancy arguments, the Defendant essentially seeks a "partial summary judgment" which would

bar the United States from even attempting to meet its burden at trial by striking portions of the indictment and precluding evidence at a pretrial stage. Because the Defendant's motion finds no support in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence, the motion to strike should be denied.

**Argument**

**I. Under the Fifth Amendment and the Federal Rules of Criminal Procedure, a Criminal Defendant Cannot Challenge the Sufficiency of Evidence Supporting Allegations in an Indictment.**

As the Supreme Court held long ago, "[a]n indictment returned by a legally constituted and unbiased grand jury, [] if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). Accordingly, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal citation omitted). In short, [t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the evidence." *Jensen*, 93 F.3d at 669 (citing and quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)).

In the present situation, the Defendant is not mounting a facial challenge to Count Five or its overt act requirements.[1] *See* "Motion to Strike Overt Acts (e)(i) and (e)(ii) and Motion In Limine to Preclude Government from Introducing Evidence Related to April 6, 2007, and May 14, 2007, Explosions" at 1-3 (Doc. 411) ("Def. Mot."). Rather, the Defendant asks the Court to weigh the anticipated evidence by the Government and make

---

[1] Indeed, any such facial challenge to the Second Superseding Indictment by the Defendant would be untimely: under the Court's case management schedule, any substantive motions to dismiss were due by May 15, 2017. Moreover, because the United States must prove an overt act in furtherance of the conspiracy alleged in Count Five, the allegations in paragraph 4(e) are not "surplusage." *See United States v. Terrigno*, 838 F.2d 371, 373-74 (9th Cir. 1988) (finding no abuse of discretion where trial court declined to strike facts from indictment, even where the facts may be "somewhat prejudicial" because the facts were "relevant and material to the charge").

a pretrial ruling that such evidence is insufficient to support the overt act allegations. Under well-established law, district courts in criminal cases are not permitted to weigh the sufficiency of the Government's evidence ahead of trial. *See Jensen*, 93 F.3d at 669 ("By basing its decision on evidence that should only have been presented at trial, the district court in effect granted summary judgment for the defendants. This it may not do."). Therefore, Defendant's motion to strike certain overt acts should be denied.

**II. Evidence of Circuit Boards from Actual IED Events Matching Those Found at the Omar Street Cache is Probative of the Boards' Illicit Purpose (the Conspiratorial Objective) and Defendant's Connection to the Conspiracy.**

Apart from seeking to strike the April 6 and May 14 allegations, the Defendant also contends that the evidence connecting the boards from those events to the Defendant is irrelevant, and, even if relevant, "unfairly prejudicial." (Def . Mot. at 4-6.) Neither contention has merit.

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides that relevant evidence is generally admissible. Fed. R. Evid. 402. Here, the evidence of the overt acts in paragraph 4(e)(i) and (e)(ii) is probative of at least two critical facts: the "DTMF-11" boards tied to the Defendant's conspiracy were used for the purpose of attacking American vehicles (and not a legitimate commercial purpose), and the conspiracy which the Defendant joined was still at work during the relevant time period. *See generally United States v. Garcia-Santana,* 774 F.3d 528, 537 (9th Cir. 2014) ("The function of the overt act in a conspiracy prosecution is simply to manifest that the conspiracy is at work and is neither a project still resting solely in the minds of the conspirators nor a fully completed operation no longer in existence." (citing *Yates v. United States*, 354 U.S. 298, 334 (1957), <u>overruled on other grounds</u>, *Burks v. United States*, 437 U.S. 1 (1978)). In seeking preclusion of this evidence under the relevancy rules, the Defendant overlooks several key legal principles.

First, insofar as the Defendant disputes the Government's anticipated expert

testimony that the boards were matches, the Supreme Court has instructed that weight and credibility of admissible opinions are the province of the jury: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 596 (1993). Through its own expert or via cross-examination of the Government's, the Defendant may attempt to undercut the similarities among the circuit boards. He may not sidestep this evidence altogether.

Second, the Defendant mistakenly argues that the Government must show that the same person linked to the Omar Street production location was the one who deployed those circuits on April 6 and May 14 (Def. Mot. at 2, 4). But the Defendant is charged with conspiracy, not substantive IED attacks. Consequently, "the defendant need not have committed an overt act in furtherance of the conspiracy; he may still be convicted so long as one of his coconspirators did so." *See United States v. Castro*, 972 F.2d 1107, 1110 (9th Cir. 1992), <u>overruled on other grounds</u>, *United States v. Jimenez Recio*, 537 U.S. 270 (2003). Furthermore, "[i]t is well established that where the existence of a conspiracy has been established, the government need only show a slight connection to it, beyond a reasonable doubt, in order to convict a defendant of conspiracy. The government does not have to present <u>direct</u> evidence. Circumstantial evidence and the inferences drawn from that evidence will sustain a conspiracy conviction." *Castro*, 972 F.2d at 1110 (emphasis in original). In the present case, the United States has both direct (testimony from co-conspirators) as well as circumstantial evidence (the Defendant's fingerprints and documents at an IED cache) tying him to the conspiracy.

Third, by focusing on purported limitations with this evidence (i.e., lack of direct proof that Defendant made these circuit boards), the Defendant overlooks that "individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." *Bourjaily v. United States*, 483 U.S. 171, 179-80 (1987). In short, the United States

anticipates showing that the Defendant directly worked with members of an Iraqi insurgent group known as "The 1920 Revolution Brigades" as part of a broad conspiracy to force American military forces to leave Iraq by conducting a campaign of violent attacks. A combination of lay and expert testimony will demonstrate the Defendant's role in the design, procurement of component parts for, and production, of custom-designed circuit boards for use in remote-controlled, improvised explosive devices. Expert testimony will show that the custom circuit boards recovered from the April 6 and May 14 events matched/were very similar to custom circuit boards found at the Omar Street cache, based on nearly identical traces, a common set of electrical components, and functionality (the "DTMF-11" boards). As noted above, through fingerprint and documentary evidence, the Defendant is linked to the Omar Street board-making factory. When the probative value of the overt act's evidence is assessed in the context of the Government's overall presentation – as it must be – the evidence easily passes the low threshold for relevance under Rule 401.

