IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01263-PHX-NVW |
| Plaintiff, | |
| v. | **PROPOSED FINAL PRETRIAL ORDER** |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

The following is the joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference set for **September 19, 2017 at 1:30 p.m.**

**A.   TRIAL COUNSEL FOR THE PARTIES**

Plaintiff:

David A. Pimsner
David.Pimsner@usdoj.gov

Melissa Karlen
Melissa.Karlen@usdoj.gov

Bill C. Solomon
William.Solomon@usdoj.gov

Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Fax: (602) 514-7650

Joseph Kaster
Joseph.Kaster@usdoj.gov

U.S. Department of Justice
950 Pennsylvania Ave. NW

Suite 2649
Washington D.C.  20530
Telephone: (202) 514-0849
Fax: (202) 514-8714

Defendant:
Gregory A. Bartolomei
Gregory_bartolomei@fd.org

Jami Johnson
Jami_johnson@fd.org

Molly Karlin
molly_karlin@fd.org

Shishene Jeng
Shishene_jeng@fd.org


Office of the Federal Public Defender
850 West Adams Street
Suite 201
Phoenix, Arizona 85007
Tel. #: (602) 382-2700
Fax #: (602) 382-2800

**B.     LIST OF WITNESSES**

"Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party."

Prosecution Witnesses

a)  Witnesses who shall be called at trial:

| | |
|---|---|
| Louay Abdulla | Linguist who will testify about certain emails that were translated from Arabic to English.  He is an expert witness. |
| Julia Albert (Custodian of Records Yahoo!) | Custodian of records at Yahoo! who will authenticate and begin the chain of custody for several emails.  She is a fact witness. |

| | |
|---|---|
| Jamal Al-Dhari | Witness who was also a member of the 1920 Revolution Brigade. He will verify defendant's membership, assistance and role in the conspiracy. He is a fact witness. |
| Bob Aleman | Accepted items of evidence at the Terrorist Explosive Device Analytical Center (TEDAC) from Iraq. TEDAC intake was responsible for assigning the Q numbers to items of evidence. He is a fact witness. |
| Jim Altobell | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was a photographer when the items of evidence were received from the Rabie Cache. He is a fact witness. |
| Muhammad Husayn Ali Al-Zobai | Witness who will testify that he witnessed defendant with a device that could be used in explosions. Defendant also told him that he sent 1,000 electronic boards to the Brigades from China. He is a fact witness. |
| Manhal Ayyoub | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. He is an expert witness. |
| Lilian Baryman | Linguist with the FBI. She translated several email messages from Chinese to the English language. She is an expert witness. |
| Tamiko Bogad | She was stationed at the Combined Explosive Exploitation Cell (CEXC). She was in the triage section when the items of evidence were received from the Omar Cache. She is a fact witness. |
| Colin Bogart (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Greg Capalia | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Engineering section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |
| Jay Carrott | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the involved in the intake of evidence from the |

| | |
|---|---|
| | Rabie Cache. He is a fact witness. |
| Shirley Chen | Linguist with the FBI. She translated several email messages from Chinese to the English language. She is an expert witness. |
| Nicole Choy (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Rimon Dahdal | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. He is an expert witness. |
| Mireille Delbecq (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. A fact witness. |
| Glen Alvin Demarcus | He was involved in the collection of Muhammad Husayn Ali Al-Zobai's computer hard drive. He is a fact witness. |
| Capt. Derrick Draper | He was the commander of the Sensitive Site Exploitation Platoon which processed the Omar Cache. He is a fact witness. |
| Richard Allen Dula | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the involved in the triage of evidence from the Rabie Cache. He is a fact witness. |
| Andy English | He processed items of evidence at the Terrorist Explosive Device Analytical Center (TEDAC) from Iraq. He is a fact witness. |
| Jeffrey Evans | He is an information technology specialist/ forensic examiner. Mr. Evans was one of the forensic examiners who conducted the analysis on the computer/media storage device evidence obtained in this case and received, reviewed and processed the 2703(d) and email search warrants. He is an expert witness. |
| Thomas Garrason | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence were received from the Rabie Cache. He is a fact witness. |
| Daniel Gaston | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was one of the |

