JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

GREGORY A. BARTOLOMEI, Bar No. 011803
SHISHENE JING, CA Bar. No. 315067
JAMI JOHNSON, NY Bar No. 4823373
MOLLY A. KARLIN, Bar No. 032902
Assistant Federal Public Defenders
gregory_bartolomei@fd.org
shishene_jing@fd.org
jami_johnson@fd.org
molly_karlin@fd.org

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>     vs.<br><br>Ahmed Alahmedalabdaloklah,<br><br>              Defendant. | CR-12-01263-PHX-ROS<br><br>**DECLARATION OF JAMI JOHNSON IN SUPPORT OF MOTION TO DISMISS FOR SUBSTANTIAL GOVERNMENT INTERFERENCE WITH A DEFENSE WITNESS**<br><br>Assigned to the Hon. Roslyn O. Silver |

I, Jami Johnson, declare as follows:

1.     I am an Assistant Federal Public Defender in the Office of the Federal Public Defender for the District of Arizona and counsel to Defendant Ahmed Alahmedalabdaloklah in this Action.  I am a member of the State Bar of New York and am admitted to practice before this Court.  I respectfully submit this declaration in support of Mr. Alahmedalabdaloklah's Motion to Dismiss for Substantial Government Interference with a Defense Witness.  I have full knowledge of the matters stated herein and could and would testify competently thereto.

2. On July 19, 2017, at 9:27 a.m., I received a call in my office from Assistant United States Attorneys Melissa Karlen and Bill Solomon regarding this case. Mr. Solomon informed me that the Government had not received permission to appear by video link at the foreign deposition of defense witness Guo Xu in Hong Kong in late July 2017.

3. I expressed to Mr. Solomon and Ms. Karlen that the Government's failure to obtain the necessary permissions to participate in the defense's single foreign deposition pursuant to Court order was problematic. I stated that the Government should not have entered into the agreement regarding foreign depositions without ensuring beforehand that it could, in fact, participate in Ms. Xu's deposition. I stated further that the defense would not have jointly moved to depose the Government's witnesses had the Government disclosed that it would not be permitted to attend Ms. Xu's deposition.

4. Raising his voice, Mr. Solomon expressed shock that anyone would perceive the Government to be at fault for its inability to participate in Ms. Xu's deposition. He then suggested that the defense select another country in which to depose Ms. Xu.

5. Mr. Solomon further stated that the Government was not stopping defense counsel from deposing Ms. Xu in Hong Kong without the Government present. He stated that if defense counsel went forward with the deposition in Hong Kong, defense counsel would "risk getting arrested" by the Hong Kong police.

6. Mr. Solomon then read to me from an email that he stated he had received from the Office of International Affairs ("OIA"), which OIA had, in turn, received from the Hong Kong Department of Justice. The letter suggested that defense counsel undertake the letters rogatory process. I asked Mr. Solomon to forward me that correspondence, which he did. The call then concluded.

Executed December 11, 2017 in Phoenix, Arizona.

                                    *s/Jami Johnson*
                                    JAMI JOHNSON
                                    Assistant Federal Public Defender

Copy of the foregoing transmitted by ECF
for filing  December 11, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 West Washington Street
Phoenix, Arizona 85003

DAVID PIMSNER
MELISSA KARLEN
JOSEPH N. KASTER
WILLIAM C. SOLOMON
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to Defendant:

AHMED ALAHMEDALABDALOKLAH
USM #30021-408
CCA/CADC
PO Box 6300
Florence, Arizona 85132

*s/Ny Magary*
Ny Magary