# EXHIBIT  1



# EXHIBIT  2

Mobile Phone: 0086-20-88282120
Phone Line 1: 0086-20-23368894
Phone Line 2: 0086-20-23368694
Fax: 0086-20-81218655
E-mail: gogo@qimataj.com
Website: www.qimataj.com

Rm1928  Lihe Commercial Centre Building,
Yuenan Street No.25-29, Huangsha Road,
Liwan district, Guangzhou City ,
Guangdong Province,  China

**Gogo**

Sales



**QIMATAJ**

The Best Price
For
Computer
Accessories

# EXHIBIT  3

●●●●○ T-Mobile 3G  1:56 PM

**Gogo**


Thursday 9:58 PM



I've accepted your friend request. Now let's chat!

Thursday 10:14 PM

Gogo I want to thank you again. Being able to communicate with you is very important. I don t know how much you know about Mr Ahmed but our office is trying to help him.


I prefer talking in person. I'm in Phoenix Arizona USA


  



< WeChat **Gogo**

Thursday 10:23 PM

I want you to feel comfortable talking to me even though we just met over the mobile phone. I ve never used this app before.



 Hello Oscar

 Thanks for ur called

Thursday 10:29 PM

 He is ok everything?



  

# EXHIBIT  4

●●●●● T-Mobile 📶    **2:23 PM**    📶 🔋

‹ **WeChat**    **Gogo**    👤

Jul 19, 2016 6:37 PM

this is 2years ago,she sent the picture

🔊  7"

Ahmed has been in the United States since August 2014

18"  📶

24"  📶

Jul 19, 2016 6:42 PM

can you come to Hongkong ?

I will check my notebook,try to find more information, the password of email I can't remember, but I can try some recorded for email.

Case 2:12-cr-01263-ROS Document 611-5 Filed 12/12/17 Page 10 of 79



I will check my notebook,try to find more information, the password of email I can't remember, but I can try some recorded for email.

Yes Ahmed attorneys want to go where best for you to talk in person. Guangzhou or in China not good . The government don t allow . We want you to be comfortable no problems for you.

Jul 19, 2016 6:48 PM

26"

Jul 19, 2016 6:55 PM



**Hongkong or Macao**

Jul 19, 2016 6:57 PM

 T-Mobile 2:23 PM 

‹ WeChat **Gogo** 

Jul 19, 2016 6:57 PM

Thank you so much Gogo Ahmed will be happy to know your helping him. I will talk to attorneys tomorrow since I still in office attorneys go home. I will tell them hong kong or Macao ?

 ok,take ur time

Yes thank you 😊 

Jul 20, 2016 12:52 AM

 

 QQ浏览器

  

# EXHIBIT  5



What type of merchandise specialize ? Mobile phones, transceivers, circuit boards, or what?

 We will be translated for customers when they were in China

Computers?

8:38 AM

Oh you were like interpreters when customers in China?


Case 2:12-cr-01326-ROS Document 61:1-5 Filed 12/12/17 Page 14 of 79

 Machine,toys,wood board,spring,furniture.....

 TV...such as home appliances

Do you know how gong and mr a met in China? 

 When customers needs confirmed orders,we also with customers visit factory

 They told me some stories

  

# EXHIBIT  6







**EXHIBIT   7**

**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
850 W. Adams, Suite 201
Phoenix, Arizona 85007

**JON M. SANDS**                                                                                        602-382-2700
**Federal Public Defender**                                                                      (Fax) 602-382-2800
                                                                                                                 1-800-758-7053

February 3, 2017

David Pimsner
Melissa Karlen
Joseph Kaster
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
**(By email and hand-delivery)**

RE:   United States v. Ahmed Alamedalabdaloklah
          CR-12-1263-PHX-NVW
          Proposal for Stipulation

Dear Mr. Pimsner, Ms. Karlen and Mr. Kaster:

The defense team recently conferred with a witness in China who has voluntarily agreed
to testify on behalf of the defense.  In all candor, we are in the process of trying to arrange her
travel to the United States for the trial. Her name is Guo Xu who is referred to in some parts of
the discovery as Gogo.  She is an important defense witness with first-hand knowledge of
Quimat Taj and its operation as a business entity in China.

In calmer times (internationally speaking), I would not have the kinds of concerns that I
have now regarding her ability to travel to the United States for trial. However, depending upon
whether tensions between our countries escalate, there may be some impediments to all proposed
travel which could result in new restrictions, a sudden travel prohibition, and/or other related
issues which might delay the trial. For these reasons, and in conformance with our obligation
under the Local Rules to confer, I am reaching out to you to address this issue now.

As you know, a *private party* cannot simply compel relief under MLAT. However, while
the defense can move the Court for an Order to compel the government to do so, we have also
been advised that if both parties in a criminal case agree to take the deposition of a witness who
voluntarily agrees to be deposed in a foreign country as if that deposition were being taken in the
United States, then we can by-pass the more complicated MLAT process and arrange to schedule
her deposition in Hong Kong.

I believe my request for your concurrence on taking her deposition is a reasonable request which should not interfere with the orderly process in which this case is being prepared for trial. There are plenty of services available in Hong Kong to enable the proper recording of a video deposition of Ms. Xuo and we would make arrangements for the Defendant to attend with a line of communication open to us as required by law. Thus, the question is this: do you agree to the taking of her deposition in Hong Kong?

Time is truly of the essence and since our time for motions to the Court re depositions is this coming Wednesday, I need to be able to inform Judge Wake if we have made an agreement to proceed as requested in Hong Kong. Please get back to us as quickly as possible.

And as always, thank you for your consideration.

Sincerely,

Gregory A. Bartolomei
Asst. Federal Public Defender

cc:     Jon Sands
        Jami Johnson
        Molly Karlin
        Renee Rivera-Thomas
        Oscar Castillo
        Regina Cannon

# EXHIBIT  8

 **RE: Hong Kong trip** 🗋
Jami Johnson   to: Karlen, Melissa (USAAZ)                    07/05/2017 02:00 PM

Melissa:

This is a voluntary deposition.  That is to say, our witness has not been compelled to appear but rather is doing so at her own expense and of her own free will because she wants to help our client.  We consulted very early in the process, perhaps a year ago, with the US consulate in Hong Kong, which confirmed that there are no restrictions on the taking of voluntary depositions, which may take place in a hotel or private office space office without participation by or notice to either a U.S. consular official or representative of the Hong Kong government and that notice to the embassy was required only if consular services were being requested, which they are not in this case.  I believe that very early on your office agreed that you would accept a voluntary deposition with the witness sworn by the court reporter and would not require us to go through the Hague process for formal service (which would have required intervention by either the US or HK authorities, or likely both).  This information we received accords with the information on the state department website about taking of voluntary depositions in Hong Kong, which I have linked to below.  The ability to take voluntary depositions is in fact one of the reasons that Hong Kong was selected for the deposition site, as opposed to mainland China, where significant restrictions do exist.

https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/hong-kong-sar-china.html

If the DOJ is asking questions about DOJ or Hong Kong contacts, they may be confused about whether or not this is a Hague deposition.  To our best understanding and on the basis of our research and our conversations with the consulate, we do not need to notify either the US State Department or the Hong Kong government as long as the deposition is strictly voluntary.

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746

---

| "Karlen, Melissa (USAAZ)" | Jami, I'm working on getting my clearan... | 07/05/2017 01:36:43 PM |

| | |
|---|---|
| From: | "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov> |
| To: | Jami Johnson <Jami_Johnson@fd.org> |
| Date: | 07/05/2017 01:36 PM |
| Subject: | RE: Hong Kong trip |

Jami,
I'm working on getting my clearance to go to Hong Kong for the deposition and was asked if you have been in touch with any DOJ personnel or Hong Kong official to either set this up or alert them that we will be conducting a deposition in their country.  I didn't know the answer and they asked if I would reach out to you and see if there is anyone in DC you have been working with, DOJ personnel assigned to Hong Kong or Hong Kong officials.

Can you please let me know?  The sooner the better as it might necessitate additional paperwork...

Thank you!!
Melissa
514-7688

**From:** Jami Johnson [mailto:Jami_Johnson@fd.org]
**Sent:** Wednesday, July 5, 2017 8:56 AM
**To:** Karlen, Melissa (USAAZ) <MKarlen@usa.doj.gov>
**Subject:** Re: Hong Kong trip

Melissa:

The deposition will start at 9:00 a.m. and will continue until we are finished, though we do not expect for it to last longer than one day.  I am still working with our vendor on confirming the precise location.

Thanks,

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746

| | |
|---|---|
| From: | "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov> |
| To: | Jami Johnson <Jami_Johnson@fd.org> |
| Date: | 07/05/2017 08:47 AM |
| Subject: | Hong Kong trip |

Jami,
Can you please tell me the location of the deposition, and the start and end times?

