ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys
Arizona State Bar No. 007480
Arizona State Bar No. 033145
Arizona State Bar No. 020012
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
David.Pimsner@usdoj.gov
Karlen.Karlen@usdoj.gov
William.Solomon@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Ahmed Alahmedalabdaloklah,<br><br>    Defendant. | CR-12-01263-PHX-ROS<br><br>**UNITED STATES OF AMERICA'S POSITION REGARDING DISCLOSURE OF ADDITIONAL INFORMATION RELATED TO THE WITHDRAWAL OF THE HONG KONG WITNESS** |

The defendant has requested "(1) the production of (a) all communications (including attachments) between the Government (including, but not limited to, the Office of the United States Attorney for the District of Arizona, OIA, and DOJ), and any Chinese or Hong Kong governmental body or official pertaining to this case, and (b) all materials cited, referenced, or otherwise relating to the matters discussed in the Letter, and (2) the identification of all persons who, on behalf of the Government, engaged in any communications with any authority in China (including Hong Kong) regarding this case (whether written or oral), so that Mr. Alahmedalabdaloklah may interview and/or subpoena such persons, if necessary." (Doc. 628, page 20, lines 6-14).

The United States has complied with its "constitutional and professional obligations" and "related to *Brady* and *Giglio obligations*," as it has "searched for, reviewed, and turned

over all material information as directed by Judge Wake" in his August 4, 2017 Order. *See* Doc. 551 at 1-2. This information was provided via a letter (sent to defense counsel on August 11, 2017) and through information contained in the government's response to the Motion to Dismiss Indictment for Substantial Government Interference with a Defense Witness (Doc. 624).

The defendant now seeks <u>*all*</u> communications and the disclosure of the identities of all parties involved. However, this request exceeds the original August 4, 2017, Order of Judge Wake. Judge Wake's original Order required the government to disclose any evidence the government deemed material to the witness's withdrawal, which it did. As this Court previously stated, Judge Wake's August 4, 2017 Order did not "require the government turn over every piece of evidence merely because it had some tangential connection to the withdrawal of the witness." *See* Doc. 551 at 1. Further, because the information not provided does not fall under the *Brady* or *Giglio* discovery requirements, "[t]he judiciary does not have a license to intrude into the authority, powers and functions of the [executive] branch [ ][,][for[[j]udges are not…executive officers, vested with discretion over law enforcement policy and decisions." *Id.* quoting *United States v. Simpson,* 927 F.2d 1088, 1089 (9th Cir. 1992)). "Absent some 'indication that the government has not or will not comply with its duty' to turn over all required information, there is no basis for Court involvement in this issue." *Id.* at 1492.

Further, after consultation with the Office of International Affairs (OIA), it is their position, that the communications between OIA and Hong Kong authorities are sensitive law enforcement communications, which contain no relevant information to explain the withdrawal of the defense witness. The assigned Assistant United States Attorneys have also reviewed the communications and concur with this assessment. As such, the communications need not be disclosed to defense counsel. The United States already provided the defendant information related to the withdrawal of the defense witness in the August 11, 2017, letter (as thoroughly as it was able). As the remaining correspondence provides no new insight on the withdrawal of the defense witness, and given the sensitive

nature of the communications, the government does not intend to provide additional information sought by the defendant.

Respectfully submitted this 5th day of January, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ David A. Pimsner*

DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Copy of the foregoing served electronically via the ECF system this 5th day of January, 2018, to:

Jon Sands
Gregory A. Bartolomei
Shishene Jing
Jami Johnson
Molly A. Karlin

Counsel for Ahmed Alahmedalabdaloklah

*s/ Theresa A. Hanson/DP*
U.S. Attorney's Office