ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
JOSEPH N. KASTER
Assistant U.S. Attorneys
Trial Attorney
Arizona State Bar No. 007480
California State Bar No. 218101
Arizona State Bar No. 020012
Illinois State Bar No. 6207197
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
David.Pimsner@usdoj.gov
Melissa.Karlen@usdoj.gov
William.Solomon@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>     vs.<br><br>Ahmed Alahmedalabdaloklah,<br><br>              Defendant. | CR-12-01263-PHX-ROS<br><br>**STATEMENT AS TO RELEVANCY OF APRIL 6, 2007, AND MAY 14, 2007, EXPLOSIONS** |

**Introduction**

Pursuant to the Court's Order of January 9, 2018 (Doc. 669), the United States respectfully submits this statement concerning the continuing relevance of the "April 6" and "May 14" explosions.  Although these events will no longer serve as overt acts, the United States still needs to show that circuit boards found at Omar Street (and thus linked to the Defendant) were intended for use in detonating improvised explosive devices

("IEDs") against American military personnel in Iraq. To that end, as summarized at the recent hearing, an expert will testify that the circuit boards recovered from the April 6 and May 14 events matched circuit boards found at Omar Street. Consistent with the parameters set forth by the Court, the United States' discrete evidence concerning these two events at trial therefore will support the critical proposition that the Omar Street apartment was used to make IED switches without unfairly prejudicing the Defendant. *See* Order at 3, dated 1/2/18 (Doc. 654) and Hearing Transcript at 8-12 (dated 12/21/17) ("Hearing Tr.").[1] The United States incorporates by reference its arguments from its "Response to Renewed Motion to Strike Overt Acts (e)(i) and (e)(ii) and Motion in Limine Regarding April 6, 2007, and May 14, 2007, Explosions" (Doc. 613) and the motions hearing of December 21, 2017 (Hearing Tr. at 5 *et seq.*). A summary of those arguments is provided below.

**Statement of Relevance**

The gravamen of the superseding indictment avers that the Defendant joined a conspiracy to design and build custom circuit boards for use in IEDs against American military personnel in Iraq. Circuit boards linked to the Defendant from a board-making cache (Omar Street) utilized a technology -- dual-tone, multi-frequency (DTMF) decoding -- to trigger IEDs.[2] At the time of the raid of Omar Street, the military patrol found no

---

[1] As explained during the December 21 hearing, the circuits all have nearly identical traces, share a common set of electrical components, and function identically.

[2] The designator "DTMF-11" refers to a specific DTMF circuit design as determined by the Combined Explosive Exploitation Cell ("CEXC").

insurgents present within the cache, nor were explosive mixtures or ordnances present. Unlike military ordnances or automatic weapons, DTMF circuit boards are not manifestly components for explosive devices or facially dangerous.  Accordingly, to show the character and use of these DTMF boards, the United States would prove that circuit boards recovered from two exploded IEDs (the "April 6, 2007," and "May 14, 2007," events) matched those found in a board-making cache linked to the Defendant.

Not surprisingly, the defense disputes that DTMF technology, and the related evidence from Omar Street, was intended for these nefarious purposes.[3]  To convince the jury that these circuit boards are not "perfectly unremarkable objects" as the defense asserts (Exp. Resp. at 24), limited evidence from the two IED events will demonstrate that seemingly innocuous-looking circuit boards, such as the ones found at Omar Street, in fact were used in IEDs.  The United States anticipates showing through its engineering witnesses that they knew custom-made DTMF-11 boards to be used in Iraq only for triggering IEDs.  To the contrary, defense counsel described its current position as follows: "We do not contest that DTMF-11s can be used for a nefarious purpose, but they can also be used for other purposes."  *See* Hearing Tr. at 7 (ln 10-12).

