IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01263-PHX-ROS |
|---|---|
| Plaintiff, | **PROPOSED FINAL PRETRIAL ORDER** |
| v. | |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

The following is the joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference set for **January 17, 2018 at 9:00 a.m.**

## A.     TRIAL COUNSEL FOR THE PARTIES

Plaintiff:

David A. Pimsner
David.Pimsner@usdoj.gov

Melissa Karlen
Melissa.Karlen@usdoj.gov

Bill C. Solomon
William.Solomon@usdoj.gov

Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Fax: (602) 514-7693

Joseph Kaster
Joseph.Kaster@usdoj.gov

U.S. Department of Justice
950 Pennsylvania Ave. NW

Suite 2649
Washington D.C. 20530
Telephone: (202) 514-0849
Fax: (202) 514-8714

    Defendant:
Gregory A. Bartolomei
gregory_bartolomei@fd.org

Jami Johnson
jami_johnson@fd.org

Molly Karlin
molly_karlin@fd.org

Shishene Jing
shishene_jing@fd.org


Office of the Federal Public Defender
850 West Adams Street
Suite 201
Phoenix, Arizona 85007
Tel. #: (602) 382-2700
Fax #: (602) 382-2800

**B. STATEMENT OF JURISDICTION/ VENUE**

This Court has jurisdiction pursuant to: (1) 18 USC Section 3231 "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," and (2) 18 USC Section 3238 "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of the two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia."

## C. NATURE OF ACTION

This is a criminal case that alleges that beginning in or about January 2005 until on or about July 2010, the Defendant conspired with others to procure component parts and manufacture custom circuit boards to be used in radio-controlled improvised explosive devices ("RCIEDs") which targeted U.S. military personnel and vehicles in Iraq. The Defendant has pleaded not guilty to these charges.

As set forth in the Second Superseding Indictment, the defendant, Ahmed Alahmedalabdaloklah, is charged with the following criminal offenses: (1) conspiracy to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(1) and (3); (2) conspiracy to maliciously damage or destroy U.S. Government Property by means of an explosive, in violation of Title 18, United States Code, Section 844(f)(1)(2), and (n); (3) aiding and abetting the possession of a destructive device in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (B)(ii) and 2; (4) conspiracy to possess a destructive device in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(o); (5) conspiracy to murder a United States national outside of the United States, in violation of Title 18, United States Code, Section 2332(b)(2); and (6) provision of material support or resources knowing and intending that the support was to be used in preparation for and in carrying out a conspiracy to kill a United States national in violation of Title 18, United States Code, Section 2339A.

## D. JURY/ NON-JURY

Each party requests a jury trial as to all issues.

## E. CONTENTIONS OF THE PARTIES

The United States contends that the defendant is guilty, beyond a reasonable doubt, of each of the counts alleged in the Second Superseding Indictment. The defendant has pled not guilty to all charges.

## F. STIPULATIONS AND UNDISPUTED FACTS

The parties hereby agree that the following stipulations be entered into the record

as evidence at trial:

1. Muhammad Dawud Mahmud is an Iraqi national who was detained on July 3, 2014, by Iraqi forces in the vicinity of Sulaymaniyah, Iraq.

2. Muhammad Dawud Mahmud was biometrically matched to components and documents associated with the construction of remote-controlled improvised explosive devices (IEDs) recovered in Baghdad, Iraq, by Coalition Forces on three different occasions between 2004 and 2009.

3. Through fingerprint analysis reflected in the TEDAC Report dated January 13, 2017, regarding CEXC # 7935-06, Mahmud is linked to TEDAC item # Q22AT, which is a document found at 50 Omar Street, Baghdad, during the raid on August 30, 2006. The 2006 raid at 50 Omar Street was assigned CEXC # 7935-06. Item Q22AT is a document written in Arabic with notations that include lists of microchips in various sizes, including PICs, and an MT8870 microchip decoder.

4. As to the CEXC/TEDAC fingerprint technicians, the defense agrees that they will not object or challenge the fingerprints at trial based on *Crawford*, or hearsay to the following: the lifting of the print, the process used, the documentation and the chain of custody from the lift to the examiner. The defense further agrees that Daniel Lien, the fingerprint examiner, can provide an overview in his testimony describing the process used to lift the prints.

**G. PLAINTIFF'S CONTENTIONS OF DISPUTED FACT**

Aside from the stipulations listed in Section F above, all other facts are disputed.

