# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01263-001-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

Defendant has requested subpoenas for Senator Lindsey Graham, Congressman Edward Royce, and Congresswoman Tulsi Gabbard. The subpoenas seek testimony and the production of documents. With the following reservations, the subpoenas will be signed.

In general, Federal Rule of Criminal Procedure 17(b) provides a defendant is entitled to issuance of a subpoena upon showing he is unable to pay the witness's fees and that the witness's presence is necessary for an adequate defense. Under this rule, district courts have "limited" discretion when determining if a subpoena should be signed. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980). In most circumstances, an indigent defendant is entitled to issuance of a subpoena upon showing the evidence he seeks "would be relevant to any issue in the case." *Id.* at 627. This does not mean, however, that a defendant has "an absolute right to subpoena witnesses at government expense." *Sims*, 637 F.2d at 629 (9th Cir. 1980). *Cf. United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) ("The burden of proving necessity is on the defendant."). Even

when a subpoena appears to be seeking relevant evidence, a court may refuse to sign the subpoena if doing so "would constitute an abuse of process." *Id.* Under this standard, it is "clearly appropriate" to not sign a subpoena if the subpoena represents "an oppressive and unreasonable use of the process of the court." *Id.*

Here, Defendant is indigent and he has made a minimal showing that the evidence he seeks would be relevant to his defense. Absent any other considerations, Defendant would be entitled to the subpoenas. But given who Defendant is attempting to subpoena and the information he seeks from those individuals, there are serious questions whether the subpoenas should be deemed "oppressive and unreasonable." *Id.* Given their positions and the information Defendant seeks, the subpoenaed individuals might have a variety of ways to attack the subpoenas. For example, they might be able to invoke the Constitution's Speech and Debate Clause. *See, e.g.*, *Gravel v. United States*, 408 U.S. 606, 615 (1972) (finding it "incontrovertible" that a senator was immune from "questioning elsewhere than in the Senate" regarding his legislative activities). Alternatively, they might be able to invoke the prohibition on subpoenaing high ranking government officials. *See, e.g.*, *In re U.S.*, 197 F.3d 310, 313 (8th Cir. 1999) ("Because [h]igh ranking government officials have greater duties and time constraints than other witnesses ... [they] should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."). These objections are not merely theoretical as Congressional members have made these arguments in other similar situations. *See, e.g.*, Memorandum of Points and Authorities in Support of Motion of 12 Members of the U.S. House of Representatives to Quash Subpoenas, *United States of America v. Wilkes*, CR-07-330-LAB (S.D. Cal. Sept. 25, 2007).

In light of the arguments that might be available to the individuals Defendant seeks to subpoena, the Court is hesitant to sign the subpoenas. The safer course, however, is to sign the subpoenas and allow the individuals to assert objections as appropriate. The individuals are best-equipped to make arguments against the subpoenas and the Court can await the individuals' responses before wading further into this issue.

*Cf. United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (in criminal case, government may "lack standing to challenge a subpoena issued to a third party").

Accordingly,

**IT IS ORDERED** the Court will sign the subpoenas Defendant seeks but when the subpoenas are served they must include a copy of this Order.

**IT IS FURTHER ORDERED** this Order shall not be sealed.

Dated this 6th day of February, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge