PATRICIA MACK BRYAN
Senate Legal Counsel
MORGAN J. FRANKEL
Deputy Senate Legal Counsel
GRANT R. VINIK
Assistant Senate Legal Counsel
THOMAS E. CABALLERO
Assistant Senate Legal Counsel
Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, DC 20510-7250
(202) 224-4435, (202) 224-3391 (fax)
Pat_Bryan@legal.senate.gov
Morgan_Frankel@legal.senate.gov
Grant_Vinik@legal.senate.gov
Thomas_Caballero@legal.senate.gov

Attorneys for Senator Lindsey Graham

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Ahmed Alahmedalabdaloklah,<br><br>                    Defendant. | No. CR-12-01263-PHX-ROS<br><br>**MOTION OF UNITED STATES SENATOR LINDSEY GRAHAM TO QUASH SUBPOENA** |

United States Senator Lindsey Graham, by and through undersigned counsel[1], hereby respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 17 for an order quashing the subpoena issued to him by Defendant.  The grounds for this motion are stated in the memorandum which follows.

---

[1]  Section 288*l*(b) of title 2 of the United States Code provides that undersigned counsel, who serve in the Office of Senate Legal Counsel, "shall be entitled, for the purpose of performing [their] functions under this chapter, to enter an appearance in any proceeding before any court of the United States or of a State or political subdivision thereof without compliance with any requirement for admission to practice before such court. . . . "  This appearance has been authorized pursuant to Senate Resolution 406, 115th Cong. (Feb. 14, 2018) [attached as Exhibit A], 164 Cong. Rec. S969, S1130 (daily ed. Feb. 14, 2018).

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO QUASH SUBPOENA**

**INTRODUCTORY STATEMENT**

Defendant Ahmed Alahmedalabdaloklah issued a subpoena *duces tecum* to Senator Lindsey Graham commanding him to appear on February 20, 2018, to testify at Defendant's trial and to produce four categories of documents.  The four categories seek "any and all documents": (1) reflecting communications between Senator Graham's office and Sheikh Jamal Khamees Al-Dhari, (2) regarding the "role played by Mr. Al-Dhari and/or the Peace Ambassadors for Iraq in the fight against ISIS and/or Al Qaeda, or the 'war on terror' more generally"; (3) regarding the connection between Al-Dhari and the "1920 Revolution Brigades"; and (4) "tending to show that Mr. Al-Dhari, the 1920 Revolution Brigades, and/or the Peace Ambassadors for Iraq is now cooperating with or assisting, or has ever at any time in the past cooperated with or assisted," the United States Government in its mission in Iraq.  Subpoena to Senator Lindsey Graham, Feb. 6, 2018 [attached as Exhibit B].  The sole basis for this subpoena appears to be a meeting that Senator Graham had with Al-Dhari in March 2017 in Washington, D.C., as part of his duties as a United States Senator.  The subpoena was served on February 13, 2018.

As the Court's February 6, 2018 Order accompanying the subpoena anticipated, Senator Graham asserts the following grounds for quashing Defendant's subpoena: (1) the subpoena is barred by the Speech or Debate Clause of the Constitution, which provides Senators with an absolute privilege against questioning about their legislative activities; and (2) the Defendant cannot show extraordinary circumstances sufficient to compel testimony and document production from a high-ranking government official.  In addition to these reasons for quashing the subpoena in its entirety, the subpoena's document requests should also be quashed for being beyond the permissible scope of Rule 17(c).

**ARGUMENT**

**I.    The Speech or Debate Clause of the Constitution protects Senator Graham from being compelled to testify or produce documents regarding matters within the legislative sphere.**

The Speech or Debate Clause provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place."  U.S. Const. art. I, § 6, cl. 1.  The Clause, which "is rooted in the separation-of-powers doctrine," *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 528 (9th Cir. 1983), ensures that the "legislative function the Constitution allocates to Congress may be performed independently," *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975), "without regard to the distractions of private civil litigation or the perils of criminal prosecution." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995).

