# EXHIBIT B

MOTION OF UNITED STATES SENATOR
LINDSEY GRAHAM TO QUASH SUBPOENA

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Ahmed Alahmedalabdaloklah,<br><br>Defendant. | FILED ___ LODGED<br>___ RECEIVED ___ COPY<br><br>FEB 07 2018<br><br>CLERK U S DISTRICT COURT<br>DISTRICT OF ARIZONA<br>BY_____ DEPUTY | No. CR-12-01263-PHX-ROS<br><br>AFFIDAVIT OF INDIGENT DEFENDANT and APPLICATION FOR WITNESSES<br><br>[Rule 17(b) Fed. R. Crim. P.] |

Gregory A. Bartolomei, affiant/attorney for the defendant being sworn states that the following named persons are witnesses for the defendant. The defendant is not possessed of sufficient means and is financially unable to pay the fees of said witnesses and the costs of summoning them. The witnesses are necessary to an adequate defense in this case.

| Name of Witness | Address of Witness |
|---|---|
| Senator Lindsey Graham<br>Senator from South Carolina | 290 Russell Senate Office Building<br>Washington, DC 20510<br>(202) 224-4987 |

WHEREFORE affiant prays for the entry of an order that said witnesses be subpoenaed and paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the Government. Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 29, 2018

_____
Gregory A. Bartolomei, Attorney for Defendant - Affiant

SUBSCRIBED AND SWORN TO before me this 29th day of January, 2018.

_____
Notary Public

---

# ORDER

IT IS ORDERED that the foregoing application is granted, and that the witness named therein be subpoenaed on behalf of the Defendant. The costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the government. (Rule 17(b), FRCrP, 28 U.S.C. § 1825(a))  IT IS FURTHER ORDERED that this affidavit and application and order be SEALED and not opened except by Order of the Court.

DATED: 2/7, 2018

_____
UNITED STATES DISTRICT JUDGE

cc: 2 cert copies to AFPD in Courtroom 2/7/18 RW

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court

DISTRICT OF ―――――

United States of America,

                    Plaintiff.

v.

Ahmed Alahmedalbdaloklah,

                    Defendant.

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER:
CR-12-01263-PHX-ROS

TO: Senator Lindsey Graham
Senator from South Carolina
290 Russell Senate Office Building
Washington, DC 20510

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| Hon. Roslyn O. Silver<br>United States District Court<br>401 West Washington<br>Phoenix, Arizona 85003-2118 | 604 |
| | DATE AND TIME |
| | February 20, 2018 at 9:00 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

(1) Any and all documents in your possession reflecting communications between you or members of your staff and Sheikh Jamal Khamees Al-Dhari ("Mr. Al-Dhari") (aka Jamal Abdul Wahhab Khamees).

(2) Any and all documents in your possession concerning the role played by Mr. Al-Dhari and/or the Peace Ambassadors for Iraq in the fight against ISIS and/or Al Qaeda, or the "war on terror" more generally.

(3) Any and all documents in your possession regarding the connection between Mr. Al-Dhari and an organization known as the "1920 Revolution Brigades."

(4) Any and all documents in your possession tending to show that Mr. Al-Dhari, the 1920 Revolution Brigades, and/or the Peace Ambassadors for Iraq is now cooperating with or assisting, or has ever at any time in the past cooperated with or assisted, any branch or agency of the United States government, including but not limited to United States military, regarding the mission of the United States in Iraq.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>**BRIAN D. KARTH, Clerk** | DATE |
|---|---|
| (BY) DEPUTY CLERK<br>*[signature]* | February 6, 2018 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

Gregory Bartolomei, Assistant Federal Public Defender, 850 W. Adams Street, Suite 201, Phoenix, Arizona 85007
Telephone: 602-382-2700 or 1-800-758-7053

AO 89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

# PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| RECEIVED BY SERVER | | | |
| SERVED | DATE | PLACE | |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES   ☐ NO   AMOUNT $ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         Date                    Signature of Server

                                 Address of Server

ADDITIONAL INFORMATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01263-001-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ahmed Alahmedalabdaloklah, | |
| Defendant. | |

Defendant has requested subpoenas for Senator Lindsey Graham, Congressman Edward Royce, and Congresswoman Tulsi Gabbard. The subpoenas seek testimony and the production of documents. With the following reservations, the subpoenas will be signed.

In general, Federal Rule of Criminal Procedure 17(b) provides a defendant is entitled to issuance of a subpoena upon showing he is unable to pay the witness's fees and that the witness's presence is necessary for an adequate defense. Under this rule, district courts have "limited" discretion when determining if a subpoena should be signed. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980). In most circumstances, an indigent defendant is entitled to issuance of a subpoena upon showing the evidence he seeks "would be relevant to any issue in the case." *Id.* at 627. This does not mean, however, that a defendant has "an absolute right to subpoena witnesses at government expense." *Sims*, 637 F.2d at 629 (9th Cir. 1980). *Cf. United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) ("The burden of proving necessity is on the defendant."). Even

when a subpoena appears to be seeking relevant evidence, a court may refuse to sign the subpoena if doing so "would constitute an abuse of process." *Id.* Under this standard, it is "clearly appropriate" to not sign a subpoena if the subpoena represents "an oppressive and unreasonable use of the process of the court." *Id.*

Here, Defendant is indigent and he has made a minimal showing that the evidence he seeks would be relevant to his defense. Absent any other considerations, Defendant would be entitled to the subpoenas. But given who Defendant is attempting to subpoena and the information he seeks from those individuals, there are serious questions whether the subpoenas should be deemed "oppressive and unreasonable." *Id.* Given their positions and the information Defendant seeks, the subpoenaed individuals might have a variety of ways to attack the subpoenas. For example, they might be able to invoke the Constitution's Speech and Debate Clause. *See, e.g., Gravel v. United States*, 408 U.S. 606, 615 (1972) (finding it "incontrovertible" that a senator was immune from "questioning elsewhere than in the Senate" regarding his legislative activities). Alternatively, they might be able to invoke the prohibition on subpoenaing high ranking government officials. *See, e.g., In re U.S.*, 197 F.3d 310, 313 (8th Cir. 1999) ("Because [h]igh ranking government officials have greater duties and time constraints than other witnesses ... [they] should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."). These objections are not merely theoretical as Congressional members have made these arguments in other similar situations. *See, e.g.*, Memorandum of Points and Authorities in Support of Motion of 12 Members of the U.S. House of Representatives to Quash Subpoenas, *United States of America v. Wilkes*, CR-07-330-LAB (S.D. Cal. Sept. 25, 2007).

In light of the arguments that might be available to the individuals Defendant seeks to subpoena, the Court is hesitant to sign the subpoenas. The safer course, however, is to sign the subpoenas and allow the individuals to assert objections as appropriate. The individuals are best-equipped to make arguments against the subpoenas and the Court can await the individuals' responses before wading further into this issue.

- 2 -

*Cf. United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (in criminal case, government may "lack standing to challenge a subpoena issued to a third party").

Accordingly,

**IT IS ORDERED** the Court will sign the subpoenas Defendant seeks but when the subpoenas are served they must include a copy of this Order.

**IT IS FURTHER ORDERED** this Order shall not be sealed.

Dated this 6th day of February, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge