JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

GREGORY A. BARTOLOMEI, Bar No. 011803
JAMI JOHNSON, NY Bar No. 4823373
MOLLY A. KARLIN, Bar No. 032902
Assistant Federal Public Defenders
gregory_bartolomei@fd.org
jami_johnson@fd.org
molly_karlin@fd.org
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01263-PHX-ROS |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Ahmed Alahmedalabdaloklah, | **(Oral Argument Requested)** |
| Defendant. | |

Defendant Ahmed Alahmedalabdaloklah, by and through undersigned counsel, respectfully requests that at the sentencing hearing, this Court recommend the he be designated to serve his sentence at the United States Penitentiary at Lompoc, California. There are several reasons for this request.

#1.   Designation will allow the Defendant to assist with his appeal.

Based solely on the current calculations in the draft of the PSR as written, all of which we have objected to, the Defendant anticipates that he will be sentenced to serve a period of time in prison. Mr. Alahmedalabdaloklah intends to file an appeal.

As this Court knows, throughout the long history of this case, Mr. Alahmedalabdaloklah has remained active in his review of the non-classified discovery materials provided to the defense (ie. not subject to the CIPA restrictions). He has also actively reviewed all of the discovery materials subject to a Protective Order issued by this Court and he has abided by the confidentiality conditions regarding those protected materials. The Defendant intends to continue his review of *all* of the available materials and the trial transcripts to assist appellate counsel with the processing of his appeal.

*Rule 38(b)(2), Federal Rules of Criminal Procedure*, states that if a defendant is not released pending his appeal, "…the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal."  Since the Defendant will be appealing to the 9th Circuit Court of Appeals in California, it makes sense to request and for this Court to recommend that the Defendant be designated by the Bureau of Prisons to a facility within the District so that he may pursue and assist with his appeal. In addition, after consideration of the various facilities operated by the Bureau of Prisons, we urge that the Federal Penitentiary in Lompoc is in Southern California is a suitable facility.

#2.     There is ample legal authority for this request.

The United States Department of Justice, Federal Bureau of Prisons, has established policy (or program) statements found in P5100.08 addressing the many functions and responsibilities of the Bureau of Prisons. In many ways, they are a "how to" guide for BOP administration and staff. There is a Program Statement written in 2006 entitled "Inmate Security Designation and Custody Classification" which elaborates on what occurs during the designation process.

In P5100.08, *Chapter 3*, entitled "Security Designation Procedures For New Commitments", section 1(g), it states in part as follows:

> "In accordance with Rule 38(b) of the Federal Rules of Criminal Procedure, when the court of conviction recommends that the inmate be retained in a place of confinement which will allow the inmate to participate in the preparation of the appeal, the Bureau will make every effort to place the inmate in such a facility…".

Next, at P5100.08, Chapter 4, entitled "Security Designation Data", at section 2, BOP staff are further advised of the following:

> "RECOMMENDED FACILITY. The Court may recommend a specific institution or geographical region for a newly committed inmate."

The section then goes on instructing the staff on how to input inmate data.

Finally, solely for purposes of underscoring how significant a Court's recommendation can be in the context of placing inmates, the policy makes clear that even in the context of *transferring an inmate from one facility to another*, there is again considerable deference and recognition given to a recommendation from a District Court Judge. In P5100.08, Chapter 7, entitled "Inmate Transfer", section 17(b), advises BOP staff as follows:

> "The court of conviction may recommend to the Attorney General or the Bureau that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the court of appeals, for the period reasonably necessary to permit the defendant to assist in the preparation of his or her appeal."

Thus, there is ample legal basis for requesting this recommendation and for this Court to grant it.

3

#3.     The Defendant is low risk and has remained law abiding during his detention.

Throughout <u>all</u> of the <u>years</u> that he has been detained first at the Bureau of Prisons facility in Phoenix and then at the privately owned detention facility, Central Arizona Florence Correctional Complex, in Florence, Arizona, the Defendant has avoided controversy and problems. He is not a gang member, he does not sport tattoos, he is not a substance abuse user, he communicates with a very limited number of people, and at best there may be 1 write up that did not result in any kind of disciplinary action. He spends his days reviewing the evidence and the many filings in his case.

The United States Penitentiary in Lompoc is neither a camp nor a low level security facility. It is a medium security facility. The Defendant asks for a recommendation to Lompoc so that he can continue to remain active in reviewing his case materials specifically because he wishes to participate in the preparation of his appeal. Given the complexity and extended nature of this case, his participation with the processing of his appeal will be necessary. Thus, recommending that the Defendant be placed at USP-Lompoc will facilitate that goal while ensuring an appropriate level of security.

<u>Conclusion</u>:

We respectfully urge the Court to grant this request and to make this recommendation to the Bureau of Prisons.

In addition, to avoid confusion and ensure compliance with the internal rules and procedures of the Bureau of Prisons, the Defendant requests that the recommendation for placement at the Penitentiary at Lompoc be written in the Judgment <u>and</u> in the Statement of Reasons clearing stating that placement is to enable the Defendant to participate in the preparation of his appeal.

Accordingly, for all of the reasons stated herein, we respectfully urge this Court to grant the relief requested herein.

Respectfully submitted:     August 27, 2018.

JON M. SANDS
Federal Public Defender

*s/Gregory A. Bartolomei*
GREGORY A. BARTOLOMEI
Asst. Federal Public Defender

## CERTIFICATE OF SERVICE

I certify that on August 27, 2018, I caused the foregoing document to be filed with the Clerk of Court for the United States District Court for the District of Arizona using the CM/ECF system. I further certify that all case participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/Gregory A. Bartolomei*
GREGORY A. BARTOLOMEI
Assistant Federal Public Defender