The Defendant's Rule 403 objection fares no better. The Defendant claims that testimony about the deaths of U.S. military personnel would be unfairly prejudicial (Def. Mot. at 4-5). Virtually all relevant evidence submitted by the Government in a criminal case, however, is prejudicial to a defendant if it tends to prove the prosecution's case. *See Old Chief v. United States*, 519 U.S. 172, 193 (1997); *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001). Therefore, the question is not whether the evidence is harmful to the defendant's position. *See Old Chief*, 519 U.S. at 193 (O'Connor, J., dissenting). Rather, "evidence is excludable only if it is unfairly prejudicial, in that it has an undue tendency to suggest decision on an improper basis." *Id*. (quoting Advisory Committee's Notes on Fed. R. Evd. 403). Here, the Defendant is charged with being a member of a criminal conspiracy whose objective was to kill American soldiers. To be sure, the United States has no intention of introducing autopsy photos or eliciting especially graphic testimony about the April 6 and May 14 events. Nor does the United States seek to adduce evidence about other violent acts perpetrated by Defendant's co-conspirators which do not

involve IEDs. Thus, the objections raised by the Defendant now are premature and misplaced.

Somewhat ironically, the Defendant complains that of the numerous IED events involving DTMF-11 boards, the United States chose only these two as overt acts. (Def. Mot. at 3.) [2] Of course, under well-established principles of conspiracy law, the United States is not limited in the number of overt acts it proves in support of a conspiracy. *See generally United States v. Smith*, 891 F.2d 703, 709 (9th Cir. 1989) (finding no error where jury was instructed that it must find one of the members of the conspiracy committed one of the overt acts charged). The Ninth Circuit has held that "so long as jurors in a federal criminal trial unanimously agree that the Government has proven each element of a conspiracy, they need not unanimously agree on the particular overt act that was committed in furtherance of the agreed-upon conspiracy." *United States v. Gonzalez*, 786 F.3d 714, 718-19 (9th Cir. 2015).[3] The United States will not attempt to belabor the April 6 and May 14 events at trial. But the United States is guided in its trial presentation by the Supreme Court's observations in *Old Chief*:

> [u]nlike an abstract premise, whose force depends on going precisely to a particular step in course of reasoning, a piece of evidence may address any number of separate elements, striking hard just because it shows so much at once; the account of a shooting that establishes capacity and causation may tell just as much about the triggerman's motive and intent. Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to

---

[2] The Defendant separately argues that the evidence should be suppressed because the Government has not produced enough information about other DTMF-11 boards beyond those set forth in a critical FBI TEDAC report (Def. Mot. at 5-6). This contention is puzzling given that, consistent with the discussion at the June 16, 2017, hearing, the United States has produced additional discovery to the Defendant regarding the other IED events referenced in this report. Accordingly, the United States submits that it has complied with its discovery obligations under *Brady v. Maryland,* and the Defendant has more than a fair sampling of other IED events to fashion his defense. With five weeks until trial, now is not the time to re-open past discovery motions.

[3] Indeed, the Government "may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant." *United States v. Kozeny*, 667, F.3d 122, 132 (2d Cir. 2011).

> sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. . . . Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault.

*Old Chief*, 519 U.S. at 187.

Beyond the somewhat abstract technical testimony about how custom-designed, printed circuit boards were produced and functioned, evidence of how the boards were used on the streets of Iraq will not only satisfy the legal obligation of proving an overt act but fairly explain to a jury why the charged conspiracy is worthy of a criminal conviction. The "prejudice" of this evidence flows from the Defendant being a member of a violent criminal conspiracy, and not the evidence per se. *See generally United States v. Patterson*, 819 F.2d 1495, 1504-05 (9th Cir. 1987) (holding that evidence of shooting charged as overt act in drug conspiracy was not unfairly prejudicial and was relevant because the shooting was an example of the pattern of violence alleged in the indictment). *See also United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (evidence about a violent organization may be "prejudicial" to a defendant who conspired with that organization to kill but certainly is not *unfairly* so); *United States v. Benkahla*, 530 F.3d 300, 310 (4th Cir. 2008) (affirming admission of evidence about a terrorist group because, in part, "Rule 403 is not an injunction to exclude prejudicial evidence…."); *United States v. Gartmon*, 146 F.3d 101, 1021 (D.C. Cir. 1998) (Rule 403 "does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. It does not bar powerful, or even 'prejudicial' evidence.").

## **Conclusion**

Evidence of circuit boards from actual IED attacks matching/very similar to those found in a board-making cache linked to the Defendant is both factually and legally relevant to the charged conspiracy. And, given the charged crimes, such evidence is in no way "unfairly" prejudicial. While the Defendant may try to undercut that evidence at trial,

his motion to strike the overt act allegations of the indictment and preclude the evidence at trial should be denied.

Respectfully submitted this 28th day of August, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/ David Pimsner*
*s/ Melissa Karlen*
*s/ Bill C. Solomon*
DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on 28th day of August, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Gregory A. Bartolomei
Jami Johnson
Molly A. Karlin
Jon Sands

Attorneys for Defendant

*s/ Norma Hernandez*
U.S. Attorney's Office