| | |
|---|---|
| | individuals responsible for transferring the evidence to TEDAC. He is a fact witness. |
| Carlos Gil, Jr. (Custodian of Records Microsoft) | Custodian of records at Microsoft who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| SSA Matthew Godfrey | He collected items of evidence from the Rabie Cache. He is a fact witness. |
| Christopher Graham | He is one of electrical engineers who was stationed at the CEXC facility in Iraq at the time of the Omar cache seizure. He will testify among other things about analysis associated with IEDs recovered in Iraq specifically between 2006 and 2009. He will testify about how to make a DTMF circuit board and how the circuit boards are utilized to detonate an IED remotely. He will also testify that the items discovered at the Omar cache collectively represented an IED electronics factory. The United States also incorporates the Notice of Expert testimony descriptions as well. He is a fact and expert witness. |
| Hilda Graulau | She is an information technology specialist/ forensic examiner. Ms. Graulau was the forensic examiner who supervised Mr. Shramovich while he conducted the analysis on the computer recovered from Muhammad Husayn Ali Al-Zobai. She is an expert witness. |
| Travis Guthmiller | He collected items of evidence after the IED explosion on April 6, 2007. He is a fact witness. |
| Lauren Hall (Custodian of Records Google) | Custodian of records at Google who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Marci Hanisch (Custodian of Records Yahoo!) | Custodian of Records Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Andy L. Hasenkamp | He collected items of evidence from the Omar Cache. He is a fact witness. |
| Clint Hemberg | He is one of the FBI agents handling the investigation of this case. In that capacity, he interviewed witnesses, developed and followed leads, reviewed evidence, prepared warrants and is familiar with all aspects of the case. He is a |

| | |
|---|---|
| | fact witness. |
| Thomas Hickey | He collected items of evidence from the Amiriyah Cache. He is a fact witness. |
| John Holland | He was one of the individuals responsible for shipping items of evidence from the Omar Cache in Iraq to TEDAC. He is a fact witness. |
| Alaan David Housel | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was a photographer when the items of evidence were received from the Rabie Cache. He is a fact witness. |
| Sherry Hoyt (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| William Huff | He collected items and took photographs of the evidence at the Omar Cache. He is a fact witness. |
| Sami Khoury | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. He is an expert witness. |
| Dr. David J. Kilcullen | He is a retired Australian military officer who served in the Iraq war. Dr. Kilcullen will testify about the historical evolution of the Iraqi insurgency and his involvement in the Iraq war, including his experience with insurgent groups in Iraq during the war and the challenges and security issues faced by coalition forces (including the evolution, strategy, and tactical use of Improvised Explosive Devices (IEDs) by insurgent groups). In addition, he will testify about insurgent groups that targeted the area(s) around where he was stationed. He will describe the common tactics, patterns, and weapons these insurgent groups used and any counter efforts made by coalition forces to combat these attacks. He will testify about the specific insurgent groups they dealt with, including the 1920 Revolution Brigades. He is a fact and expert witness. |
| Evan Kohlmann | He is an expert who provide background information on Sunni militia groups in Iraq, to |

| | |
|---|---|
| | include the 1920 Revolution Brigades ("1920 RB"), and the Jihad and Change Front and their relationship with other insurgency groups in Iraq including Al Qaida in Iraq (AQI). Mr. Kohlmann will explain the process by which individuals originating from other countries become involved in militia/insurgent groups. Mr. Kohlmann will further describe the 1920 RB's activities in Iraq, to include: their ideology; the group's name and its historical significance/meaning; their mission; their hierarchy and inner workings and components (media and other). Mr. Kohlmann will further testify about the nature of their online postings, press statements, including claims of responsibility for IED attacks against U.S forces, and the video footage of these attacks. Mr. Kohlmann will testify to the nature and extent of attacks the 1920 RB claimed responsibility for, to include IED attacks, shelling attacks, sniper and small arms attacks, and non-specific attacks targeting U.S. military personnel. Mr. Kohlmann will further testify regarding the 1920 RB's publication, "Al-Kata'ib" and related postings. He is a fact and expert witness. |
| Ian Lachance (Custodian of Records Yahoo!) | Custodian of records at Yahoo! who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Steven John Joseph Lahowy | He is one of electrical engineers who was stationed at the CEXC facility in Iraq and conducted the electrical inspections of items seized at the Omar Cache. He will also testify about specific items of evidence seized from the cache and how it relates to the manufacture of circuit boards for use in IED triggering devices. He will testify among other things about analysis associated with IEDs recovered in Iraq specifically between 2006 and 2009. The United States incorporates the previous description of testimony in the Notice(s) of Expert(s). He is a fact and expert witness. |

| | |
|---|---|
| Michele Lai<br>(Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| J. Andre LeMonde | He is one of the individuals responsible for shipping items of evidence from the Amiriyah Cache to TEDAC. He is a fact witness. |
| Julie Liang<br>(Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Daniel Lien | He is a physical scientist/forensic examiner with the TEDAC laboratory. He will testify regarding friction ridge print examinations (manual and computer assisted) conducted on documents, boards, switches, (IED) components, and other evidence involved in this case. His testimony will focus on the viability and persistence of latent prints on items of evidence. He will also testify regarding the number of latent prints developed from the documents and other physical evidence in this case, the methods used to lift the latent prints (including, visual examination, Ninhydrin (NIN), laser and UV lights, reflective ultraviolet imaging system (RUVIS), (cyanoacrylate) super glue fuming (SGF), alternative black powder (ABP), and a chemical composition of fluorescent dyes called RAM (Rhodimine 6G, Ardrox and MBD) visualized with three wave lengths of light (Laser, UV, and 455)), and the suitability of those prints for the purposes of comparison against known fingerprint exemplars, including those taken from the defendant, co-conspirators and others. He is a fact and expert witness. |
| Joseph Andrew Loar | He was the commander of the platoon involved in the collection of Muhammad Husayn Ali Al-Zobai's computer hard drive, flash drives and documents. He is a fact witness. |
| Richard Low | He was the commander of the platoon that discovered the Omar Cache. He is a fact witness. |
| Steve Malloy | He is a TEDAC electrical engineer. Mr. Malloy will testify about the circuit analysis associated with IEDs, to include schematics, actual circuit |