Thank you,
Melissa

**MELISSA B. KARLEN | Assistant U.S. Attorney**
**National and Border Security Division**
United States Attorney's Office
40 N. Central Ave., Ste. 1200, Phoenix, AZ  85004
Tel: 602-514-7688 | Fax: 602-514-7655  | Email:melissa.karlen@usdoj.gov

**PLEASE NOTE: The Department of Justice retains all email messages, and may be required to turn messages over to the defense if they contain case-related information the defendant is entitled to receive**

# EXHIBIT  9

1          **UNITED STATES DISTRICT COURT**

2          **FOR THE DISTRICT OF ARIZONA**

3                    _____

4

    **United States of America,**        )

5                                         )   No. **CR 12-1263-PHX-NVW**

              Plaintiff,                  )

6                                         )

         vs.                             )   Phoenix, Arizona

7                                         )   April 28, 2017

    **Ahmed Alahmedalabdaloklah,**        )   1:39 p.m.

8                                         )

              Defendant.                  )

9    _____ )

10

11       **BEFORE:   THE HONORABLE NEIL V. WAKE, JUDGE**

12       **REPORTER'S TRANSCRIPT OF PROCEEDINGS**

13              (*Status Hearing - Day 1*)
                **(Pages 1-110, inclusive.)**

14

15

16

17

18

19

20

    Official Court Reporter:
21  Laurie A. Adams, RMR, CRR
    Sandra Day O'Connor U.S. Courthouse, Suite 312
22  401 West Washington Street, Spc 43
    Phoenix, Arizona 85003-2151
23  (602) 322-7256

24  Proceedings Reported by Stenographic Court Reporter
    Transcript Prepared by Computer-Aided Transcription

25

1   have would fall under CIPA.

2          THE COURT:  Good.  Now, let me talk about discovery.

3   Let's finish these foreign depositions.  Where do we stand on

4   those?  I infer there's three, right?  I would have hoped Hong

5   Kong would have been done already.                        03:12PM

6          MR. PIMSNER:  None have been completed yet.  We won't

7   be able to schedule one of ours until mid-May because of the

8   difficulty in contacting the witness.  But we will be able to,

9   in mid-May, set a firm date.

10          THE COURT:  I thought you meant do the deposition   03:12PM

11   mid-May.

12          MR. PIMSNER:  Oh, no.  No way that can be completed.

13          THE COURT:  I don't want any identifying information

14   but just what's the character of this testimony?

15          MR. PIMSNER:  It's an individual that was kind of   03:12PM

16   working with the defendant in connection with this case.

17          THE COURT:  All right.

18          MR. PIMSNER:  So the problem is the difficulty because

19   that witness is currently located in Iraq, and so it's

20   coordinating with him to set a time that will work for defense   03:13PM

21   and us.

22          Now, the second witness we have had better luck

23   communicating with.  He is available after Ramadan.

24          THE COURT:  Which is when?

25          MR. PIMSNER:  Which is pretty much the month of June.   03:13PM

54

1          THE COURT:  So he's available in July.

2          MR. PIMSNER:  He's available in July.  I proposed the

3    second week of July for him with defense.  I think we've got it

4    narrowed down to July 13th or 14th.

5          THE COURT:  Can you tell me what country he's in?  If          03:13PM

6    you don't want to it's okay.

7          MR. PIMSNER:  I'd rather not.  But where the

8    deposition will be conducted will be in Latvia.

9          THE COURT:  Is there any problem on the defense side

10   at least for witness one and two?  Okay.  I'm hearing silent          03:14PM

11   consent.

12         MR. BARTOLOMEI:  We have no problem.  We have to wait

13   until we hear from the government.

14         THE COURT:  Now, so with -- let's see.  What was the

15   deadline you suggested?                                              03:14PM

16         MR. PIMSNER:  As far as the first witness, Your Honor,

17   we don't know if there are similar religious grounds with that

18   witness at this time that would --

19         THE COURT:  Obviously, I thought that was basically on

20   track.  The witness was agreeable.  I approved it.  It was          03:14PM

21   agreed to.  Why hasn't the wheel been turning on that?

22         MR. BARTOLOMEI:  Ours has, Your Honor.  We have

23   maintained contact with our witness.  Ms. Johnson has been in

24   the process of setting up or trying to get the logistics in

25   place in that foreign country, in Hong Kong, so that everything      03:15PM

─── April 28, 2017 - Status Conference ───

```
 1    can go through.  We have the live video feeds back and forth.
 2    I have been in touch with Sally Arvizu from the courthouse to
 3    give her the heads up, for one, but also to make sure this is
 4    doable.  So we're proceeding.
 5            From our office, also, we have this process to go          03:15PM
 6    through getting passports and stuff from D.C. which I
 7    understand is being rushed through and we should be hearing at
 8    any minute.
 9            THE COURT:  And who is going to travel to Hong Kong
10    for that?                                                          03:15PM
11            MR. BARTOLOMEI:  Ms. Johnson is going to travel for
12    that.  And the government has also suggested some dates with
13    regards to a deposition for our client, which right now stand
14    at May 22nd to June 20th, I believe.
15            THE COURT:  You mean the Hong Kong witness?               03:15PM
16            MR. BARTOLOMEI:  That's for the Hong Kong witness.  I
17    think Ms. Karlen for the government would be traveling for that
18    one.
19            THE COURT:  All right.  And I can't remember.  You had
20    suggested the deadline at the end of July?                        03:16PM
21            MR. PIMSNER:  I think it was July 28th.
22            THE COURT:  All right.  That's fine.  We'll accept
23    that then.  Looks like you are on track.  July 20th is the
24    deadline for completion of foreign depositions.  I just want to
25    make sure that was on track.                                      03:16PM
```

——— April 28, 2017 - Status Conference ———

1          MR. PIMSNER:  You did say July 28th, correct?

2          THE COURT:  I meant to.

3          MR. PIMSNER:  Okay.  I may have misheard you.  I'm

4     sorry.

5          THE COURT:  I do that a lot.                              03:16PM

6          MR. PIMSNER:  I was sitting down at the time.

7          THE COURT:  There's only 12 months.  I can only get 11

8     of them wrong.  So all right.  That's good.

9          Now, long as we're talking about motions and trying to

10    knock off other things before we get to the 800-pound gorillas,  03:16PM

11    motions in limine, roughly what's contemplated motions in

12    limine?

13         MS. JOHNSON:  Your Honor.

14         THE COURT:  Go ahead, Ms. Johnson.

15         MS. JOHNSON:  We expect that we will file motions in   03:17PM

16    limine.  The volume will be heavily dependent upon when we get

17    the e-mails, the identified and translated e-mails, and when we

18    learn what the government's witness and exhibit list is.  The

19    Discovery is too voluminous for us to file motions in limine

20    just kind of guessing what they might want to introduce.      03:17PM

21         THE COURT:  Of course.  And this intersects with the

22    experts and general disclosure of witnesses and exhibits.

23         MS. JOHNSON:  Yes, Your Honor.

24         THE COURT:  Which means this disclosure of witness and

25    exhibits is really critical.                                   03:17PM

```
 1

 2

 3

 4                      C E R T I F I C A T E

 5

 6          I, LAURIE A. ADAMS, do hereby certify that I am duly

 7  appointed and qualified to act as Official Court Reporter for

 8  the United States District Court for the District of Arizona.

 9          I FURTHER CERTIFY that the foregoing pages constitute

10  a full, true, and accurate transcript of all of that portion of

11  the proceedings contained herein, had in the above-entitled

12  cause on the date specified therein, and that said transcript

13  was prepared under my direction and control.

14          DATED at Phoenix, Arizona, this 12th day of May, 2017.

15

16                              s/Laurie A. Adams
                                _____
17                              Laurie A. Adams, RMR, CRR

18

19

20

21

22

23

24

25
```

**EXHIBIT  10**

**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
850 W. Adams, Suite 201
Phoenix, Arizona 85007

**JON M. SANDS**
**Federal Public Defender**

602-382-2700
(Fax) 602-382-2800
1-800-758-7053

June 26, 2017

Mr. David Pimsner
Ms. Melissa Karlen
William Solomon
Joseph Kaster
U.S. Attorney's Office
40 N. Central Ave. #1200
Phoenix, AZ  85004
*(By Hand-delivery)*

RE: <u>United States v. Al-Alahmedalabdaloklah</u>
CR12-001263-PHX-NVW

Greetings:

Although the date for the Hong Kong deposition is still to be set, and pursuant to *Rule 26.2, Federal Rules of Criminal Procedure*, attached please find a CD which contains the following materials pertaining to our defense witness named Guo Xu (also known as "Gogo"):

1. WeChat conversations between Defense Investigator Oscar Castillo and Gogo;
2. Photos and documents related to the Defendant's company in China named Qimataj; and
3. Notebook provided by Gogo and translation of same.