The defense previously telegraphed their hope to create reasonable doubt by arguing that the DTMF boards had an innocent purpose.  *See* Exp. Resp. at 24-26, 40 et seq. ("DTMF decoders are legal, widely available for sale on, e.g., eBay …").  The defense has

---

[3] *See* RESPONSE TO UNITED STATES' RENEWED NOTICE OF EXPERT OPINIONS, dated 11/13/17 (Doc. 575) at 24, 40 ("Exp. Resp.") and RENEWED MOTION TO STRIKE OVERT ACTS (E)(I) AND (E)(II) AND MOTION IN LIMINE REGARDING THE APRIL 6, 2007 AND MAY 14, 2007 EXPLOSIONS PURSUANT TO THE COURT'S AUGUST 30, 2017 ORDER, filed 12/12/17 (Doc. 610) ("Exp. Resp.").

noticed an expert of their own who allegedly will opine about legitimate, commercial uses for DTMF-11 boards. *See* DEFENDANT'S RENEWED DISCLOSURE OF EXPERT OPINIONS FOR TRIAL, dated 11/13/17, (Doc. 573 at 4-5). As the Court explained during the hearing of December 21, the defense may challenge the weight of the April 6 and May 14 evidence through its own expert or via cross-examination. *See* Hearing Tr. at 19. Because this evidence addresses a central disputed fact pertinent to the charges against the Defendant, the evidence is highly probative and should be admitted. Fed. R. Evd. 401, 402.

The Government's experts will explain how custom-made DTMF-11 boards, like those found at Omar Street and at the April 6 and May 14 events, were used in RCIEDs and were not designed for commercial purposes. Limited evidence from those two events plainly would corroborate this expert testimony. Unlike an AK-47 (*see* Mot. Strike at 7) or a knife (Hearing Tr. at 13), a DTMF-11 circuit board facially does not manifest a capacity to kill or injure. In other words, evidence regarding these two events is critical to the Government's burden of showing that the DTMF boards found at Omar Street and linked to the Defendant were designed for RCIEDs, and not some legitimate commercial use.

The United States' agreement not to argue that the April 6 and May 14 events qualify as overt acts may remove one potential purpose of this evidence but does not, *ipso facto*, render the evidence inadmissible for all purposes. "[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case." *See United States v. Abel*, 469 U.S. 45, 56 (1984). Just because the United States no longer intends to offer

evidence from the April 6 and May 14 events to prove overt acts, such evidence still can be admissible for the independent purpose of showing that DTMF-11 boards found at Omar Street were used to trigger RCIEDs. *See, e.g., United States v. Jaramillo-Suarez*, 950 F.2d 1378, 1383 (9th Cir. 1991) (despite hearsay objection in a drug conspiracy, a ledger or a pay/owe sheet was properly admitted for the specific and limited purpose of showing the character of the defendant's apartment). As in *Jaramillo-Suarez*, the United States is entitled to show the "character and use" of the Omar Street apartment by explaining the import of the DTMF-11 boards found there. *Id*. (circumstantial evidence plus expert testimony explained drug ledgers and pay/owe sheets found at an apartment linked to the defendant).

Finally, during the December 21 hearing, the Court properly overruled the Defendant's Rule 403 objection. Virtually all relevant evidence submitted by the Government in a criminal case is "prejudicial" to a defendant if it tends to prove the prosecution's case. As the Ninth Circuit has explained,

> Relevant evidence may be excluded under FRE 403 only if its probative value is <u>substantially</u> outweighed by one or more of the articulated dangers or considerations. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. <u>FRE 403 favors admissibility</u>, while concomitantly providing the means of keeping distracting evidence out of the trial.

*See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (evidence about a violent organization may be "prejudicial" to a defendant who conspired with that organization to kill but certainly is not *unfairly* so) (emphasis added). The "prejudice" of this IED evidence

- 5 -

arises from the Defendant being a member of a criminal conspiracy that used IEDs against American soldiers as alleged in the indictment. *See generally United States v. Patterson*, 819 F.2d 1495, 1504-1505 (9th Cir. 1987) (holding that evidence of shooting charged as overt act in drug conspiracy was not unfairly prejudicial and was relevant because the shooting was an example of the pattern of violence alleged in the indictment).

## **Conclusion**

Evidence of circuit boards from two actual IED attacks matching circuit boards designed or produced in the Defendant's circuit-board cache is both factually and legally relevant to the charged conspiracy. And, given the charged crimes, such evidence is in no way "unfairly" prejudicial. Because this evidence is admissible under Rules 401-403, the Court should reaffirm its ruling from the December 21st hearing that this evidence is admissible.

Respectfully submitted, this 10th day of January, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Joseph N. Kaster*

DAVID A. PIMSNER
MELISSA KARLEN
BILL C. SOLOMON
Assistant U.S. Attorneys

JOSEPH N. KASTER
Trial Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that on 10th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Gregory A. Bartolomei
Jami Johnson
Molly A. Karlin
Shishene Jing

*David Pimsner*
U.S. Attorney's Office