**H. DEFENDANT'S CONTENTIONS OF DISPUTED FACT**

Aside from the stipulations listed in Section F above, all other facts are disputed.

**I.  ISSUES OF LAW IN CONTROVERSY**

Neither party is aware of any issues of law in controversy, other than those identified in the pretrial motions.

**J. SEPARATE TRIAL OF ISSUES.**

Neither party is aware of any request for a separate trial of any issues.

//

//

# K. LIST OF WITNESSES

Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

Prosecution Witnesses

a) Witnesses who shall be called at trial by the United States:

| | |
|---|---|
| Julia Albert (Custodian of Records Yahoo!) | Custodian of records at Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Jamal Al-Dhari | Witness who the government has alleged was also a member of the 1920 Revolution Brigades. He will verify defendant's membership, assistance and role in the conspiracy. He is a fact witness. |
| Bob Aleman | Accepted items of evidence at the Terrorist Explosive Device Analytical Center (TEDAC) from Iraq. TEDAC intake was responsible for assigning the Q numbers to items of evidence. He is a fact witness. |
| Muhammad Husayn Ali Al-Zobai | Witness who will testify that he witnessed defendant with a device that could be used in explosions. Defendant also told him that he sent 1,000 electronic boards to the Brigades from China. He is a fact witness. |
| James Donald Beller | He collected items of evidence after the IED explosion on April 6, 2007. He is a fact witness. |
| Tamiko Bogad | She was stationed at the Combined Explosive Exploitation Cell (CEXC). She was in the triage section when the items of evidence were received from the Omar Cache. She is a fact witness. |
| Colin Bogart | Custodian of records for Google who will authenticate and begin the chain of |

| | |
|---|---|
| (Custodian of Records Google) | custody for several emails. He is a fact witness. |
| Greg Capalia | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Engineering section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |
| Jay Carrott | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the involved in the intake of evidence from the Rabie Cache. He is a fact witness. |
| Nicole Choy (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Mireille Delbecq (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. A fact witness. |
| Glen Alvin Demarcus | He was involved in the collection of Muhammad Husayn Ali Al-Zobai's computer hard drive. He is a fact witness. |
| Richard Allen Dula | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was involved in the triage of evidence from the Rabie Cache. He is a fact witness. |
| Andrew English | He processed items of evidence at the Terrorist Explosive Device Analytical Center (TEDAC) from Iraq. He is a fact witness. |
| Jeffrey Evans | He is an information technology specialist/ forensic examiner. Mr. Evans was one of the forensic examiners who conducted the analysis on the computer/media storage device evidence obtained in this case and received, reviewed and processed the 2703(d) and email search warrants. He is an expert witness. |
| Daniel Gaston | He was stationed at the Combined |

| | |
|---|---|
| | Explosive Exploitation Cell (CEXC). He was one of the individuals responsible for transferring the evidence to TEDAC. He is a fact witness. |
| Christopher Graham | He is one of electrical engineers who was stationed at the CEXC facility in Iraq at the time of the Omar cache seizure. He will testify among other things about analysis associated with IEDs recovered in Iraq specifically between 2006 and 2009. He will testify about how to make a DTMF circuit board and how the circuit boards are utilized to detonate an IED remotely. He will also testify that the items discovered at the Omar cache collectively represented an IED electronics factory. The United States also incorporates the Notice of Expert testimony descriptions as well. He is a fact and expert witness. |
| Hilda Graulau | She is an information technology specialist/ forensic examiner. Ms. Graulau was the forensic examiner who supervised Mr. Shramovich while he conducted the analysis on the computer recovered from Muhammad Husayn Ali Al-Zobai. She is an expert witness. |
| Travis Guthmiller | He collected items of evidence after the IED explosion on April 6, 2007. He is a fact witness. |
| Lauren Hall (Custodian of Records Google) | Custodian of records at Google who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Marci Hanisch (Custodian of Records Yahoo!) | Custodian of Records Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Andy L. Hasenkamp | He collected items of evidence from the Omar Cache. He is a fact witness. |
| Clint Hemberg | He is one of the FBI agents handling the investigation of this case. In that capacity, |