In addition to immunizing Members of Congress from suit for matters arising from their legislative activities, the Speech or Debate Clause provides "a testimonial and non-disclosure privilege" that protects Members "from being compelled to answer questions about legislative activity or produce legislative materials."  *Howard v. Office of the Chief Administrative Officer of U.S. House of Representatives*, 720 F.3d 939, 946 (D.C. Cir. 2013).  Simply put, Members of Congress "'may not be made to answer – *either in terms of questions* or in terms of defending [themselves] from prosecution' regarding legislative acts."  *Miller*, 709 F.2d at 529 (quoting *Gravel v. United States*, 408 U.S. 606, 616 (1972)); *see also Brown & Williamson*, 62 F.3d at 421 ("A party is no more entitled to compel congressional testimony – or production of documents – than it is to sue" Members of Congress).  Accordingly, the Speech or Debate Clause provides Members with absolute immunity from subpoenas for testimony, *Eastland*, 421 U.S. at 509 n.16; *Miller*, 708 F.2d at 528-31 (Speech or Debate privilege applied to deposition subpoena), as well as for documents, *Brown & Williamson*, 62 F.3d at 420; *MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 857 (D.C. Cir. 1988); *United States v. Peoples Temple of the Disciples of Christ*, 515 F. Supp. 246, 248-49 (D.D.C. 1981).

Where the Speech or Debate Clause privilege is raised in defense to a subpoena, the only question to resolve is whether the matters about which testimony or documents are sought "fall within the 'sphere of legitimate legislative activity.'" *Eastland*, 421 U.S. at 501. "[O]nce it is determined that Members are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference." *Id.* at 503; *see Miller*, 709 F.2d at 529 ("Once the legislative-act test is met, the principle is absolute."). Legislative activity protected by the Clause encompasses "anything 'generally done in a session of the House by one of its members in relation to the business before it.'" *Doe v. McMillan*, 412 U.S. 306, 311 (1973) (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1881)). The Clause accordingly precludes absolutely any inquiry into "the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House," *Gravel*, 408 U.S. at 625, which includes deliberations and communications on all matters "on which legislation may be had," *Eastland*, 421 U.S. at 508, including the acquisition of information in support of potential legislative activity. Because "the guarantees of [the Speech or Debate] Clause are vitally important to our system of government," they "are entitled to be treated by the courts with the sensitivity that such important values require," *Helstoski v. Meanor*, 442 U.S. 500, 506 (1979), and so, "[w]ithout exception," the Supreme Court has "read the Speech or Debate Clause broadly to effectuate its purposes." *Eastland*, 421 U.S. at 501.

Defendant's subpoena seeks to compel both testimony from Senator Graham with regard to his meeting with Al-Dhari and "any and all documents" regarding communications between the Senator's office and Al-Dhari or regarding Al-Dhari's connection to the 1920 Revolution Brigades or the Peace Ambassadors of Iraq. These matters fall squarely within the protection of the Speech or Debate Clause. In fulfilling his responsibilities as a United States Senator, Senator Graham, like all Senators, gathers information and consults with numerous sources to inform him in carrying out his

legislative duties.  Senator Graham's meeting with Al-Dhari, and any information the Senator obtained during the meeting, as well as any materials that the Senator possesses pertaining thereto or regarding Al-Dhari and organizations in Iraq, are part of the Senator's legislative activities.  In particular, the Senator's responsibilities as a member of the Committee on Armed Services and as chairman of the Judiciary Committee's Subcommittee on Crime and Terrorism require him to keep informed on numerous matters regarding Iraq and issues of terrorism in the Middle East.  As the Supreme Court has recognized, "[a] legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change; and where the legislative body does not itself possess the requisite information – which not infrequently is true – recourse must be had to others who do possess it." *McGrain v. Daugherty*, 273 U.S. 135, 175 (1927).