| | |
|---|---|
| | boards, as well as components and associated pieces. His testimony will cover general uses and functions of electronic components, parts and boards. In addition, he will testify about the examinations, analyses, opinions, and observations related to specific items of evidence sent to TEDAC including the Omar cache and how they were similar to items recovered in other IED events. He also will testify regarding items found in Rabie and Amariyah caches as well as the two IED explosins identified in the Second Superseding Indictment. Mr. Malloy will also testify about comparisons (similarities and differences) between various electronic devices, schematics and circuit boards provided to TEDAC from locations throughout Iraq. He is a fact and expert witness. |
| Dina McCarthy | She is one of the FBI agents handling the investigation of this case. In that capacity, she interviewed witnesses, developed and followed leads, reviewed evidence, prepared warrants and is familiar with all aspects of the case. She is a fact witness. |
| Robert Meshinsky | He is an information technology specialist/ forensic examiner. Mr. Meshinsky was one of the forensic examiners who conducted the analysis on the computer/media storage device evidence obtained in this case and received, reviewed and processed the 2703(d) and email search warrants. He is an expert witness. |
| Gregory Boswell Moore | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was a photographer when the items of evidence were received from the Rabie Cache. He is a fact witness. |
| Dr. Clydell Morgan | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |
| Marsha Morton | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for |

| | |
|---|---|
| (Custodian of Records Yahoo!) | several emails. She is a fact witness. |
| Geof Mullins | He collected items and took photographs of the evidence at the Omar Cache. He is a fact witness. |
| Sam Mum | He was one of the individuals responsible for shipping items of evidence from the Omar Cache in Iraq to TEDAC. He is a fact witness. |
| Georges Nasr | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. He is an expert witness. |
| Col. John G. Norris | He was one of the commanding officers whose brigade discovered and searched the Omar Cache. He is a fact witness. |
| SA David F. Nunez | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the involved in the intake of evidence from the Rabie Cache. He is a fact witness. |
| Lisa O'Connor (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Col. Kurt Pinkerton | He was a Battalion Commander around the Abu Ghraib area. He will testify about insurgent groups that targeted the area(s) he was stationed in or near. He will describe the common tactics, patterns, and weapons these insurgent groups used and any counter efforts made by coalition forces to combat these attacks. They will testify about the specific insurgent groups they dealt with, including the 1920 Revolution Brigades. This testimony will include interactions they had with insurgents both in combat and in non-combat settings. The United States incorporates the previous descriptions provided in the Notice of Experts for Colonel Pinkerton. He is a fact and expert witness. |
| Benjamin Polus | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. He is an expert witness. |
| Hector Rodriguez | Weapons Intelligence Team member who processed the scene, then collected, and |

| | |
|---|---|
| | transported evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Sarah Rodriguez (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Walter Rodriguez (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| John Rose | He was one of the individuals responsible for shipping items of evidence from the May 14, 2007 explosion to TEDAC. He is a fact witness. |
| Thomas Sacco (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Jason Sanchez (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Denis Sarmento (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Kim Marie Sartorius | She was stationed at the Combined Explosive Exploitation Cell (CEXC). She was in the Biometrics section when the items of evidence were received from the Rabie Cache. She is a fact witness. |
| Saliba Shahin | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. She is an expert witness. |
| Svetlana Shatnenko (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Joseph P. Shramovich, III | He is an Information Technology Specialist/ Forensic Examiner at the Federal Bureau of Investigation. Mr. Shramovich was the forensic examiner who conducted the analysis on the imaged copy of the Muhammad Husayn Ali AL-Zobai's hard drive obtained in this case. He is an expert witness. |
| Rafael Henryk Stachowski | He transferred Muhammad Husayn Ali Al-Zobai's hard drive to DOMEX. He is a fact witness. |