As always, please feel free to call and/or email if you have any questions or concerns.

Very truly yours,

JAMI JOHNSON
Assistant Federal Public Defender

cc:     Jon Sands
        Gregory A. Bartolomei
        Ashley Scott
        Molly Karlin
        Renee Rivera-Thomas
        Oscar Castillo
        Regina Cannon



# EXHIBIT  11



**U.S. Department of Justice**

United States Attorney
District of Arizona

*Two Renaissance Square*     *Main:  (602) 514-7500*
*40 North Central Avenue, Suite 1200*     *FAX:  (602) 514-7650*
*Phoenix, Arizona   85004-4408*

August 11, 2017

Jon Sands
Gregory A. Bartolomei
Jami Johnson
Molly A. Karlin
Federal Public Defenders Office
850 W Adams St., Ste 201
Phoenix, AZ 85007

      RE:   *United States v. Ahmed Alahmedalabdaloklah*
             CR-12-01263-PHX-NVW

Dear Counsel:

      Pursuant to the order dated August 4, 2017, we are providing you with all information we have regarding the withdrawal of the Hong Kong witness.   In short, we have no information about why the Hong Kong witness decided to withdraw from the deposition.   We were surprised to learn from your pleadings that the deposition had been canceled because the Hong Kong witness had been contacted by the "government" and no longer wanted to participate.   To be abundantly clear, we did not direct, request, or suggest to anyone, that the Hong Kong witness should be contacted by any government.   It has always been our intent that you have the ability to depose your witness for the defense case and we are committed to finding a way to allow you to get her statements into trial.

      We provide you with the following information to be transparent about the process we followed while making arrangements for the deposition:

      On May 22, 2017, Melissa contacted the Executive Office for United States Attorneys (USAEO), the office in charge of official foreign travel, to seek assistance in obtaining permission to travel for the deposition.   Melissa learned that the requirements for travel included having to obtain/possess an official passport, having to fill out and submit a travel questionnaire, having to obtain a country clearance, and having to obtain concurrence from DOJ's Office of International Affairs (OIA).

1

On July 5, 2017, Melissa submitted to USAEO her request for an official passport and the Questionnaire for Official Foreign Travel (see Attachment A), as well as her request to OIA for approval/concurrence for official government travel.   (See Attachment B.)

On July 5-6, 2017, Frances Chang, the OIA attorney assigned to Hong Kong matters, advised Melissa that she felt OIA should notify the Hong Kong Department of Justice (HKDOJ) of the trip and intended activity because U.S. government personnel would be involved in the deposition.   Ms. Chang asked if she could share with HKDOJ the information in the questionnaire/application.   Melissa advised that the information could be shared with HKDOJ.

On July 7, 2017, Ms. Chang informed Melissa by email that HKDOJ had sent the following response regarding the deposition:

> The case below has raised a very interesting scenario and thank you for alerting us to it.   Given an AUSA and a FBI agent are going to come over to take deposition in a criminal matter, may I know whether any Hong Kong law enforcement authorities have been notified in case they want to be present in the process?   If not, would FBI consider notifying the Hong Kong Police. Although the US-HK MLAA is not engaged in this case, I would expect the Hong Kong Police would want to be informed if any foreign law enforcement authority is coming over in connection with the obtaining of evidence for a criminal matter.    Is it fine for you to provide us with a gist of the case and what the defence evidence is about?   If the details of the deposition taking arrangement is available, it would be nice to let us know.

Ms. Chang asked if there was additional information she could provide to HKDOJ.   She also asked whether the FBI Legal Attaché in Hong Kong should speak with Hong Kong law enforcement.   On July 7, 2017, the FBI Legal Attaché advised that he deferred communications with Hong Kong to Ms. Chang.   Thus, the FBI Legal Attaché did not contact the Hong Kong police or authorities.

On July 7, 2017, Melissa authorized Ms. Chang to release the following information to HKDOJ:

> The defense has arranged the deposition of a trial witness in Hong Kong.   She was an employee of the charged defendant during part of the timeframe relevant to the criminal charges.   We anticipate that she will testify that while she worked for the defendant he ran a legitimate business.   Her role is limited, and she is not charged in the case.   She has voluntarily agreed to the deposition.

Ms. Chang forwarded that information to HKDOJ, and on that same date Melissa received OIA concurrence that she could travel for the deposition.   The approval was forwarded to USAEO to support the application for a country clearance.

On July 12, 2017, Melissa asked Ms. Chang in an email whether she had heard back from Hong Kong, and asked for guidance on what should be conveyed if she was stopped when entering Hong Kong.   Ms. Chang responded that she had received no further inquiries from HKDOJ, so she assumed all was fine.   Ms. Chang informed Melissa that if stopped or asked, she should state the Mutual Legal Assistance at the International Law Division in the Hong Kong Department of Justice was aware of the visit.

On July 13, 2017, Ms. Chang forwarded to Melissa the following email she received overnight from HKDOJ:

> I have forwarded your email below to Hong Kong Police for consideration.    The police take issue with the taking of deposition, even though it is initiated by the defence, and consider that the intended process has gone beyond the scope of informal assistance at the law enforcement level.   The police object to the presence of foreign law enforcement officials in Hong Kong for the purposes of a foreign criminal matter.   In light of the comments, the US is required to either send Hong Kong a mutual assistance request to arrange taking of deposition or change the venue for obtaining deposition to a place outside Hong Kong.

On July 18, 2017, Melissa informed defense counsel that neither she nor her agent were permitted to travel to Hong Kong.   Melissa advised she would seek permission to participate in the deposition via VTC link in Phoenix (with the deposition still occurring in Hong Kong). Jami indicated during a telephone call later that day that she still intended to travel to Hong Kong if the United States could participate in the deposition via VTC.

On the same date, Melissa and Bill spoke with OIA attorneys Frances Chang and Rosemary Yu, who agreed to seek clarification on whether the United States was permitted to participate via VTC.   On July 19, 2017, OIA advised Melissa that the prosecution could not participate in the deposition, even by VTC.   That same day, OIA attorney Rosemary Yu began reaching out to Thailand and Australia to see if the deposition might be taken in one of those countries.

On July 21, 2017, Bill sent defense counsel an email advising that if the defense proceeded with the deposition as planned, the United States was willing to forego opposing the admissibility of the deposition based on our inability to participate, although we reserved the right to make any standard evidentiary objections based on the questions asked and answers provided.   The United States also agreed to transport the defendant to the United States Attorney's Office (as with the other depositions), and to allow the defense to use the U.S. Attorney's office and facilities for the deposition.

On July 22, 2017, Bill sent a follow-up email advising defense counsel that the FBI was scheduled to transport the defendant to the U.S. Attorney's Office as originally planned.   He also requested IT information to establish the VTC connection between Hong Kong and the U.S. Attorney's Office.   That same day, Jami sent us an email advising that flights, hotel rooms, and conference rooms for the deposition had already been canceled.

3

Subsequently, we filed a joint request with the Court for an extension of time to complete the deposition and an order for transport of the defendant on August 1, 2017. We then began coordinating the facilities, transportation, and personnel needed to ensure that our office would be available for the deposition.   More specifically, we sent the new transport order to the FBI, provided Jami our IT contact officer's name to assist in establishing the VTC connection, and at your request, even provided the name and contact information for the videographer we had used for the other two depositions.   These coordinated efforts and communications extended throughout the weekend.

The first we knew of an issue with the deposition was on Monday, July 31, 2017, the day before the deposition, when we received Greg's email informing us that the deposition was not going forward and that he intended to file a motion to vacate the transport of the defendant.   To this date, the only information we have regarding the witness's withdrawal is the information set forth in the Motion to Vacate the Transport of the Defendant and the Supplement to Defendant's Motion to Continue Trial and to Reset Remaining Schedule Deadlines (Dkt. 363 and 373).

On August 7, 2017, Melissa asked OIA attorney Rosemary Yu what specifically OIA had conveyed to HKDOJ, and the reasoning behind the disclosure of such information.   In response, Ms. Yu provided the following in an email:

> When U.S. law enforcement officials travel abroad for official purposes, we respect the sovereignty of the foreign jurisdiction and notify them of the details regarding the purpose and reason for our anticipated presence, and seek their concurrence.   The United States expects the same of foreign law enforcement operating within U.S. soil.   Under U.S. law, the failure of "an agent of a foreign government" to provide prior notification to the Attorney General before acting in the United States in such a capacity is a criminal offense under 18 U.S.C. § 951, punishable by up to ten years' imprisonment.   Other foreign jurisdictions may have similar prohibitions.   In this instance, as part of a query regarding potential travel by a U.S. prosecutor on a defense request, OIA provided the name of the case, the name of the witness, name of the prosecutor who intended to travel, dates of proposed travel, and trial date. Although we typically provide a proposed location, it was still to be determined.   OIA, as the Central Authority of the United States on criminal legal assistance matters, communicated only with counterparts within the Central Authority of Hong Kong's Department of Justice.