| | |
|---|---|
| | he interviewed witnesses, developed and followed leads, reviewed evidence, prepared warrants and is familiar with all aspects of the case. He is a fact witness. |
| Thomas Hickey | He collected items of evidence from the Amiriyah Cache. He is a fact witness. |
| John Holland | He was one of the individuals responsible for shipping items of evidence from the Omar Cache in Iraq to TEDAC. He is a fact witness. |
| Alan David Housel | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was a photographer when the items of evidence were received from the Rabie Cache. He is a fact witness. |
| Sherry Hoyt (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| William Huff | He collected items and took photographs of the evidence at the Omar Cache. He is a fact witness. |
| Dr. David J. Kilcullen | He is a retired Australian military officer who served in the Iraq war. Dr. Kilcullen will testify as an expert witness regarding the 1920 Revolution Brigades. The United States incorporates the previous description of testimony in the Notices(s) of Expert(s). |
| Evan Kohlmann | He is a fact witness who will lay foundation about the video footage of attacks on U.S. forces. |
| Ian Lachance (Custodian of Records Yahoo!) | Custodian of records at Yahoo! who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Steven John Joseph Luhowy | He is one of electrical engineers who was stationed at the CEXC facility in Iraq and conducted the electrical inspections of items seized at the Omar Cache and how it relates to the manufacture of circuit boards for use in IED triggering devices. |

| | |
|---|---|
| | The United States incorporates the previous description of testimony in the Notices(s) of Expert(s). He is a fact witness. |
| Michele Lai<br>(Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| J. Andre LeMonde | He is one of the individuals responsible for shipping items of evidence from the Amiriyah Cache to TEDAC. He is a fact witness. |
| Julie Liang<br>(Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Daniel Lien | He is a physical scientist/forensic examiner with the TEDAC laboratory. He will testify regarding friction ridge print examinations (manual and computer assisted) conducted on documents, boards, switches, (IED) components, and other evidence involved in this case. His testimony will focus on the viability and persistence of latent prints on items of evidence. He will also testify regarding the number of latent prints developed from the documents and other physical evidence in this case, the methods used to lift the latent prints (including, visual examination, Ninhydrin (NIN), laser and UV lights, reflective ultraviolet imaging system (RUVIS), (cyanoacrylate) super glue fuming (SGF), alternative black powder (ABP), and a chemical composition of fluorescent dyes called RAM (Rhodimine 6G, Ardrox and MBD) visualized with three wave lengths of light (Laser, UV, and 455)), and the suitability of those prints for the purposes of comparison against known fingerprint exemplars, including those taken from the defendant, co-conspirators and others. |

| | |
|---|---|
| | He is a fact and expert witness. |
| Joseph Andrew Loar | He was the commander of the platoon involved in the collection of Muhammad Husayn Ali Al-Zobai's computer hard drive, flash drives and documents. He is a fact witness. |
| Richard Low | He was the commander of the platoon that discovered the Omar Cache. He is a fact witness. |
| Steve Malloy | He is a TEDAC electrical engineer. Mr. Malloy will testify about the circuit analysis associated with IEDs, to include schematics, actual circuit boards, as well as components and associated pieces. His testimony will cover general uses and functions of electronic components, parts and boards. In addition, he will testify about the examinations, analyses, opinions, and observations related to specific items of evidence sent to TEDAC including the Omar cache and how they were similar to items recovered in other IED events. He also will testify regarding items found in Rabie and Amariyah caches as well as the two IED explosins identified in the Second Superseding Indictment. Mr. Malloy will also testify about comparisons (similarities and differences) between various electronic devices, schematics and circuit boards provided to TEDAC from locations throughout Iraq. He is a fact and expert witness. |
| Dina McCarthy | She is one of the FBI agents handling the investigation of this case. In that capacity, she interviewed witnesses, developed and followed leads, reviewed evidence, prepared warrants and is familiar with all aspects of the case. She is a fact witness. |
| Robert Meshinsky | He is an information technology specialist/ forensic examiner. Mr. Meshinsky was one of the forensic |