Accordingly, because the subpoena attempts to compel testimony and document production regarding legislative matters, it is barred by the Speech or Debate Clause.  *See Miller*, 709 F.2d at 529-31; *United States v. Moussaoui*, No. 012-455-A, slip op. at 2-3 (E.D. Va., March 2, 2006), http://www.vaed.uscourts.gov/notablecases/moussaoui1/dktsheets/docs/71722/0.pdf (quashing subpoena to Member of Congress by defendant in 9/11 terrorism case, finding that Member's investigation of government program was legitimate legislative activity protected by Speech or Debate Clause); *see also MINPECO*, 844 F.2d at 858 (quashing on Speech or Debate Clause grounds subpoena seeking, *inter alia*, "all correspondence and communications" between individual and congressional subcommittee).  To permit a party to pry into the Senator's legislative activities would interfere with the Senator's independence in carrying out his constitutional responsibilities.  That is why, "[o]nce it is determined . . . that the [Member's] actions fall within the 'legitimate legislative sphere,' judicial inquiry is at an end.  Otherwise, Members of Congress conducting investigations would be forced to consider at every turn whether evidence received pursuant to the investigation would subsequently have to be produced in court.  This would 'imperil' the legislative independence protected by the

Clause." *Peoples Temple of the Disciples of Christ*, 515 F. Supp. at 249.  The Speech or Debate Clause bars such intrusion.

The Ninth Circuit's decision in *Miller* is directly applicable here.  *Miller* involved a deposition subpoena to a non-party former congressman seeking to compel testimony about his legislative activities, and the court held that the Speech or Debate Clause prevented enforcement of that subpoena.  As in *Miller*, Senator Graham is the recipient of a non-party subpoena seeking to compel testimony and documents regarding his efforts to obtain information in support of his legislative duties – activities which the court in *Miller* expressly found to be within the protections of the Clause.  *Miller*, 709 F.2d at 530 ("Obtaining information pertinent to potential legislation or investigation is one of the 'things generally done in a session of the House,' concerning matters within the 'legitimate legislative sphere.") (citations omitted).  This Court should follow *Miller* and quash the subpoena.

The Ninth Circuit's decision in *United States v. Renzi*, 651 F.3d 1012 (9th Cir. 2011), does not require a different conclusion.  Nothing in *Renzi* undermines the Clause's protection for Members of Congress from subpoenas where, as here, the subpoena seeks to compel testimony regarding the Senator's activities within the legitimate legislative sphere.  As the Supreme Court in *Gravel*, the Ninth Circuit in *Miller*, and the court itself in *Renzi* recognized, the Clause by its very text ("shall not be questioned") provides an absolute testimonial privilege to Members of Congress regarding their legislative activities and protects against the intrusion such matters create.  *Gravel*, 408 U.S. at 616 (explaining that, under protections of the Clause, "Senator Gravel may not be made to answer – either *in terms of questions* or in terms of defending himself from prosecution") (emphasis added); *Miller*, 709 F.2d at 529-31 (Clause protects Member of Congress from compelled deposition); *Renzi*, 651 F.3d at 1035 n.27 ("The [Supreme] Court has identified three distinct privileges in the Clause: a testimonial privilege, an evidentiary privilege, and a privilege against liability.").

Furthermore, *Renzi* involved circumstances wholly distinct from this matter. In that case, the court declined to dismiss on Speech or Debate Clause grounds the indictment of a United States Representative who faced corruption charges, including extortion and wire fraud, finding that the Clause's protections did not extend to circumstances where the defendant congressman's legislative activities were alleged to "constitute a crime." 651 F.3d at 1025-26. As the court in *Renzi* explained, such "illegal investigatory or preparatory acts" are not protected by the Clause. *Id.* at 1026 n.12.

Here, Senator Graham's legislative activity that is the subject of the subpoena was not criminal or in any way legally inappropriate. Additionally, unlike in *Renzi*, where the defendant in the proceeding was asserting Speech or Debate privilege to shield his alleged illegal activity from prosecution, Senator Graham is not a party to these proceedings nor is his conduct the subject of any of the allegations in the indictment. *Miller*, not *Renzi*, applies here and requires quashing Defendant's subpoena as barred by the Speech or Debate Clause.[2]

**II.    The Defendant cannot show extraordinary circumstances sufficient to compel testimony and document production from a high-ranking government official.**

Beyond the absolute immunity provided to Members of Congress by the Speech or Debate Clause, it is well-established that "[h]igh ranking government officials have greater duties and time constraints than other witnesses," and thus "should not, *absent extraordinary circumstances*, be called to testify regarding their reasons for taking official actions.'" *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (per curiam) (emphasis added) (citation omitted) (ordering district court to quash subpoena to

_____

[2] The Ninth Circuit panel's decision in *Renzi* could not and did not overrule *Miller*. *See Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003) (absent intervening, on-point Supreme Court precedent, "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel"). Obviously *Renzi* could not and did not overrule *Gravel*, which, as this Court's Feb. 6, 2018 Order served with the subpoena recognized, "found it 'incontrovertible' that a senator was immune from 'questioning elsewhere than in the Senate' regarding his legislative activities." Feb. 6, 2018 Order at 2 (Exhibit B).