| David Stallcup | Weapons Intelligence Team 16 team leader. His team was present and collected evidence after the IED explosion on May 14, 2007. He is a fact witness. |
|---|---|
| Andrew Tarasar | He collected items of evidence from the Amiriyah Cache. He is a fact witness. |
| Olha Tokalenko (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. A fact witness. |
| Clay Sigler | He was present on the scene and collected and transported evidence after the IED explosion on April 6, 2007. |
| Alex Tuey | Linguist with the Federal Bureau of Investigation (FBI). He translated several email messages from Arabic to the English language. He is an expert witness. |
| Stewart Whitson | He is one of the FBI agents handling the investigation of this case. He is a fact witness. |
| Mark Wickham | He will explain the realities and protocol implemented to collect IED parts or devices in war-time conditions. He will explain the formation of the CEXC facility located in Iraq and the protocol and efforts made by military personnel to recover insurgent devices at caches/storage areas, or implanted in the field, for technical and forensic review. He will explain the significance and importance in recovering IED devices and parts and analyzing them technically and forensically to assist counter-insurgent efforts in creating counter measures. He will describe the principals governing the analysis and review of IEDs, specifically, force-protection, targeting, sourcing and forensics to support prosecution. He will also opine on how such information can be recorded and used to identify those who created, manufactured, implanted and used these devices. The United States incorporates the previously disclosed areas of testimony in the Notice of Experts. He is a fact and expert witness. |

| | |
|---|---|
| Todd Wilson | He was commander of one of the military groups that discovered and collected evidence from the Omar Cache. He is a fact witness. |
| Rodolfo R. Zamora | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |
| Kakil (Kevin) Zibari | Zibari was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the engineering section when the items of evidence were received from the IED explosion on April 6, 2007. He is a fact witness. |
| Eugene Zink | He collected items and took photographs of the evidence at the Omar Cache. He is a fact witness. |
| Sabah Zori | Linguist who will testify about certain emails that were translated from Arabic to English. Expert witness. |
| Custodian of Records (Hotmail Custodian of Records) | The Hotmail custodian of records who will authenticate and begin the chain of custody for several emails |

a) Witnesses who may be called at trial:

| | |
|---|---|
| Omar Avila | He collected items of evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Nancy Barker | TEDAC fingerprint technician. She is a fact witness. |
| Katherine Barnard | CEXC fingerprint technician. She is a fact witness. |
| Antonio Barnes | A victim of the IED explosion on April 6, 2007. He is a fact witness. |
| James Donald Beller | He collected items of evidence after the IED explosion on April 6, 2007. He is a fact witness. |
| Ashley (Melvin) Berecz | CEXC fingerprint technician. She is a fact witness. |
| Erik Berg | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence |

| | |
|---|---|
| | were received from the Amiriyah Cache. He is a fact witness. |
| James L. Betts | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the in the biometrics section when the evidence was received from the IED explosion on April 6, 2007. He is a fact witness. |
| Andrew Catterton | He collected items of evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Gayle P. Davenport | TEDAC fingerprint technician. She is a fact witness. |
| Debora Caine | TEDAC fingerprint technician. She is a fact witness. |
| Marie Edwards | She was stationed at the Combined Explosive Exploitation Cell (CEXC). She was in the involved in the triage of evidence from the IED explosion on April 6, 2007. She is a fact witness. |
| Norman Ennis | He was part of the security team and collected items of evidence from the IED explosion on April 6, 2007. He is a fact witness. |
| Rosa Harris | TEDAC fingerprint technician. She is a fact witness. |
| Mollie Marie Kirkland | TEDAC fingerprint technician. She is a fact witness. |
| Patrick Mange | He collected items of evidence from after the IED explosion on April 6, 2007. He is a fact witness. |
| Matthew Martinez | He was present and collected items of evidence from after the IED explosion on May 14, 2007. He is a fact witness. |
| Jamie Lee Mattice | He collected items of evidence from after the IED explosion on April 6, 2007. He is a fact witness. |
| Rachel Newton | CEXC fingerprint technician. She is a fact witness. |
| Octavio Nunes | She collected items of evidence after the IED explosion on May 14, 2007. She is a fact witness. |
| Elaine Otter | TEDAC fingerprint technician. She is a fact witness. |

| Aaron Rasmussen | He collected items of evidence after the IED explosion on April 6, 2007. He is a fact witness. |
|---|---|
| Jerrell Rice | He was a victim of the IED explosion on April 6, 2007. He is a fact witness. |
| Donna J. Roberts | TEDAC fingerprint technician. She is a fact witness. |
| Jim Schultz | CEXC fingerprint technician. He is a fact witness. |
| Donald C. Siefert | TEDAC fingerprint technician. He is a fact witness. |
| Alfredia L. Spence | TEDAC fingerprint technician. She is a fact witness. |
| Jarrod Taylor | He collected items of evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Susan K. Trunzo | TEDAC fingerprint technician. She is a fact witness. |
| Sushana Williams | CEXC fingerprint technician. She is a fact witness. |
| Rannie L. Winston | TEDAC fingerprint technician. Fact witness. |
| Caitlyn Withum | CEXC fingerprint technician. She is a fact witness. |
| Custodian of Records, Western Union | This witness may testify regarding a financial transaction the defendant conducted. This person is a fact witness. |

The United States may call rebuttal witnesses, if necessary.

b) Witnesses who are unlikely to be called at trial:

Waad Ramadan Alwan        1920 RB member. He is a fact witness.