Our office never provided OIA information regarding the timing of the second deposition.   On August 10, 2017, Ms. Yu confirmed that OIA never provided HKDOJ with the second deposition date.   She also confirmed that OIA's last communication with HKDOJ was on July 24, 2017, which predated the scheduling of the second deposition.

To be clear, we followed the required protocol and procedure for foreign travel, which included providing basic information about the case as shown in the attached questionnaires and

4

emails.   While we were required to provide the witness's name to USAEO and OIA as part of the foreign travel protocol, we did not provide any other contact information or identifying information of the witness.   Furthermore, we did not direct, request, or suggest in any way, that any Hong Kong or Chinese official approach or contact the witness.

Please feel free to call us should you have any questions.

Sincerely yours,

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*David A. Pimsner*

DAVID A. PIMSNER
Assistant United States Attorney

Attachment A

**Karlen, Melissa (USAAZ)**

| | |
|---|---|
| **From:** | Karlen, Melissa (USAAZ) |
| **Sent:** | Wednesday, July 5, 2017 12:27 PM |
| **To:** | USAEO-Foreign Travel |
| **Cc:** | Flores, Andrea (USAAZ) |
| **Subject:** | RE: Foreign Travel - Steps to Securing Official International Travel.docx.doc |
| **Attachments:** | Hong Kong Itinerary.pdf; Attachment 2 Questionnaire for Official Foreign Travel Fillable.pdf |

Katherine,
Thank you for all the information!

1.) I've attached the updated questionnaire for official foreign travel.  No apologies needed, my fault for using an old form.
2.) I have a letter verifying my Acting US Attorney's approval for the travel.
3.) I've emailed OIA for approval and am awaiting a response.
4.) Attached as well, is my flight itinerary.

Please let me know  if you need additional information, and/or if you wish me to send you the OIA approval email once received, and my Acting US Attorney's approval.

Melissa

**From:** USAEO-Foreign Travel
**Sent:** Wednesday, July 5, 2017 12:13 PM
**To:** Karlen, Melissa (USAAZ)                           ·; USAEO-Foreign Travel ‹
**Cc:** Flores, Andrea (USAAZ) ‹
**Subject:** RE: Foreign Travel - Steps to Securing Official International Travel.docx.doc

Hello Melissa,

Attached you'll find the up-to-date version of the questionnaire. Unfortunately the version that you sent stopped circulating back in May 2016. Please fill that out and send it back – apologies for the double work on that.

There is no visa required for Hong Kong so you're good on that front.

In addition to the questionnaire, you'll need ECC, OIA, and USA approval in addition to an approved flight itinerary. Please send me your flight itinerary asap so I can request ECC. When booking (if not done already), please make sure, whenever possible, that you are booked on a US based carrier as AUSAs (and all government employees) must adhere to the Fly America Act. If you have any questions on that please let me know.

If you need any other information in the meantime please let me know.

Best,
Katherine

**Katherine Bauer**
Contractor - Foreign Travel Analyst
Phone - +1
Executive Office for U.S. Attorneys

Washington DC, 20530

**From:** Karlen, Melissa (USAAZ)
**Sent:** Wednesday, July 05, 2017 2:01 PM
**To:** USAEO-Foreign Travel <
**Cc:** Flores, Andrea (USAAZ)
**Subject:** Foreign Travel - Steps to Securing Official International Travel.docx.doc

Good morning,
Please find attached my completed questionnaire for travel abroad on judicial assistance matters.  I need to travel to Hong Kong to conduct a deposition of a defense trial witness.  My intended dates of travel are July 25, 2017 to July 28, 2017.   I believe my next step in the process is this—obtaining OIA's approval to travel.

Please contact me at your earliest convenience so we can discuss any additional requirements before travel that might be time-sensitive (such as required shots, visas, etc.).  Apologies for the questions but this is my first time travelling internationally on official business.

Thank-you,
Melissa Karlen
                    (cell)
602-           (office)

**MELISSA B. KARLEN | Assistant U.S. Attorney**
**National and Border Security Division**
United States Attorney's Office
40 N. Central Ave., Ste. 1200, Phoenix, AZ  85004
Tel: 602-5        ax: 602-         Email:r

**PLEASE NOTE: The Department of Justice retains all email messages, and may be required to turn messages over to the defense if they contain case-related information the defendant is entitled to receive**

2

# Questionnaire for Official Foreign Travel

**United States Attorneys' Offices and the Executive Office for United States Attorneys**
**Last Revised: April 28, 2016**

A separate questionnaire is required for each EOUSA/USAO employee who is traveling.

| Part I. Traveler Information and Scope of Travel | | | |
|---|---|---|---|
| Full Name | | Office (e.g., EOUSA, USAO-ALN, etc.) | |
| Melissa Karlen | | USAO-AZ | |
| Position Title | | E-mail Address | |
| AUSA | | @usdoj.gov | |
| Telephone Number | | Departure Address (City and State) | |
| (602) | | Phoenix, Arizona | |
| Departure Date (from Home or Office) | | Return Date (to Home or Office) | |
| 07/25/2017 | | 07/28/2017 | |
| Country of Birth | USA | Place of Birth | |
| Foreign Locations | City | Province (if applicable) | Country |
| Destination 1 | Hong Kong | | Hong Kong |
| Destination 2 | | | |
| Destination 3 | | | |
| Destination 4 | | | |

| | YES | NO |
|---|---|---|
| Q1: Are you traveling to more than four destinations?  If yes, attach an additional sheet listing the additional destinations. | ◯ YES | ⦿ NO |
| Q2: Have you completed your travel reservations? If yes, please attach a detailed flight itinerary, your lodging information, and any other transportation reservations.  If no, please STOP and make your travel reservations before proceeding. | ⦿ YES | ◯ NO |
| Q3: Have you already obtained OIA's approval? If yes, please attach OIA's approval e-mail.  If you are traveling for civil purposes, you do not need OIA's approval to travel.  For others, submit a completed questionnaire to OIA to obtain approval. | ◯ YES | ⦿ NO |
| Q4: Do you have an official passport that is valid for at least six months from the date you will arrive in the foreign country? | ⦿ YES | ◯ NO |
| Q5: Have you submitted a request for an official passport to EOUSA and is the request currently pending? | ◯ YES | ⦿ NO |
| Q6: Has the Department of State granted you a waiver of the requirement for an official passport? If yes, please attach the State Department's e-mail granting a waiver. | ◯ YES | ◯ NO |

| Q7: Do any of your destinations require a visa for travel under an official passport? If applicable, submit the required materials to EOUSA to obtain visas prior to departure. | ◯ YES | ⦿ NO |
|---|---|---|

Q8: For the passport under which you will be traveling, please provide the following data:

| Passport Type (e.g., Tourist, Official) | Passport Issuing Country | Passport Number (note pending, if applicable) | Passport Expiration Date (note pending, if applicable) |
|---|---|---|---|
| Official | USA | | |

| Q9: Are you traveling to a high-threat area? | ◯ YES | ⦿ NO |
|---|---|---|
| Q10: Have you completed HTSOS training in the last five years? If yes, please attach the training certificate if you are traveling to a high-threat area. | ◯ YES | ⦿ NO |
| Q11: Have you completed FACT training in the last five years? If yes, please attach the training certificate, if you are traveling to a high-threat area. | ◯ YES | ⦿ NO |

| Q12: What is your security clearance level? If you have access to TS-SCI, you must complete a DOJ-504 and provide it to your DOSM and receive a security briefing prior to departure. | ◯ Secret  ◯ Top Secret  ◯ TS-SCI  ◯ Other |
|---|---|

| Q13: Do you plan to take any government-furnished equipment (including "bring your own device" equipment) out of U.S. territory? If yes, submit a request to your IT Systems Manager. | ⦿ YES | ◯ NO |
|---|---|---|
| Q14: Will any travel expenses be paid for, or reimbursed, by a source external to the EOUSA/USAO community? If yes, seek advance approval from GCO or RMP, as necessary. | ◯ YES | ⦿ NO |
| Q15: Do your travel arrangements include actual lodging expenses (i.e., lodging expenses in excess of OCONUS rates)? | ◯ YES | ⦿ NO |
| Q16: Do your travel arrangements include premium class travel (e.g., travel accommodations above coach class)? | ◯ YES | ⦿ NO |
| Q17: Have you already received country clearance from the State Department through the eCC system? If yes, please attach the eCC notification that provides country clearance. | ◯ YES | ⦿ NO |
| Q18: EOUSA requests eCC country clearance for nearly all EOUSA and USAO travelers. The clearance is required prior to departure. Shall EOUSA request eCC clearance for you? | ⦿ YES | ◯ NO |