| | |
|---|---|
| | examiners who conducted the analysis on the computer/media storage device evidence obtained in this case. He is an expert witness. |
| Gregory Boswell Moore | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was a photographer when the items of evidence were received from the Rabie Cache. He is a fact witness. |
| Dr. Clydell Morgan | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |
| Marsha Morton (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Geof Mullins | He collected items and took photographs of the evidence at the Omar Cache. He is a fact witness. |
| Sam Mum | He was one of the individuals responsible for shipping items of evidence from the Omar Cache in Iraq to TEDAC. He is a fact witness. |
| Col. John G. Norris | He was one of the commanding officers whose brigade discovered and searched the Omar Cache. He is a fact witness. |
| SA David F. Nunez | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the involved in the intake of evidence from the Rabie Cache. He is a fact witness. |
| Lisa O'Connor (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Col. Kurt Pinkerton | He was a Battalion Commander around the Abu Ghraib area. He will testify about insurgent groups that targeted the area(s) he was stationed in or near. He will identify base locations in his area of |

| | |
|---|---|
| | operation and major and alternate supply routes used by the military. He will describe his experience with the 1920 Revolution Brigades (both in combat and non-combat settings), their common tactics, patterns, and weapons used and any counter efforts made by coalition forces to combat these attacks. He is a fact witness. |
| Hector Rodriguez | Weapons Intelligence Team member who processed the scene, then collected, and transported evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Sarah Rodriguez (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Walter Rodriguez (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| John/Tom Rose | He was one of the individuals responsible for shipping items of evidence from the May 14, 2007 explosion to TEDAC. He is a fact witness. |
| Thomas Sacco (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Jason Sanchez (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Denis Sarmento (Custodian of Records Google) | Custodian of records for Google who will authenticate and begin the chain of custody for several emails. He is a fact witness. |
| Kim Marie Sartorius | She was stationed at the Combined Explosive Exploitation Cell (CEXC). She was in the Biometrics section when the items of evidence were received from the Rabie Cache. She is a fact witness. |

| | |
|---|---|
| Svetlana Shatnenko (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. She is a fact witness. |
| Joseph P. Shramovich, III | He is an Information Technology Specialist/ Forensic Examiner at the Federal Bureau of Investigation. Mr. Shramovich was the forensic examiner who conducted the analysis on the imaged copy of the Muhammad Husayn Ali AL-Zobai's hard drive obtained in this case. He is an expert witness. |
| Rafael Henryk Stachowski | He transferred Muhammad Husayn Ali Al-Zobai's hard drive to DOMEX. He is a fact witness. |
| David Stallcup | Weapons Intelligence Team 16 team leader. His team was present and collected evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Andrew Tarasar | He collected items of evidence from the Amiriyah Cache. He is a fact witness. |
| Olha Tokalenko (Custodian of Records Yahoo!) | Custodian of records for Yahoo! who will authenticate and begin the chain of custody for several emails. A fact witness. |
| Clay Sigler | He was present on the scene and collected and transported evidence after the IED explosion on April 6, 2007. |
| Stewart Whitson | He is one of the FBI agents handling the investigation of this case. He is a fact witness. |
| Todd Wilson | He was commander of one of the military groups that discovered and collected evidence from the Omar Cache. He is a fact witness. |
| Rodolfo R. Zamora | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |

| Kakil (Kevin) Zibari | Zibari was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the engineering section when the items of evidence were received from the IED explosion on April 6, 2007. He is a fact witness. |
|---|---|
| Eugene Zink | He collected items and took photographs of the evidence at the Omar Cache. He is a fact witness. |

b) Witnesses who may be called at trial:

| Omar Avila | He collected items of evidence after the IED explosion on May 14, 2007. He is a fact witness. |
|---|---|
| Nancy Barker | TEDAC fingerprint technician. She is a fact witness. |
| Katherine Barnard | CEXC fingerprint technician. She is a fact witness. |
| Antonio Barnes | A victim of the IED explosion on April 6, 2007. He is a fact witness. |
| Ashley (Melvin) Berecz | CEXC fingerprint technician. She is a fact witness. |
| Erik Berg | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the Biometrics section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |
| James L. Betts | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the in the biometrics section when the evidence was received from the IED explosion on April 6, 2007. He is a fact witness. |
| Andrew Catterton | He collected items of evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Gayle P. Davenport | TEDAC fingerprint technician. She is a fact witness. |
| Debora Caine | TEDAC fingerprint technician. She is a fact witness. |
| Rimon Dahdal | Linguist with the Federal Bureau of Investigation (FBI). He translated several |