FDA Commissioner for testimony in criminal case); *Coleman v. Schwarzenegger*, No. CIV S-90-520 LKK JFM P, 2008 WL 4300437, at \*2 (E.D. Cal. Sept. 15, 2008) (three-judge district court panel) ("The settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions."); *see also Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (citing cases). "This rule is based on the notion that '[h]igh ranking government officials have greater duties and time constraints than other witnesses' and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan*, 489 F.3d at 423 (quoting *In re United States (Kessler)*, 985 F.2d at 512).

Members of the United States Senate, no less than officials of the other branches and state officers, are undoubtedly high-ranking governmental officials. *See, e.g.*, *Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440-41 (S.D.N.Y. 2014) (quashing deposition subpoena to former House Majority Leader as high-ranking government official); *McNamee v. Massachusetts*, No. 12-40050-FDS, 2012 WL 1665873, at \*1-\*2 (D. Mass. May 10, 2012) (quashing subpoenas to United States Representative and his chief of staff for lack of "extraordinary circumstances" justifying testimonial subpoena to high-ranking government official); *Springfield Terminal Railway Co. v. United Transp. Union*, No. 89–0073, 1989 WL 225031, at \*2 (D.D.C. May 18, 1989) (refusing to compel Member of Congress to submit to deposition because discovery would "disrupt [his] work as the ranking Minority Member of the House Appropriations Committee"); *Jarbo v. County of Orange*, No. SACV 05-00202-JVS, 2010 WL 3584440, \*2 (C.D. Cal. Aug. 30, 2010) (finding Orange County Sheriff to be "high-ranking government official"). Senators, thus, may not be compelled to testify absent a showing of exceptional circumstances.

Defendant has made no showing of extraordinary circumstances that would warrant compelling the testimony of Senator Graham. "The extraordinary circumstances test may be met when high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not

- 8 -

available through any other sources[.]'" *Coleman*, 2008 WL 4300437, at *2 (quoting *Bogan*, 489 F.3d at 423). Defendant fails to demonstrate that the Senator has relevant, first-hand knowledge regarding the allegations in the criminal charges against the Defendant. *See In re United States (Bernanke)*, 542 F. App'x 944, 948 (Fed. Cir. 2013) ("In deciding whether [party seeking deposition has met its burden to prove extraordinary circumstances], courts have held that the government official must have personal involvement or first-hand knowledge of the underlying dispute."); *Trunk v. City of San Diego*, No. 06-CV-1597-BTM, 2007 WL 1110715, at *3 (S.D. Cal. April 2, 2007) ("Federal courts recognize the general rule that high-ranking government executives are not normally subject to deposition, especially where they have no personal knowledge essential to the case at issue.").

Senator Graham has no first-hand knowledge of the facts alleged in the indictment. The only connection that Defendant can point to is that Senator Graham met once with Al-Dhari, a witness in this case who is alleged to be affiliated with an organization with which defendant is alleged to have been associated. Senator Graham met with Al-Dhari in March 2017, almost *seven years* after the allegations underlying the indictment took place. Defendant has not shown that Senator Graham has any first-hand knowledge of Al-Dhari's or Defendant's actions or relationship to the identified groups. It is unclear what testimony Senator Graham could provide that could possibly be relevant to the charges in the indictment or which could not be much better provided by a witness with first-hand knowledge of the facts alleged therein. *See Bogan*, 489 F.3d at 423 (stating that testimony of high ranking officials "permitted only where it is shown that other persons cannot provide the necessary information").

Accordingly, Defendant can demonstrate no extraordinary circumstances that support compelling Senator Graham to testify at trial and produce documents in this case.[3]

---

[3] Senator Graham is currently scheduled to be out of the country on official Senate business as part of a congressional delegation from February 16 through February 25.

(continued...)