Hassan Al-ani        Employee of Jamal Al-Dhari.  He is a fact witness.

Defense Witnesses

a) Witnesses who shall be called at trial

Ammar Al Shamma (Fact witness)

This witness will discuss the nature of his work in the family electronics business in the electronics section of the commercial market in Baghdad.

Falah Al Shamma (Fact Witness)

This witness will discuss the nature of his electronics business in the electronics section of the commercial market in Baghdad.

Tamiko Bogad (Fact Witness)

Ms. Bogad will be called to testify about her participation at CEXC-Iraq for processing evidence during the relevant time frames and the standard operating procedures implemented at that time.

Jack Dempsey (Fact Witness)

Mr. Dempsey served with in Iraq during August 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events and the extent of his investigation.

Derrick Draper (Fact Witness)

Captain Draper was in Iraq serving in the military in August of 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events.

Taisir El-Qoulaq (Expert and Fact Witness)

Mr. Qoulaq is a cultural expert who served as the Chief of Staff with the U.S. Department of Treasury/OTA from August 2006, through March 2009. He assisted in providing technical assistance to the Iraqi Government and he will testify about the business climate and social changes resulting from the war in and around Baghdad as well as his observations during the time frame relevant to this case. He will also testify as a fact witness regarding his personal knowledge of political and social conditions in Iraq during the relevant time frame.

David Enders (Fact Witness)

Mr. Enders is an investigator who has personal knowledge of the geographic layout of Baghdad and took a number of the photographs the defense intends to offer into evidence.

Christopher Graham (Fact Witness)

Mr. Graham worked as the lab manager for CEXC-Iraq in 2006. The government alleges he processed evidence in this case.

William Huff (Fact Witness)

Mr. Huff was a member of the 4-23rd Infantry Battalion in 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events.

Lt. Colonel Joseph L'Etoile (Fact Witness)

Lt. Col. L'Etoile served with the U.S. Marine Corps, 2nd Battalion, in Iraq during the relevant time periods. He was the Marin Commander of the district in which actions alleged in the discovery occurred and he has personal knowledge of events that occurred in that region.

Richard Low (Fact Witness)

Mr. Low was a commissioned Officer and part of the 4-23rd Infantry Battalion in 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events.

Dina McCarthy (Fact Witness – FBI)

Agent McCarthy has been one of the key law enforcement officers involved in the investigation of this case and, among other things, has knowledge regarding various individuals alleged to have been involved with the 50 Omar Street cache location.

Marc Sageman, Ph.D., M.D. (Expert – Iraq)

Dr. Sageman served as a Special Adviser to the Deputy Chief of Staff of the U.S. Army and served as a consultant to many other branches of the U.S. intelligence

- 17 -

community. He is an expert on insurgent movements and political violence in Iraq and throughout the Middle East, including the 1920 Revolutionary Brigades among others.

### Michael J. Spence (Expert – DNA)

The government has not responded to the last efforts by the defense to enter into a stipulation addressing the lack of DNA evidence at the 50 Omar Street site.

The United States provided the defense a proposed stipulation this morning. We never heard back from the defense on a final stipulation. In the event that a stipulation is not reached with the government, Mr. Spence will be called to testify on all matters related to DNA collection, chain of custody protocol, evidence processing, analysis and comparison relevant to our case.

### Stewart Whitson (Fact Witness – FBI)

Agent Whitson is expected to testify about his participation in the investigation of this case, including but not limited to, his involvement with other witnesses for the government both in the United States and abroad.

b) Witnesses who may be called at trial

### Kathleen Bright-Birnbaum (Expert – Fingerprints)

Ms. Bright-Birnbaum may be called as a rebuttal witness on issues related to fingerprints.

### Somer Mossa (Expert – Linguist)

Mr. Mossa is an interpreter of the Arabic language.

### Andrew Tarasar (Fact Witness)

Mr. Tarasar served with the U.S. military in Iraq in 2007 and is alleged by the government to have participated in finding a cache on December 3, 2007, which has come to be known as the FAR cache. He may testify about his observations and his participation in that alleged discovery.

### Thomas Workman (Expert – Electronical Engineer)

Mr. Workman is an electrical engineer with over 20 years of experience and he is also an attorney. He may be called to testify as a rebuttal witness on matters pertaining to but not

limited to electronic components, circuit boards, schematics, software designs and radio frequencies.

c) Witnesses who are unlikely to be called at trial

Michael Disho (Expert – Interpreter)

Mr. Disho is not likely to be called at trial but if he is, his testimony will relate to his observations and assistance as an Arabic linguist with U.S. and Coalition Forces in the process of interrogating persons who had been detained.