| Q19: If you do not have eCC authorization to travel, and you do not want EOUSA to request eCC clearance for you, what office is requesting eCC clearance on your behalf? Note that federal investigative agencies are not authorized to obtain eCC clearance on behalf of EOUSA or USAO attorneys. | |
|---|---|

| Part II.  General Questions Applicable to All Foreign Travel |
| --- |
| Q20:  Who is paying for the travel? |
| USAO-AZ |
| Q21: If foreign embassy personnel or consular or diplomatic officials have been consulted regarding travel, please provide their names, titles, organizations and contact information. |
| N/A. |
| Q22: If U.S. Embassy or consular personnel have been involved, please provide their names, titles, section, and contact information. |
| N/A. |
| Q23: If assistance from U.S. Embassy or consular personnel is required (e.g., a consular official to administer an oath) or if office space at an Embassy or consulate is required, please specify.  If the Embassy is coordinating lodging, please include your credit card information. |
| N/A. |
| Q24: If the assistance of a stenographer, court reporter, interpreter, or other service provider is required in the foreign country, please provide specific details about when and where services are required.  EOUSA will relay the request to the State Department in the eCC system. |
| N/A. |
| Q25: Please include any other comments or details that would help the Department of State ensure that difficulties do not arise. |
| N/A. |
| Q26:  I am traveling… |
| ◯ Abroad to Attend a Conference or Training Event (Complete Part III) |
| ◉ To a Country Other Than Canada on a Judicial Assistance Matter (Complete Part IV) |
| ◯ To Canada on a Judicial Assistance Matter (Complete Part V) |

**Part III.  Additional Questions for Conferences and Training Events**

Q27: What is the name of the conference event or training program?

Q28: What is the purpose of the conference event or training program?

Q29: What is the specific venue name and address for the conference event or training program?

Q30: Who are the primary points of contact for the conference event or training program?  Please include contact information (e.g., organizations, telephone numbers, and email addresses).

---

**Part IV. Additional Questions for Travel to Countries Other Than Canada on Judicial Assistance Matters**

Q31: Please provide the names, titles, offices, districts, telephone numbers, and email addresses of the individuals traveling abroad with you for purposes of conducting investigations, interviews, depositions, inspections, etc.  Include all federal, state or local U.S. officials who intend to travel, as well as service providers who will be traveling with you (if applicable).

- Brittany Stephenson, FBI Special Agent, FBI District of Arizona,                    @ic.fbi.gov
- Jami Johnson, Deputy Public Defender, FPD District of Arizona,                    @fd.org
- Oscar Castillo, FPD Investigator, FPD District of Arizona,                    @fd.org

Q32: Please provide the case name, USAO number, and court docket number.

U.S. v. Alahmedalabdaloklah, CR 12-1263-PHX-NVW (ESW)

Q33: What is the nature of the case (explain briefly in lay terms)?  In what stage is the case? How sensitive is the case in your estimation?

Defendant is a Syrian national who resided in Iraq and China between 2006-2009. He is charged as being a part of a conspiracy to design/manufacture/use Improvised Explosive Devices against US military.

The case is charged and set for trial on October 3, 2017.

The case is sensitive.

Q34: What is the purpose of travel?  In particular, specify what will be accomplished during travel (e.g., interviewing witnesses, taking depositions, etc.).

Deposition of defense trial witness.

Q35: Please list the names and nationalities of persons to be interviewed or deposed, including addresses and telephone numbers if available.

Guo Xu (aka "Gogo").  She is a Chinese national who worked for the defendant when he resided in China.

Q36: Is the prosecution of a foreign national foreseen?  If so, provide name and nationality.

Defendant is a foreign national.  Alahmedalabdaloklah (Syrian born/ has Iraqi passport and status)

Q37: Is a host country government official to be deposed or interviewed?  Please provide name, title, and whether the person has been contacted and has agreed to participate. .

N/A.

Q38: Have foreign authorities (e.g., INTERPOL, foreign police) cleared the visit and are foreign authorities prepared to cooperate?  Please explain in detail and reference the names, titles, and telephone numbers of the foreign contacts.

N/A.

**Part V. Additional Questions for Travel to Canada on Judicial Assistance Matters**

Q39: Please provide the names, titles, offices, districts, telephone numbers, and email addresses of the individuals traveling abroad with you for purposes of conducting investigations, interviews, depositions, inspections, etc. Include all federal, state or local U.S. officials who intend to travel, as well as service providers who will be traveling with you (if applicable).

Q40: Please provide the case name, USAO number, and court docket number.

Q41: Briefly explain the background of the case (including the nature of the case, stage of the case, special sensitivities associated with the case, and how much money is involved).

Q42: What is the purpose of travel? In particular, specify what will be accomplished during travel (e.g., interviewing witnesses, taking depositions, etc.). Include the dates and times of the interviewing, investigating or other activities. Why is travel to Canada necessary?

**Q43:** Names of persons to be interviewed or deposed, including dates of birth, nationality and citizenship, phone numbers, and home or business address for each witness and any other pertinent information that may assist in locating them. **If this information is unavailable, DFAIT will not grant clearance.**

**Q44:** Provide confirmation that the interviews or depositions are voluntary and provide the contact information for the persons who have contacted the witnesses/suspects (e.g., Royal Canadian Mounted Police).

**Q45:** Provide the name and contact information for any legal representative(s) who may take part in the proceedings, as well as that of their firm/organization.

**Q46:** If the prosecution of a foreign national is foreseen, please provide name and nationality.

**Q47:** If a Canadian government official is to be deposed or interviewed, provide name, title, and whether the person has been contacted and has agreed to participate.

**Q48:** If INTERPOL, Canadian law enforcement, or another Canadian authority has cleared the visit or if Canadian authorities are otherwise prepared to cooperate, explain in detail including names, titles, and telephone numbers of the Canadian contact(s).

The completed questionnaire and attachments (e.g., itinerary, training certificate), should be:
- Emailed to OIA to obtain OIA's approval for foreign travel (unless OIA approval has already been obtained or unless travel is for civil purposes only)
- Emailed to EOUSA (using the USAEO-Foreign Travel Mailbox)
- Included as an attachment to the foreign travel authorization in E2 Solutions.

If you have any questions about foreign travel, please contact the EOUSA RMP Travel Unit by emailing USAEO-Foreign Travel or by calling

Carlson Wagonlit Travel  SatoTravel.

**Your Itinerary**

| **Trip on Jul 25, 2017** | | Locator: **JCUWXC** | Date: Jul 05, 2017 |

| Traveler | **MELISSA B KARLEN** |
|---|---|
| | DOJE2 |
| | ATTN-MELISSA KARLEN |
| | |
| | USA |
| | ALL MCO‡S MUST BE MAILED TO. |
| | STEFFANY RIVERA-SMITH |
| | EOUSA |
| | |
| | WASHINGTON, DC 20530 |
| | THIS IS AN ITINERARY ONLY |
| | AND NOT A VALID TICKET OR RECEIPT |
| Customer Number | 643SR7F |
| Agent | EB |

\*THIS DOCUMENT BECOMES AN INVOICE WHEN THE PASSENGER
\*NAME/INVOICE AND TICKET NUMBERS APPEAR
\*IN THE PRICING BOX
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*TICKET PURCHASE WITH CA.......