| | |
|---|---|
| | documents and email messages from Arabic to the English language. He is an expert witness. |
| Marie Edwards | She was stationed at the Combined Explosive Exploitation Cell (CEXC). She was in the involved in the triage of evidence from the IED explosion on April 6, 2007. She is a fact witness. |
| Norman Ennis | He was part of the security team and collected items of evidence from the IED explosion on April 6, 2007. He is a fact witness. |
| Rosa Harris | TEDAC fingerprint technician. She is a fact witness. |
| Mitch Little | He is a fact witness that will establish jurisdiction by testimony regarding the PIC chip from his company headquartered in Tempe. |
| Mollie Marie Kirkland | TEDAC fingerprint technician. She is a fact witness. |
| Patrick Mange | He collected items of evidence from after the IED explosion on April 6, 2007. He is a fact witness. |
| Matthew Martinez | He was present and collected items of evidence from after the IED explosion on May 14, 2007. He is a fact witness. |
| Jamie Lee Mattice | He collected items of evidence from after the IED explosion on April 6, 2007. He is a fact witness. |
| Rachel Newton | CEXC fingerprint technician. She is a fact witness. |
| Octavio Nunes | She collected items of evidence after the IED explosion on May 14, 2007. She is a fact witness. |
| Elaine Otter | TEDAC fingerprint technician. She is a fact witness. |
| Aaron Rasmussen | He collected items of evidence after the IED explosion on April 6, 2007. He is a fact witness. |
| Neil Reede | He was present on the second day of evidence collection from the Omar Street Cache. He can testify about what was present, collected and to authenticate photographs taken. |

| | |
|---|---|
| Jerrell Rice | He was a victim of the IED explosion on April 6, 2007. He is a fact witness. |
| Donna J. Roberts | TEDAC fingerprint technician. She is a fact witness. |
| Jim Schultz | CEXC fingerprint technician. He is a fact witness. |
| Donald C. Siefert | TEDAC fingerprint technician. He is a fact witness. |
| Alfredia L. Spence | TEDAC fingerprint technician. She is a fact witness. |
| Jarrod Taylor | He collected items of evidence after the IED explosion on May 14, 2007. He is a fact witness. |
| Susan K. Trunzo | TEDAC fingerprint technician. She is a fact witness. |
| Mark Wickham | He will explain the realities and protocol implemented to collect IED parts or devices in war-time conditions.  He will explain the formation of the CEXC facility located in Iraq and the protocol and efforts made by military personnel to recover insurgent devices at caches/storage areas, or implanted in the field, for technical and forensic review.   He will explain the significance and importance in recovering IED devices and parts and analyzing them technically and forensically to assist counter-insurgent efforts in creating counter measures. He will describe the principals governing the analysis and review of IEDs, specifically, force-protection, targeting, sourcing and forensics to support prosecution. He will also opine on how such information can be recorded and used to identify those who created, manufactured, implanted and used these devices.  The United States incorporates the previously disclosed areas of testimony in the Notice of Experts.  He is a fact and expert witness. |
| Sushana Williams | CEXC fingerprint technician. She is a fact witness. |

| Rannie L. Winston | TEDAC fingerprint technician. Fact witness. |
| Caitlyn Withum | CEXC fingerprint technician. She is a fact witness. |
| Custodian of Records, Western Union | This witness may testify regarding a financial transaction the defendant conducted. This person is a fact witness. |

c) United States' witnesses to whose testimony defendant objects on grounds of non-compliance with the scheduling order:

| Joseph Green | He was a collector of the items of evidence collected at Rabie Cache. He is a fact witness. |
| Randall Peterson | He was stationed at the Combined Explosive Exploitation Cell (CEXC). He was in the triage section when the items of evidence were received from the Amiriyah Cache. He is a fact witness. |

Defense position: These witnesses were not identified in the government's September 8, 2017 Proposed Pretrial Order (Doc. 505). The Order Setting the Final Pretrial Conference stated: "[t]he Court will not allow parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this Order and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice." (Doc No. 342 at 1–2.) The government has not stated why the addition of these witnesses is necessary "to prevent manifest injustice," and the defense therefore opposes the addition of these witnesses.