**III.    The subpoena's request for documents should be quashed because it is beyond the permissible scope of Rule 17(c).**

In addition to the first two bases for quashing the subpoena in its entirety, the subpoena's request for documents is beyond the permissible scope for subpoenas under Federal Rule of Criminal Procedure 17(c).  Rule 17(c) is not a "discovery device," but rather a mechanism for the production of specific evidentiary materials for use at trial.  25 Moore's Federal Practice § 617.08[2] (Matthew Bender 3[d] ed.); *see also United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) ("Rule 17(c) was not intended as a discovery device").  Accordingly, as the Supreme Court has explained, to be valid, a Rule 17(c) subpoena must meet a test of relevancy, admissibility, and specificity, *see United States v. Nixon*, 418 U.S. 683, 699-700 (1974), that is, the materials sought by the subpoena must be relevant to the charges, admissible in evidence, and requested with specificity.  *See Reed*, 726 F.2d at 577.  Subpoenas that request a broad range of documents or an "entire file" "are evidence of an impermissible fishing expedition."  *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002); *see also Reed*, 726 F.2d at 577  ("Rule 17(c) was not intended . . .  to 'allow a blind fishing expedition seeking unknown evidence.'") (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

The subpoena fails to satisfy the requirements of relevancy, admissibility, or specificity.  As stated, the Senator does not have any first-hand knowledge of the matters

---

[3/](...continued)

The Senate is scheduled to be in session from February 26 until its next state work period beginning on March 26.  Thus, requiring Senator Graham to travel to Arizona to testify at the trial would impose a burden on his official Senate duties.  *See* Senate Rule VI.2 ("No Senator shall absent himself from the service of the Senate without leave.").

In addition, under Senate Rule XI, no evidence under the control or in the possession of the Senate, either testimony or records, may be taken from such control or possession for use in judicial or administrative proceedings but by permission of the Senate, which has not been granted in this case.  To the contrary, the Senate has adopted a resolution authorizing undersigned counsel to move to quash the subpoena to Senator Graham in this matter.  164 Cong. Rec. S969 (daily ed. Feb. 14, 2018) (S. Res. 406 and accompanying statement of Sen. McConnell).

- 10 -

alleged in the indictment, and there is no showing that documents from his office would be relevant to the charges against Defendant. Further, the subpoena lacks any specificity, as it broadly requests, *inter alia*, "any and all documents in your possession concerning the role played by Mr. Al-Dhari and/or the Peace Ambassadors for Iraq in the fight against ISIS and/or Al Qaeda, or the 'war on terror' more generally." Exhibit B. The subpoena's requests neither identify any specific, known documents nor articulate any specific evidence needed by Defendant. As such, the subpoena's requests for documents are outside Rule 17(c)'s permissible scope. "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013); *see United States v. Venecia*, No. 96–449–FR, 1997 WL 325328, at *3 (D. Ore. May 16, 1997) (quashing subpoenas to district attorney and state police seeking "complete file" of case against individual, finding that subpoenas lacked specificity required under Rule 17(c)).

Accordingly, in addition to the reasons stated in parts I and II above for quashing the subpoena in its entirety, the subpoena's request for documents should be quashed as beyond the scope of Rule 17(c).

## CONCLUSION

For the foregoing reasons, the subpoena to Senator Graham should be quashed.

Respectfully submitted,

*s/ Patricia Mack Bryan*
PATRICIA MACK BRYAN
Senate Legal Counsel

MORGAN J. FRANKEL
Deputy Senate Legal Counsel

GRANT R. VINIK
Assistant Senate Legal Counsel

THOMAS E. CABALLERO
Assistant Senate Legal Counsel

Dated: February 16, 2018          Attorneys for Senator Lindsey Graham

- 11 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, I electronically transmitted the foregoing Motion of United States Senator Lindsey Graham to Quash Subpoena, along with a proposed order, to the Clerk of Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jon M. Sands
Gregory A. Barolomei
Molly Karlin
Jami Johnson
Shishene Jing
Federal Public Defender's Office

Attorneys for Defendant


David Pimsner
Melissa Karlen
Joseph N. Kaster
William C. Solomon
Assistant U.S. Attorneys

Attorneys for the United States of America


                    *s/ Patricia Mack Bryan*
                    PATRICIA MACK BRYAN