*The Defendant reserves the right to call rebuttal witnesses as needed.

## C. LIST OF EXHIBITS

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

a. <u>Plaintiff's Exhibits:</u>

The United States generally objects to the exhibits the defendant proposes to offer into evidence at trial. See Attachment A for specific objections to defense exhibits.

b. <u>Defendant's Exhibits:</u>

The Defendant is not agreeing to the admissibility of any evidence offered by the government. See Attachment B for specific objections to the government's exhibits. The Court has deferred ruling on two relevant defense motions addressing evidence and we incorporate by reference all objections stated therein.

The United States incorporates herein by reference its responses to the defense motions referenced above. Moreover, the United States disputes the Defendant's characterization of the Government's Exhibit List (Doc. 490). The increased number of exhibits reflects re-numbering and sub-categorizing, and not the late production of undisclosed reports, documents, etc., which would cause prejudice to the defense. Insofar as the Government included duplicative exhibits, it will correct such over-inclusion or answer any questions the defense may have regarding how similar exhibits differ. In fact, the Government offered earlier this week to meet with the defense to discuss the Exhibit List. The defense Exhibit List appears to contain duplicates, as well, which, given the

complexity of the case, is not surprising. In addition, defendant does not sub-compartmentalize physical exhibits with Q numbers and provides multiple photographs and/or documents in a single exhibit (see, e.g., Exhibit 2057). As to the short videos referenced in the defense filing generically explain the process for making printed circuit boards and the components of a remote-controlled, improvised explosive device. As such, they are straightforward demonstrative exhibits, the earlier production of which was not required under this Court's scheduling orders. Furthermore, the United States will provide a CD with these videos to the Court next week. Upon viewing, the Court will see that the videos will significantly aid the jury's understanding of these technical subject areas and are not "highly inflammatory" as the defense contends.

2. As to the following exhibits, the parties have reached the following stipulations:

a. <u>Plaintiff's Exhibits</u>:

b. <u>Defendant's Exhibits</u>:

(i) The government has not responded to the last efforts made by the defense to enter into a stipulation addressing the absence of the Defendant's DNA at the 50 Omar Street site. The Defendant remains hopeful this can be resolved.

The United States provided the defense a proposed stipulation this morning. We never heard back from the defense on a final stipulation.

(ii) The parties have entered into a stipulation reflected in and consisting of a letter written by the government and delivered to defense counsel dated September 7, 2017, pertaining to Muhammad Dawud Mahmud. That stipulation references his biometric match to components and documents associated with the construction of remote-controlled improvised explosive devices (IEDs) recovered in Baghdad on three (3) different occasions between 2004 and 2009. That stipulation further addresses the fact that through fingerprint analysis, he is linked to a document identified as Q22AT found at 50 Omar Street on August 30, 2006. That document is written in Arabic and contains notations that include lists of microchips in various sizes, including PICS, and an MT8870 microchip

decoder. This stipulation has just been provided to the defense and is incorporated into our list of Exhibits for trial.

(iii)    The parties will continue to work toward reaching further stipulations.

**3.**    As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

**a.**    Plaintiff's Exhibits:

**b.**    Defendant's Exhibits:

The Defendant is objecting to all exhibits being offered by the government. The defense has filed a motion to preclude the use of the foreign depositions as well as a motion to suppress all emails, both of which are still pending and were taken under advisement by this Court. Said motions and the reasons stated therein are incorporated herein by reference.

**4.**    "Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

**D.    DEPOSITIONS TO BE OFFERED**

The United States may use at trial depositions of the following witnesses: 1) the July 13, 2017, deposition of Jamal Abdul Khamees Al-Dhari; and 2) the July 20, 2017, deposition of Muhammad Husayn Ali-Ways Al-Zawbai.  The United States will provide the Court with a copy of the offered deposition testimony, highlighting the portions of the depositions to be offered.

The United States hereby identifies by page and line number the portion of the deposition of Jamal Abdul Khamees Al-Dhari to be offered at trial:

Page 6; Lines 1-25

Page 7; Lines 1-25

Page 8; Lines 1-25

Page 9; Lines 1-25

Page 10; Lines 1-25

Page 11; Lines 1-18

Page 13; Lines 20-25

Page 14; Lines 1-11, Lines 23-25

Page 15; Lines 1-4, Lines 11-15

Page 16; Lines 1-18, Lines 23-25

Page 17; Lines 1-25

Page 18; Lines 1-25

Page 19; Line 1; Lines 10-23

Page 20; Lines 5-25

Page 21; Lines 1-4

Page 22; Lines 10-25

Page 23; Lines 1-19

Page 24; Lines 5-6, Lines 9-11, Lines 14-20, Lines 22-25

Page 25; Lines 1-7, Lines 9-17, Lines 20-21, Lines 24-25

Page 26; Lines 1-5, Lines 8-17, Lines 24-25

Page 27; Line 1, Lines 21-25

Page 28; Lines 1-14, Lines 19-25

Page 29; Lines 1-23

Page 30; Lines 12-25

Page 31; Lines 1-12, Lines 18-25

Page 32; Lines 1-24

Page 33; Lines 1-25

Page 34; Lines 1-25

Page 35; Lines 1-25

Page 36; Lines 1-13

Page 37; Lines 6-19

Page 38; Lines 4-25

Page 39; Lines 1-25

Page 40; Lines 1-25

Page 41; Lines 1-25

Page 42; Lines 1-14, Lines 22-25

Page 43; Lines 1-7

Page 44; Lines 16-25

Page 45; Line 1, Lines 14-16, Lines 20-25

Page 46; Lines 1-6, Lines 8-10, Lines 12-14, Lines 19-25

Page 47; Lines 1-25

Page 48; Lines 1-13, Lines 18-21, Lines 23-25

Page 49; Lines 1-16, Lines 19-25

Page 50; Lines 1-8, Lines 12-18

Page 51; Lines 13-25

Page 52; Lines 7-13, Lines 15-18

Page 53; Lines 7-11, Lines 16-17, Lines 20-25

Page 54; Lines 1-2, Lines 4-9

Page 55; Lines 1-2, Lines 17-25

Page 56; Lines 1-8, Lines 11-13, Lines 16-25

Page 57; Lines 1-2, Lines 7-25

Page 58; Lines 1-5, Lines 8-9, Lines 13-18, Lines 21-25

Page 59; Lines 5-7, Lines 10-18, Lines 21-25

Page 60; Lines 1-3, Lines 6-9, Lines 14-22, Lines 24-25

Page 61; Lines 4-12, Lines 16-20, Lines 22-25

Page 62; Lines 1-25

Page 63; Lines 1-19

Page 64; Lines 4-25

Page 65; Lines 1-7

Page 67; Lines 18-25

Page 68; Lines 1-20

Page 78; Lines 19-25

Page 79; Lines 1-2

Page 82; Lines 4-25

Page 83; Lines 1-22

Page 87; Lines 4-25

Page 88; Lines 1-25

Page 89; Lines 1-7, Lines 20-25

Page 90; Lines 1-14

Page 94; Lines 21-25

Page 95; Line 1, Lines 7-12

Page 97; Lines 3-9

Page 101; Lines 24-25

Page 102; Lines 1-13, Lines 22-25

Page 103; Lines 1-25

Page 104; Lines 1-7

See Attachment C for Defendant's objections to the deposition of Jamal Abdul Khamees Al-Dhari.

The United States hereby identifies by page and line number the portion of the deposition of Muhammad Husayn Ali-Ways Al-Zawbai to be offered at trial:

Page 5; Lines 1-23

Page 6; Lines 1-10

Page 8; Lines 18-25

Page 9; Lines 1-6, 15-25

Page 10; Lines 1-25

Page 11; Lines 1-25

Page 12; Lines 1-10, 21-25

Page 13, Lines 1-11, 19-20, 22

Page 14; Lines 11-18, 20-25

Page 15, Lines 1-5, 8, 10-25

Page 16; Lines 1-25

Page 17; Lines 1-5

Page 18; Lines 7-22

Page 19; Lines 1-12, 16-25

Page 20; Lines 1-25

Page 21; Lines 1-25

Page 22; Lines 1-10, 15-25

Page 23; Lines 1-25

Page 24; Lines 1-10, 12-15, 17-25

Page 25; Lines 1-5, 8-9, 14-16, 18-23

Page 26, Lines 1-13, 16-25

Page 27; Lines 1-7, 18-21

Page 28; Lines 3-8, 14-15

Page 29; Lines 1-3, 5-20, 23-24

Page 30, Lines 1-5, 8-20, 23-24

Page 31; Lines 1, 3-4, 7-16, 19-20, 24-25

Page 32; Lines 1-13, 16-23

Page 33; Lines 1-4, 7-14, 17-25

Page 34; Lines 1-2, 5-11, 14-21

Page 35; Lines 11-13, 16-22

Page 36; Lines 1, 5-6, 9-11, 23-25

Page 37; Lines 1-7

Page 39; Lines 4-15, 21-23

Page 40; Lines 1-2, 7, 10-25

Page 41; Lines 1-18, 22-25

Page 42; Lines 1-25

Page 43; Lines 1-6, 14-22

Page 44; Lines 1-16, 19-23

Page 45; Lines 1-13, 16-19, 23-25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 46; Lines 1, 11-13, 15-25