---

**Tuesday, July 25, 2017**                    Confirmation

 **Flight AMERICAN AIRLINES 2996**

| DEPARTURE | ARRIVAL |
|---|---|
| **PHOENIX, AZ** | **LOS ANGELES,CA** |
| **5:40 AM, Jul 25, 2017** | **7:11 AM, Jul 25, 2017** |

| Status | Confirmed |
|---|---|
| Class | Coach Class - G |
| Duration | 01:31 (Non-stop) |
| Equipment | CRJ-700 Canadair Reg Jet |
| Meal Service | None |
| Notes | DEP-TERMINAL 4 |
| | \*PHX-LAX OPERATED BY SKYWEST AIRLINES AS AMERICAN EAGLE |
| | ONEWORLD |

---

**Tuesday, July 25, 2017**                    Confirmation

 **Flight AMERICAN AIRLINES 8940**

| DEPARTURE | ARRIVAL |
|---|---|
| **LOS ANGELES,CA** | **HONG KONG** |
| **9:25 AM, Jul 25, 2017** | **3:25 PM, Jul 26, 2017** |

| Status | Confirmed |
|---|---|
| Class | Coach Class - V |
| Duration | 15:00 (Non-stop) |
| Equipment | 77W |
| Meal Service | Breakfast, Dinner |
| Reserved Seats | 39A |
| Notes | DEP-TOM BRADLEY INTL TERM |
| | ARR-TERMINAL 1 |
| | \*LAX-HKG OPERATED BY CATHAY PACIFIC AIRWAYS |
| | ONEWORLD |

---

**Wednesday, July 26, 2017**                    Confirmation

 **Hotel JW MARRIOTT HOTEL HONG KONG**

LOCATION
**PACIFIC PLACE 88 QUEENSWAY**
**HONG KONG CN 00000        , HK**

CONTACT
**Tel 852-28-108366**
**Fax 852-28450737**

| | |
|---|---|
| Reserved For | MELISSA B KARLEN |
| Status | Confirmed |
| Check-In | Jul 26, 2017 |
| Check-Out | Jul 28, 2017 |
| Number of Rooms | 1 |
| Rate | HKD 2,500.00/night |
| Cancellation Policy | Cancel 1 day prior |
| Directions | DIRECTION TO THE PROPERTY FROM AIRPORT HKG - TRAVEL WEST TO SOUTH RUNWAY ROAD AND TURN RIGHT. PROCEED TO SOUTH PERIMETER ROAD AND TURN LEFT. TAKE THE SECOND EXIT AT THE ROUNDABOUT ONTO CHUN WAN ROAD. AT THE CHUN WAN ROAD INTERCHANGE TAKE THE THIRD EXIT ONTO THE AIRPORT ROAD RAMP. MERGE ONTO AIRPORT ROAD/LANTAU LINK. AT THE NW TSING YI INTERCHANGE CONTINUE ONTO CHEUNG TSING HIGHWAY, TSING KWAI HIGHWAY AND WEST KOWLOON HIGHWAY. FROM WEST KOWLOON HIGHWAY TAKE EXIT A AND MERGE ONTO ROUTE 4. TRAVEL TO EXIT 10 TOWARD QUEENSWAY. TURN RIGHT AT COTTON TREE DRIVE. MAKE A SLIGHT LEFT AT QUEENSWAY AND A SLIGHT LEFT AGAIN ONTO THE RAMP. KEEP RIGHT AT THE FORK IN THE ROAD. // MTR SUBWAY - TAKE THE TURQUOISE LINE // AIRPORT EXPRESS - TAKE THE BUS TO CENTRAL HONG KONG AND CONNECT WITH THE BLUE LINE. STAY |

**Friday, July 28, 2017**                                              Confirmation

 **Flight AMERICAN AIRLINES 192**

DEPARTURE
**HONG KONG**
**6:45 PM, Jul 28, 2017**

ARRIVAL
**LOS ANGELES,CA**
**5:35 PM, Jul 28, 2017**

| | |
|---|---|
| Status | Confirmed |
| Class | Coach Class - V |
| Duration | 13:50 (Non-stop) |
| Equipment | 77W |
| Meal Service | Lunch, Snack |
| Reserved Seats | 40L (Window) |
| Notes | DEP-TERMINAL 1 |
| | ARR-TOM BRADLEY INTL TERM |
| | ONEWORLD |

**Friday, July 28, 2017**                                              Confirmation

**Flight AMERICAN AIRLINES 613**

DEPARTURE
**LOS ANGELES,CA**
**7:25 PM, Jul 28, 2017**

ARRIVAL
**PHOENIX, AZ**
**9:00 PM, Jul 28, 2017**

| | |
|---|---|
| Status | Confirmed |
| Class | Coach Class - G |
| Duration | 01:35 (Non-stop) |
| Equipment | Airbus Jet |
| Meal Service | None |
| Reserved Seats | 32F (Window) |
| Notes | ARR-TERMINAL 4 |
| | ONEWORLD |

| Name | Invoice / Ticket / Date | Base | Tax 1 | Tax 2 | Tax 3 | Total |
|---|---|---|---|---|---|---|
| | | USD 1,262.00 | 36.00US | 5.50YC | 10.96XT | 1,380.86 |
| | | | | | **Total Amount** | **1,380.86** |

Form of Payment: CAXXXXXXXXXXXX9720

Attachment B

**Karlen, Melissa (USAAZ)**

| | |
|---|---|
| **From:** | Karlen, Melissa (USAAZ) |
| **Sent:** | Wednesday, July 5, 2017 11:53 AM |
| **To:** | Chang, Frances (CRM); Yu, Rosemary (CRM) |
| **Subject:** | Official travel abroad to Hong Kong |

Hello,

I'm writing to obtain OIA approval to travel to Hong Kong on official business between July 25, 2017 and July 28, 2017.  I am travelling to conduct a deposition of a defense witness for trial.  The case is U.S. v. Alahmedalabdaloklah, CR 12-1263-PHX-NVW (ESW).  Our criminal trial is scheduled for October 3, 2017.

Defendant is a Syrian national who resided in Iraq and China between 2006-2009. He is charged as being a part of a conspiracy to design/manufacture/use Improvised Explosive Devices against US military.

Deposition is of a Chinese national (Guo Xu aka "Gogo"), who worked for defendant during the time frame relevant to our case.

Please let me know if there is any additional information you need.

Melissa

(cell) 602

(office) 602

**MELISSA B. KARLEN | Assistant U.S. Attorney**
**National and Border Security Division**
United States Attorney's Office
40 N. Central Ave., Ste. 1200, Phoenix, AZ  85004
Tel: 602-            Fax: 602-            | Email:.

**EXHIBIT  12**



**RE: Hong Kong trip**
Karlen, Melissa (USAAZ)   to: Jami Johnson                           07/05/2017 01:36 PM

History:                   This message has been replied to.

Jami,

I'm working on getting my clearance to go to Hong Kong for the deposition and was asked if you have been in touch with any DOJ personnel or Hong Kong official to either set this up or alert them that we will be conducting a deposition in their country. I didn't know the answer and they asked if I would reach out to you and see if there is anyone in DC you have been working with, DOJ personnel assigned to Hong Kong or Hong Kong officials.

Can you please let me know? The sooner the better as it might necessitate additional paperwork...

Thank you!!
Melissa
514-7688

**From:** Jami Johnson [mailto:Jami_Johnson@fd.org]
**Sent:** Wednesday, July 5, 2017 8:56 AM
**To:** Karlen, Melissa (USAAZ) <MKarlen@usa.doj.gov>
**Subject:** Re: Hong Kong trip

Melissa:

The deposition will start at 9:00 a.m. and will continue until we are finished, though we do not expect for it to last longer than one day. I am still working with our vendor on confirming the precise location.

Thanks,

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746


From:      "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov>
To:        Jami Johnson <Jami_Johnson@fd.org>
Date:      07/05/2017 08:47 AM
Subject:   Hong Kong trip


Jami,

Can you please tell me the location of the deposition, and the start and end times?

Thank you,
Melissa

**MELISSA B. KARLEN | Assistant U.S. Attorney**
**National and Border Security Division**
United States Attorney's Office
40 N. Central Ave., Ste. 1200, Phoenix, AZ  85004
Tel: 602-514-7688 | Fax: 602-514-7655  | Email:melissa.karlen@usdoj.gov

**\*\*PLEASE NOTE:** The Department of Justice retains all email messages, and may be required to turn messages over
to the defense if they contain case-related information the defendant is entitled to receive\*\*

Molly_Karlin@fd.org>; Oscar Castillo <Oscar_Castillo@fd.org>; Renee Rivera-Thomas <
Renee_Rivera-Thomas@fd.org>; Solomon, William (USAAZ) <WSolomon@usa.doj.gov>
**Subject:** RE: New proposed deadlines

Melissa:

I apologize that we have not gotten back to you with a firm date for the deposition in Hong Kong.  Despite
having submitted our paperwork some time ago, we are still waiting on our passports, and we have been
reluctant to pick a firm date and to begin incurring non-refundable fees associated with that firm date
without a passport in-hand.  We continue to expect that the passports will arrive soon, but would you
please also apprise us of  any periods of unavailability between June 20 and July 28?