Government's position: The government conducted witness interviews with previously identified as chain of custody witnesses. Based upon those witness interviews, the government identified other percipient witnesses with memories of the respective events. They are being called to describe their integral role in the processing/collection of that evidence. Following their identifications and interviews, the witnesses' FBI "302" reports were disclosed to defense counsel on October 27, 2017, November 3, 2017 and November 21, 2017. These witnesses were not located until after September 8, 2017. As these are the appropriate

witnesses to establish chain of custody, which defense has indicated will be challenged for every piece of evidence, it would create manifest injustice to prevent their testimony.  Further, as defense counsel received notice through the witness reports months before trial, there has been no showing of prejudice by the defense. As these are the appropriate witnesses to establish chain of custody, which defense has indicated will be challenged for every piece of evidence, it would create manifest injustice to prevent their testimony.  Further, as defense counsel received notice through the witness reports months before trial, there has been no showing of prejudice by the defense.

*The United States reserves the right to call rebuttal witnesses as needed.

c)  <u>Witnesses who are unlikely to be called at trial:</u>

Waad Ramadan Alwan            1920 RB member. He is a fact witness.

Hassan Al-ani            Employee of Jamal Al-Dhari.  He is a fact witness.

<u>Defense Witnesses</u>

a)  Witnesses who shall be called at trial

Ammar Al Shamma (Fact witness)

This witness will discuss the nature of his work in the family electronics business in the electronics section of the commercial market in Baghdad.

Falah Al Shamma (Fact Witness)

This witness will discuss the nature of his electronics business in the electronics section of the commercial market in Baghdad.

Tamiko Bogad (Fact Witness)

Ms. Bogad will be called to testify about her participation at CEXC-Iraq for processing evidence during the relevant time frames and the standard operating procedures implemented at that time.

//

//

#### Jack Dempsey (Fact Witness)

Mr. Dempsey served with in Iraq during August 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events and the extent of his investigation.

#### Derrick Draper (Fact Witness)

Captain Draper was in Iraq serving in the military in August of 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events.

#### Taisir El-Qoulaq (Expert and Fact Witness)

Mr. Qoulaq is a cultural expert who served as the Chief of Staff with the U.S. Department of Treasury/OTA from August 2006, through March 2009. He will testify consistent with the expert disclosures previously submitted in this case.

#### David Enders (Fact Witness)

Mr. Enders is an investigator who has personal knowledge of the geographic layout of Baghdad and took a number of the photographs the defense intends to offer into evidence.

#### Christopher Graham (Fact Witness)

Mr. Graham worked as the lab manager for CEXC-Iraq in 2006. The government alleges he processed evidence in this case.

#### Donald L. Hansen

Mr. Hansen is an expert on forensic evidence collection of explosives. He will testify consistent with the expert disclosures previously submitted in this case.

#### William Huff (Fact Witness)

Mr. Huff was a member of the 4-23rd Infantry Battalion in 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that

ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events.

### Lt. Colonel Joseph L'Etoile (Fact Witness)

Lt. Col. L'Etoile served with the U.S. Marine Corps, 2nd Battalion, in Iraq during the relevant time periods. He was the Marine Commander of the district in which actions alleged in the discovery occurred and he has personal knowledge of events that occurred in that region.

### Richard Low (Fact Witness)

Mr. Low was a commissioned Officer and part of the 4-23rd Infantry Battalion in 2006 when the government alleges that the military came upon items of interest at 50 Omar Street that ultimately led to the filing of charges in this case. He will testify to his actions and observations surrounding those events.

### Dina McCarthy (Fact Witness – FBI)

Agent McCarthy has been one of the key law enforcement officers involved in the investigation of this case and, among other things, has knowledge regarding various individuals alleged to have been involved with the 50 Omar Street cache location.

### Michael J. Spence (Expert – DNA)

The defense received on January 10, 2018 the complete results of the DNA testing recently performed in England on items allegedly collected at 50 Omar Street. A summary report confirming that the defendant was excluded as a contributor to the DNA on those items was received on January 4, 2018. Defense is willing to work with the government regarding a stipulation regarding those results to avoid testimony by Dr. Spence about scientific evidence not in dispute, but in the event no stipulation is reached, defense intends to call Dr. Spence to testify regarding the results.

### Thomas Workman (Expert – Electronical Engineer)

Mr. Workman is an electrical engineer with over 20 years of experience, and he is also an attorney. He will testify consistent with the expert disclosures previously submitted in this case.

Stewart Whitson (Fact Witness – FBI)

Agent Whitson is expected to testify about his participation in the investigation of this case, including but not limited to, his involvement with other witnesses for the government both in the United States and abroad.

    b)  <u>Witnesses who may be called at trial</u>

Kathleen Bright-Birnbaum (Expert – Fingerprints)

Ms. Bright-Birnbaum may be called as a rebuttal witness on issues related to fingerprints.