Page 47; Lines 1-25

Page 48, Lines 1-11, 23-25

Page 49; Lines 5-8, 10-21, 24

Page 50; Lines 1-9, 11-21, 23-25

Page 51; Lines 1-7, 13-15, 18-25

Page 52; Lines 1-2, 5-10, 12-25

Page 53; Lines 2, 5-6, 9-15, 19-24

Page 54; Lines 4-19, 21-25

Page 55; Lines 1-3, 12-20, 23-25

Page 56; Lines 1-22

Page 57; Lines 15-17, 19-22, 25

Page 58; Lines 1-12, 14-19, 21-24

Page 59; Lines 1-6, 8-12, 15-22, 24-25

Page 60; Lines 1-4, 6-25

Page 61; Lines 1, 4-6

Page 62; Lines 9-16, 24-25

Page 63; Lines 1, 5-6, 13-19

Page 64; Lines 10-18, 21-25

Page 65; Lines 1-4, 6-8, 10-19

Page 66; Lines 1-13, 18-25

Page 67; Lines 1-4, 15-24

Page 68; Lines 1-3, 6, 17-19, 21-23, 25

Page 69; Lines 7-21, 23, 25

Page 70; Lines 1-2, 4-10, 16-25

Page 71, Lines 8-25

Page 72; Lines 1-25

Page 73; Lines 1-14, 16, 23-25

Page 74; Lines 1-2, 7-25

Page 75; Lines 1-10

Page 76; Lines 3-7, 10-12, 14-21, 24

Page 77; Lines 1-2, 5-7, 10-11, 13-20, 23

Page 78; Lines 3-5, 8-12, 18-19

See Attachment D for Defendant's objections to the deposition of Muhammad Husayn Ali-Ways Al-Zawbai.

Because the United States received Defendant's deposition designations and objections late this afternoon, it reserves the right to supplement its designations and respond to those objections.

**E.    PROCEDURES FOR EXPEDITING TRIAL**

The parties shall discuss and report on all available procedures that might be used to expedite trial, including but not limited to (a) editing videotaped depositions to limit the amount of time required for presentation; (b) using summary exhibits in place of voluminous documentary evidence; (c) stipulations on authenticity and foundation; (d) presenting direct expert testimony through summary or written reports; (e) using the courtroom technology to expedite the presentation of evidence.  The parties are invited to contact Rebekka Walder, Judge Wake's Courtroom Deputy Clerk, to arrange a time to visit the courtroom and examine its technology.  Information about courtroom technology can also be found at www.azd.uscourts.gov under Judges' Information/Courtroom Technology.

**F.    ESTIMATED LENGTH OF TRIAL**

 4  hours for opening statements and closing arguments

*The Defendant requests that an hour be set aside for opening and that at least 2 hours be set aside for his closing argument.

____ hours for Plaintiff's case, including cross-examination of other Defendant's witnesses

The Court has limited the Plaintiff's case-in-chief time to 16 days. The Plaintiff requests a reasonable amount of time for cross-examination of the Defendant's witnesses.

_____ hours for Defendant's case, including cross-examination of other Plaintiff's witnesses

_24_ hours for Plaintiff's rebuttal

_____ TOTAL ESTIMATED TIME

The Court will set a maximum time for the Government's case after receipt of the report required by the Order of February 24, 2017 (Doc. 156) and the Order of June 30, 2017 (Doc. 323) and consultation with counsel.

## G. DISAGREEMENTS ABOUT PROPOSED STATEMENTS, VOIR DIRE, INSTRUCTIONS, OR FORMS OF VERDICT

If the parties disagree about any of the proposed statements, voir dire questions, jury instructions, or forms of verdict, the party in favor of the proposal shall set it forth in the joint pleading and the party opposing it shall state the reason for the objection and offer an alternative proposal.

## H. INFORMATION FOR COURT REPORTER

In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" one week before trial containing the following information that may be used at trial:

1. Proper names, including those of witnesses.

2. Acronyms.

3. Geographic locations.

4. Technical terms, names or jargon.

5. Case names and citations.

The Notice may be supplemented as the trial progresses.


_s/David A. Pimsner_____          _____

Attorney for Plaintiff          Attorney for Defendant


- 28 -

The United States did not affix a signature for an attorney for the defendant because, although the parties have been communicating regarding this order, it did not receive a final response from the defense approving filing of this joint Proposed Final Pretrial Order.

Based on the foregoing,

**IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

DATED this 19th day of September, 2017.

_____
Neil V. Wake
Senior United States District Judge

Respectfully submitted this 8th day of September, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/ David Pimsner*
*s/ Melissa Karlen*
*s/ Bill Solomon*
DAVID A. PIMSNER
MELISSA KARLEN
BILL SOLOMON
Assistant U.S. Attorneys

Certificate of Service

I hereby certify that on this 8th day of September, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

Molly A. Karlin
Jon M Sands
Gregory Bartolomei
Jami Johnson
Counsel for Defendant Ahmed Alahmedalabdaloklah

*s/ Norma Hernandez*
U.S. Attorney's Office