Best,

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746


| | |
|---|---|
| From: | "Pimsner, David (USAAZ)" <David.Pimsner@usdoj.gov> |
| To: | Gregory Bartolomei <Gregory_Bartolomei@fd.org> |
| Cc: | Jami Johnson <Jami_Johnson@fd.org>, Jon Sands <Jon_Sands@fd.org>, "Kaster, Joseph (NSD) (JMD)" < Joseph.Kaster@usdoj.gov>, "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov>, Molly Karlin <Molly_Karlin@fd.org>, Oscar Castillo <Oscar_Castillo@fd.org>, Renee Rivera-Thomas <Renee_Rivera-Thomas@fd.org>, "Solomon, William (USAAZ)" < William.Solomon@usdoj.gov> |
| Date: | 04/21/2017 02:21 PM |
| Subject: | RE: New proposed deadlines |


Melissa will attending the Hong Kong deposition.  She is available from May 22
through June 20th.  Please let us know if those dates work.  Thank you.

**From:** Gregory Bartolomei [mailto:Gregory_Bartolomei@fd.org]
**Sent:** Wednesday, April 19, 2017 4:02 PM
**To:** Pimsner, David (USAAZ) <DPimsner@usa.doj.gov>
**Cc:** Jami Johnson <Jami_Johnson@fd.org>; Jon Sands <Jon_Sands@fd.org>; Kaster, Joseph (NSD) (JMD) <
Joseph.Kaster@usdoj.gov>; Karlen, Melissa (USAAZ) <MKarlen@usa.doj.gov>; Molly Karlin <Molly_Karlin@fd.org>;
Oscar Castillo <Oscar_Castillo@fd.org>; Renee Rivera-Thomas <Renee_Rivera-Thomas@fd.org>; Solomon, William
(USAAZ) <WSolomon@usa.doj.gov>
**Subject:** RE: New proposed deadlines

Greetings... We reviewed your suggestions and include our responses with some requests following our recent meeting...I'm attaching it with this email so everyone receives it and I'm having the original delivered to you on the 12th floor.

Hope all is well with everyone....
Greg


*(See attached file: Pimsner 4-19-2017 re Joint Schedule.pdf)*

**EXHIBIT 13**



**Official travel abroad to Hong Kong**
Karlen, Melissa (USAAZ)   to: Jami Johnson                     07/13/2017 01:38 PM

History:                 This message has been replied to.

Jami,
Please see the attached email sent to me from the Hong Kong OIA attorney.  Did you by chance submit
a letter rogatory?  If not I believe that I will not be permitted to travel to Hong Kong.

We can discuss more tonight, but I wanted to give you at least a heads up that the situation has
changed since our phone conversation yesterday.

Melissa


Hello again, Melissa,

Do you know whether defense counsel submitted a letter rogatory, per the instruction on the State
Department website to which counsel referred you?  To wit, under "Criminal Matters" the website
states:

**Defense Requests in Criminal Matters:** The U.S. Department of State expects
criminal defendants, or their defense counsel, who wish to request judicial
assistance in obtaining evidence or in effecting service of documents abroad in
connection with criminal matters to make such requests via the letters rogatory
process.

Because the U.S.-HK MLAA, in Article 1(4), states that the "Agreement is intended solely for mutual
legal assistance between the Parties, and is not intended or designed to provide such assistance to
private parties," defense counsel should have sought the requisite approvals via the letter rogatory
process.  Please let us know if you are free to discuss this matter with us sometime this afternoon.

Thanks,
Frances

**EXHIBIT  14**

 **Re: Official travel abroad to Hong Kong**
Jami Johnson   to: Karlen, Melissa (USAAZ)                                    07/13/2017 01:52 PM

We did not submit a letter rogatory (a process that takes over a year to accomplish) because we were not "requesting judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters."  We didn't serve anyone anything.  We did not ask a judge to assist us in making the witness present.  She is participating in a voluntary deposition.

Frances should scroll down from "criminal matters" to "Taking voluntary depositions of willing witnesses."  We are not participating in the MLAA because we are not seeking assistance from the government of Hong Kong or anyone else in procuring the attendance of our witness or in serving her with documents. With all due respect to Frances, I do not understand what Article 1(4), which I have just read, has to do with anything.

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746

| "Karlen, Melissa (USAAZ)" | Jami, Please see the attached email se... | 07/13/2017 01:38:24 PM |

From:      "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov>
To:        Jami Johnson <Jami_Johnson@fd.org>
Date:      07/13/2017 01:38 PM
Subject:   Official travel abroad to Hong Kong

Jami,
Please see the attached email sent to me from the Hong Kong OIA attorney.  Did you by chance submit a letter rogatory?  If not I believe that I will not be permitted to travel to Hong Kong.

We can discuss more tonight, but I wanted to give you at least a heads up that the situation has changed since our phone conversation yesterday.

Melissa


Hello again, Melissa,

Do you know whether defense counsel submitted a letter rogatory, per the instruction on the State Department website to which counsel referred you?  To wit, under "Criminal Matters" the website states:

**Defense Requests in Criminal Matters:** The U.S. Department of State expects criminal defendants, or their defense counsel, who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters to make such requests via the letters rogatory process.

Because the U.S.-HK MLAA, in Article 1(4), states that the "Agreement is intended solely for mutual legal assistance between the Parties, and is not intended or designed to provide such assistance to private parties," defense counsel should have sought the requisite approvals via the letter rogatory process.  Please let us know if you are free to discuss this matter with us sometime this afternoon.

Thanks,
Frances

# EXHIBIT  15



**Official travel abroad to Hong Kong**
Karlen, Melissa (USAAZ)   to: Jami Johnson                          07/18/2017 08:52 AM

| History: | This message has been replied to. |

Jami,
We should definitely discuss Hong Kong. To let you know where we stand, I have been advised that the FBI agent and myself are not permitted to travel to Hong Kong as prior permission was not obtained from the Chinese government.

The following is an excerpt from an email I received from OIA on 7/13:

Overnight, we received the following message from HKDOJ:

"I have forwarded your email below to Hong Kong Police for consideration.   The police take issue with the taking of deposition, even though it is initiated by the defence, and consider that the intended process has gone beyond the scope of informal assistance at the law enforcement level.  The police object to the presence of foreign law enforcement officials in Hong Kong for purposes of a foreign criminal matter. In light of the comments, the US is required to either send Hong Kong a mutual assistance request to arrange taking of deposition or change the venue for obtaining deposition to a place outside Hong Kong."

Based on Hong Kong's position, OIA is reaching out to Hong Kong DOJ to see if we may still participate via the VTC link here in the US, with you and Gogo in Hong Kong.  We will let you know when we hear back.  We're hopeful that they will let us do at least that.

Please let me know when you are free to talk and I'll make sure I'm back at my desk to receive the phone call.

Melissa
602-514-7688

**EXHIBIT  16**

| | |
|---|---|
| From: | "Solomon, William (USAAZ)" <William.Solomon@usdoj.gov> |
| To: | Jami Johnson <Jami_Johnson@fd.org> |
| Cc: | "Pimsner, David (USAAZ)" <David.Pimsner@usdoj.gov>, "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov> |
| Date: | 07/19/2017 09:41 AM |
| Subject: | FW: Follow-Up - Itinerary #1883077/Karlen REQUEST SUBMITTED, ARRIVAL: 7/26/2017 |

Jami,

Here is what we received from HKDOJ, via OIA, this morning:

"It was a pleasure speaking to you this morning.  We appreciate that as the deposition is sought at the instance of the defence, it would be inappropriate to use  the MLAT channel to procure the evidence. Meanwhile, I am a little concerned about the private arrangement below on the taking of deposition in Hong Kong for the purpose of a US criminal trial which would involve administering of oaths or affirmation by the US defence attorneys in Hong Kong without the blessing of a Hong Kong court order.  I would leave issue on legality of the process to the defence to sort out in consultation with their Hong Kong lawyers.

The MLAT aside, we have a separate regime of legal assistance operated on a court-to- court basis pursuant to sections 74 to 77D of the Evidence Ordinance, Chapter 8 of the Laws of Hong Kong (Cap. 8). The defence may consider arranging for the US trial court to issue a letter of request to the HKSAR court seeking the court's assistance in taking deposition from defence witnesses.  The request should provide some background facts of the case, the reasons for requiring the assistance of the HKSAR court, the types of assistance sought, and in the case of taking deposition, the preferred procedure or venue for taking deposition.  If the defence and US prosecutor want to conduct examination and cross-examination in a venue outside the High Court (e.g. a hotel conference room)  before a designated examiner (e.g. the US trial judge), such arrangement may be sought in the letter of request.  Following transmission of the request to the central authority of the HKSAR, notification of the request will be given to the Central People's Government to obtain clearance for execution.  When clearance is to hand, the request will be passed to the local agent appointed by the evidence-seeking party for processing, and in default of the appointment of such agent, the request will be processed by us.  I estimate the process for execution will take about 2 to 3 months to complete if there is no complication in obtaining clearance.