Somer Mossa (Expert – Linguist)

Mr. Mossa is an interpreter of the Arabic language.

Andrew Tarasar (Fact Witness)

Mr. Tarasar served with the U.S. military in Iraq in 2007 and is alleged by the government to have participated in finding a cache on December 3, 2007, which has come to be known as the Amiriyah cache. He may testify about his observations and his participation in that alleged discovery.

    c)  Witnesses who are unlikely to be called at trial

Michael Disho (Expert – Interpreter)

Mr. Disho is not likely to be called at trial but if he is, his testimony will relate to his observations and assistance as an Arabic linguist with U.S. and Coalition Forces in the process of interrogating persons who had been detained.

*The Defendant reserves the right to call rebuttal witnesses as needed.

## L. EXPERTS

The parties have extensively briefed the experts which they intend to call at trial, including the final renewed notice by both parties. (Docs. 660 and 662).

## M.  LIST OF EXHIBITS

**1.**    The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

    //

- 21 -

**a.**　　Defendant's Exhibits:

　　　The United States generally objects to the exhibits the defendant proposes to offer into evidence at trial.  See Attachment A for specific objections to defense exhibits.

　　　　　**b.**　　Government's Exhibits:

　　　The Defendant generally objects to the exhibits the government proposes to offer into evidence at trial.   See Attachment B for specific objections to the government's exhibits.  In addition, the Court has not yet ruled on a number of defense motions relevant to the admissibility of certain exhibits or categories of exhibits.  The defense incorporates by reference all objections stated therein.

**N.  MOTIONS IN LIMINE & REQUESTED EVIDENTIARY RULINGS**

　　　The motions in limine filed in this case have been resolved or otherwise ruled moot by the Court.  The evidentiary rulings still remaining, are:

- Defense Response to Government Chain of Custody/Evidentiary Foundation (Doc. 664).
- Motion to Strike Foreign Deposition Testimony (Doc. 585).
- Objections to Email Evidence (Doc. 554).
- Objections to Deposition Testimony (Doc. 505, Attachments C and D, Doc. 666 and Doc.  668).
- Motion to Dismiss for Substantial Government Interference with a Defense Witness (Doc. 611).
- Certain Classified Motions (under seal).

**O.  PROBABLE LENGTH OF TRIAL**

　　　The United States anticipates that the government's case in chief at trial would last approximately three weeks, including jury selection and argument.  The defense anticipates that the defendant's case will last approximately one week.

**P.  TRIAL DATE**

　　　The trial is scheduled to commence on January 23, 2018.

//

**Q. OTHER FILINGS**

The proposed voir dire, jury instructions and form of verdict will be filed, per court order, on January 12, 2018.

**R. MISCELLANEOUS**

DEPOSITIONS TO BE OFFERED

The United States may use at trial depositions of the following witnesses: 1) the July 13, 2017, deposition of Jamal Abdul Khamees Al-Dhari; and 2) the July 20, 2017, deposition of Muhammad Husayn Ali-Ways Al-Zawbai. Defendant objects to any and all use of the depositions for reasons previously stated in still-pending motions and objections. Defendant further objects that the depositions are hearsay.

**S. MODIFICATION OF ORDER**

The Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon motion of the court, modify the Final Pretrial Order upon such conditions as the Court may deem just and proper.

**APPROVED AS TO FORM AND CONTENT:**


s/*David A. Pimsner*                *s/Jami Johnson*     

Attorney for Plaintiff             Attorney for Defendant



//

//

//

//

//

//

Based on the foregoing,

**IT IS ORDERED** that this Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the official Pretrial Order of this Court.

DATED this ___ day of January, 2018.

_____

Roslyn O. Silver
Senior United States District Judge

Respectfully submitted this 12th day of January, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ David Pimsner*
*s/ Melissa Karlen*
*s/ Bill Solomon*
DAVID A. PIMSNER
MELISSA KARLEN
BILL SOLOMON
Assistant U.S. Attorneys

Certificate of Service

I hereby certify that on this 12th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

Molly A. Karlin
Jon M Sands
Gregory Bartolomei
Jami Johnson
Counsel for Defendant Ahmed Alahmedalabdaloklah

s/ *Norma Hernandez*
U.S. Attorney's Office