The alternative of making a court-to-court request to the HKSAR is an alternative the defence may consider, apart from seeking to take deposition in a place outside the HKSAR."

Thank you.

Bill

# EXHIBIT  17

 **Re: Hong Kong Deposition** 📄

Jami Johnson     to: Solomon, William (USAAZ)                                   07/22/2017 11:36 AM

Cc: "gregory_bartolomei@fd.org", "Pimsner, David (USAAZ)", "Karlen, Melissa (USAAZ)", "Kaster, Joseph (NSD) (JMD)"

Bill:

Because we didn't hear from you regarding the proposed alternative arrangement until what was already Saturday in Hong Kong, we had already had to cancel all of our flights, hotel rooms, conference space reservations, and interpreter arrangements in order to avoid incurring substantial non-refundable fees for a deposition we had been told was not going to occur. In addition, Greg was already on a very long journey back from Baghdad, and he and I have not had the opportunity to speak since we received your email. We will confer as quickly as we are able and get back to you regarding the revised plan, but at this point I doubt highly that we will be able to pull this off on Wednesday afternoon if only because it will not be possible for us to communicate with any of the service providers in Hong Kong about their possible continued availability until the work week starts again over there, by which point we will have already missed our planned Sunday 7:00 a.m. departure.

We will be in touch as soon as we are able.

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746

| "Solomon, William (USAAZ)" | Greg and Jami, Sorry to bother you o... | 07/22/2017 09:41:10 AM |
|---|---|---|

From:      "Solomon, William (USAAZ)" <William.Solomon@usdoj.gov>
To:        "gregory_bartolomei@fd.org" <gregory_bartolomei@fd.org>, "Jami_Johnson@fd.org" <Jami_Johnson@fd.org>
Cc:        "Pimsner, David (USAAZ)" <David.Pimsner@usdoj.gov>, "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov>, "Kaster, Joseph (NSD) (JMD)" <Joseph.Kaster@usdoj.gov>
Date:      07/22/2017 09:41 AM
Subject:   Hong Kong Deposition

Greg and Jami,

Sorry to bother you on the weekend. Unless we hear from you otherwise, the FBI will transport your client to our office Wednesday afternoon for the deposition. Please provide us connection information for the VTC so we can get that to our IT staff. The VTC will be in the same conference room as the previous depositions. If you plan to have a videographer, interpreter, and/or court reporter in Phoenix, please have them arrive at our reception area before 5:00 p.m.

Thank you.

Bill

Sent from my iPhone

**EXHIBIT  18**



**Hong Kong Deposition**

**Solomon, William (USAAZ)**   to: 'gregory_bartolomei@fd.org', Jami Johnson     07/21/2017 11:54 AM

Cc: "Pimsner, David (USAAZ)", "Karlen, Melissa (USAAZ)"     , "Kaster, Joseph (NSD) (JMD)"

History:          This message has been forwarded.

Greg and Jami,

As you know, we have been informed, based on objections from Hong Kong Police regarding the unauthorized presence of foreign law enforcement officials in Hong Kong for a deposition and concerns of the Hong Kong Department of Justice (HKDOJ) regarding the legality of the taking of the deposition, that we are not being permitted to participate in the deposition in person or remotely at this time. We have asked OIA to revisit with HKDOJ the issue of our participation in the deposition via Video Teleconference (VTC). As we discussed with Jami last night, although HKDOJ and OIA have expressed concerns about the legality of taking the deposition in Hong Kong without approval of the Hong Kong courts, neither the United States Department of Justice nor the Hong Kong Department of Justice has advised the defense not to proceed with the deposition in Hong Kong. In any event, should you proceed with the Hong Kong deposition, we will not oppose the admissibility of the deposition based on our inability to participate. Depending on the deposition excerpts you ultimately propose using at trial, we reserve the right to make any standard evidentiary objections based on the questions asked and the answers provided.

Should you elect not to move forward with the deposition in Hong Kong, and as we reiterated to Jami last night, we remain willing to work with you on the logistics of taking the deposition at an alternative location. Just in case you elect not to proceed with the Hong Kong deposition, OIA continues to communicate with Thai and Australian authorities regarding the possibility of taking the deposition in one of those countries.

Thank you.

Bill

# EXHIBIT  19



**Hong Kong Deposition**

Solomon, William (USAAZ)   to: 'gregory_bartolomei@fd.org', Jami Johnson          07/27/2017 03:38 PM

Cc: "Pimsner, David (USAAZ)", "Kaster, Joseph (NSD) (JMD)", "Karlen, Melissa (USAAZ)"

History:          This message has been replied to.

Greg and Jami,

Here is the verbatim email OIA received from Hong Kong DOJ regarding our ability to participate in the deposition via VTC, for you to do with as you see fit:

"I have conferred with colleagues specialized in civil law about the arrangement of the defence on the taking of deposition.   Administration of oaths or affirmation is a precondition for taking deposition. Under section 3 of the Oaths and Declarations Ordinance, Chapter 11, Laws of Hong Kong, only a court and a person acting judicially may administer an oath to a witness who is lawfully called or voluntarily come before it or him.   "A person acting judicially" means a tribunal, commission or other person having by law power to receive evidence by oath.   The last category of person includes a Hong Kong practicing solicitor who is empowered under section 7A of the Legal Practitioner Ordinance, Chapter 159, Laws of Hong Kong to administer oaths.   In this light, if the defence can arrange a Hong Kong practicing solicitor to administer the witness oath before the witness is examined, we have no objection to the US prosecutor participating in the examination through VTC or telephone.

On a related note, if the defence lawyer goes ahead with administering the witness oath, he may be guilty of the offence of unlawful administration of oaths which is punishable under section 9 of the Oaths and Declaration Ordinance (Cap. 11)."

Please let us know if you need our assistance in any way.

Thanks.

Bill

# EXHIBIT  20



**Re: Hong Kong Deposition** 📄

Jami Johnson    to: Solomon, William (USAAZ)                                    07/27/2017 06:27 PM

Cc:  "Pimsner, David (USAAZ)", "'gregory_bartolomei@fd.org'", "Kaster, Joseph (NSD) (JMD)", "Karlen, Melissa (USAAZ)"

Bill:

I would not presume to advise on Hong Kong law, but in light of the below, I'd ask that you please make sure that it has been clearly communicated that no defense lawyer has at any time had any intention of administering any oath to anyone.  Section 9 of the Oaths and Declaration Ordinance, to which s/he cites, says "Nothing in this section shall extend to an oath, affidavit or affirmation before a notary required by the law of any place outside Hong Kong to give validity to any document designed to be used in that place." From a lay perspective, that seems to me to be what is going on here, though s/he may of course have a different view on the subject.

Jami Johnson
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2746

"Solomon, William (USAAZ)"     Greg and Jami, Here is the verbatim...     07/27/2017 03:38:36 PM

| | |
|---|---|
| From: | "Solomon, William (USAAZ)" <William.Solomon@usdoj.gov> |
| To: | "'gregory_bartolomei@fd.org'" <gregory_bartolomei@fd.org>, Jami Johnson <Jami_Johnson@fd.org> |
| Cc: | "Pimsner, David (USAAZ)" <David.Pimsner@usdoj.gov>, "Kaster, Joseph (NSD) (JMD)" <Joseph.Kaster@usdoj.gov>, "Karlen, Melissa (USAAZ)" <Melissa.Karlen@usdoj.gov> |
| Date: | 07/27/2017 03:38 PM |
| Subject: | Hong Kong Deposition |

Greg and Jami,

Here is the verbatim email OIA received from Hong Kong DOJ regarding our ability to participate in the deposition via VTC, for you to do with as you see fit:

"I have conferred with colleagues specialized in civil law about the arrangement of the defence on the taking of deposition.   Administration of oaths or affirmation is a precondition for taking deposition. Under section 3 of the Oaths and Declarations Ordinance, Chapter 11, Laws of Hong Kong, only a court and a person acting judicially may administer an oath to a witness who is lawfully called or voluntarily come before it or him.   "A person acting judicially" means a tribunal, commission or other person having by law power to receive evidence by oath.   The last category of person includes a Hong Kong practicing solicitor who is empowered under section 7A of the Legal Practitioner Ordinance, Chapter 159, Laws of Hong Kong to administer oaths.  In this light, if the defence can arrange a Hong Kong practicing solicitor to administer the witness oath before the witness is examined, we have no objection to the US prosecutor participating in the examination through VTC or telephone.

On a related note, if the defence lawyer goes ahead with administering the witness oath, he may be guilty of the offence of unlawful administration of oaths which is punishable under section 9 of the Oaths and Declaration Ordinance (Cap. 11)."

Please let us know if you need our assistance in any way.

Thanks.

Bill